**CASE NO. CIV-16-384-F**

---

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA**

---

**JEFFREY SNYDER, D.O., an**

**individual Plaintiff,**

**v.**

**BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL &
MECHANICAL COLLEGES,** *ex rel*.**, OKLAHOMA STATE
UNIVERSITY  CENTER FOR HEALTH SCIENCES,** *et al.,*

**Defendant.**

---

**DEFENDANT BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL
& MECHANICAL COLLEGES' MOTION TO DISMISS AND BRIEF IN
SUPPORT**

---

Stephen R. Stephens, OBA #10479
Board of Regents for the Oklahoma
Agricultural and Mechanical Colleges
5th Floor, Student Union Building
Oklahoma State University
Stillwater, OK 74078-7044
(405) 744-6494/Fax: (405) 744-7998
steve.stephens@okstate.edu

ATTORNEY FOR DEFENDANT
Board of Regents for the Oklahoma Agricultural
& Mechanical Colleges, ex rel., Oklahoma State
University Center for Health Sciences

July 14, 2016

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................................i

**TABLE OF AUTHORITIES** ..........................................................................................iii

**BOARD OF REGENTS FOR THE
OKLAHOMA AGRICULTURAL &
MECHANICAL COLLEGES, ex rel.,
OKLAHOMA STATE UNIVERSITY
CENTER FOR HEALTH SCIENCES'
MOTION TO DISMISS**……...…………………….......................................................1

**BRIEF IN SUPPORT** ....................................................................................................2

**STANDARD OF REVIEW** ............................................................................................2

**BACKGROUND MATERIAL NOT INCLUDED IN THE AMENDED
COMPLAINT** ................................................................................................................2

**"FACTS" ALLEGED IN THE AMENDED COMPLAINT**…………………….....3

**PROPOSITION I:**

      **THE BOARD OF REGENTS AND OSU-CHS HAVE ELEVENTH
      AMENDMENT IMMUNITY**……………………………………………………5

**PROPOSITION II:**

      **PLAINTIFF'S AMENDED COMPLAINT FAILS
      TO STATE A CLAIM FOR VIOLATION
      OF TITLE VII** .......................................................................................... 13

      **A.**    **PLAINTIFF HAS FAILED TO STATE A
               CLAIM FOR DISCRIMINATION UNDER
               TITLE VII.** ............................................................................. 13

      **B.**    **PLAINTIFF HAS FAILED TO STATE A
               CLAIM FOR RETALIATION UNDER
               TITLE VII.** ............................................................................. 15

**CONCLUSION** .......................................................................................................... 16

**CERTIFICATE OF SERVICE** ................................................................................... 17

# TABLE OF AUTHORITIES

## CASES

*Alden v. Maine,*
    527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999)....................................................6

*Alires v. Amoco Prod. Co.,*
    774 F.2d 409 (10th Cir. 1985). ...........................................................................14

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S.Ct. 1937 (2009). ................................................................2

*Bell At. Corp. v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955 (2007)…... . . . . . . . . . . . . . . . . . . . . . . . . . . . ... . . . . . 2, 14

*Board of Trustees of the Univ. of Alabama v. Garrett,*
    531 U.S. 356 (2001)...........................................................................................7

*Brockman v. Wyoming Dep't of Family Serv.,*
    342 F.3d 1159 (10th Cir. 2003). ...........................................................................9

*Cisneros v. Colorado,*
    2005 WL 1719755 (D.Colo.7/22/2005). ............................................................8

*Coleman v. Court of Appeals of Maryland,*
    132 S.Ct. 1327, 182 L.Ed.2d 296 (2009). ..........................................................9

*Collazo–Rosado v. Univ. of Puerto Rico,*
    775 F.Supp.2d 376 (D.P.R.2011). ......................................................................8

*Demshki v. Monteith,*
    255 F.3d 986 (9th Cir. 2001)...............................................................................7

*Edelman v. Jordan,*
    415 U.S. 651 (1974).............................................................................................5

*Ellis v. Univ. of Kansas Med. Ctr.,*
    163 F.3d 1186 (10th Cir. 1998). .......................................................................12

*Emmons v. City Univ. of New York,*
  715 F.Supp.2d 394 (E.D.N.Y.2010). ................................................................ 8

*Fitzpatrick v. Bitzer*,
  427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976)........................................ 6

*Harris v. Champion,*
  51 F.3d 901 (10th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ... 12

*Hoeffner v. Univ. of Minn.,*
  948 F. Supp. 1380 (D. Minn. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .… 10

*Humphrey v. Kansas Dep't of Wildlife, Parks & Tourism,*
  2013 WL 4857889 (10th Cir. 2013).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .…. 9

*Johnson v. New York State Dep't of Corr. Serv. and Cmty. Supervision,*
  2012 WL 4033485 (W.D.N.Y.9/12/12)............................................................... 7

*Kay v. Bemis*,
  500 F.3d 1214 (10th Cir. 2007). ....................................................................... 2

*Kimel v. Florida Bd. of Regents,*
  528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). ...................................... 6

*McCollum v. Owensboro Comm. & Technical Coll.,*
  2010 WL 5393852 (W.D.Ky.12/22/2010)............................................................ 8

*Metzler v. Fed. Home Loan Bank of Topeka*,
  464 F.3d 1164 (10th Cir. 2006). .................................................................... 10

*Nevada Dep't of Human Res. v. Hibbs*,
  538 U.S. 721 (2003)........................................................................................ 6

*Padilla v. New York State Dep't of Labor,*
  2010 WL 3835182 (S.D.N.Y.9/13/2010). ......................................................... 8

*Papasan v. Allain,*
  478 U.S. 265 (1986)........................................................................................ 12

iv

*Pennhurst State Sch. & Hosp. v. Halderman,*
465 U.S. 89 (1984)............................................................................................. 12

*Peterson v. Utah Dep't. of Corr.,*
301 F.3d 1182 (10th. Cir. 2002). ...................................................................... 16

*Petition of Univ. Hosp. Auth.,*
953 P.2d 314, 1997 OK 162 (1997)……………………………………………2

*Pettigrew v. Oklahoma, ex rel. Dep't of Public Safety,*
722 F.2d 1209 (10th Cir. 2013)……………………………………………6, 13

*Piercy v. Maketa,*
480 F.3d 1192 (10th Cir. 2007). ...................................................................... 14

*Pinkerton v. Colorado Dep't of Transp.,*
563 F.3d 1052 (10th Cir. 2005). ...................................................................... 15

*Radici v. Associated Ins. Co.,*
217 F.3d 737 (9th Cir. 2000)……………………………………………..10

*Raygor v. Regents of the Univ. of Minn.,*
534 U.S. 533, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002)........................... 6, 13

*Romero v. City and County of Denver Dep't of Social Serv.,*
57 Fed. Appx. 835 (10th Cir. 2003)..................................................................7

*Seminole Tribe of Florida v. Florida,*
517 U.S. 44, 116 S.Ct. 1114, (1996)............................................................. 11

*Steadfast Ins. Co. v. Agricultural Ins. Co.,*
507 F.3d 1250 (10th Cir. 2007). ........................................................................5

*Umholtz v. Kansas, Dep't of Social and Rehab. Serv.,*
926 F.Supp.2d 1222 (D. Kan. 2013).................................................................8

*Unified Sch. Dist. No. 480 v. Epperson,*
583 F. 2d 1118 (10th Cir. 1978). ......................................................................7

v

*Warren v. Goord,*
  2006 WL 1582385 (W.D.N.Y.5/26/2006). .......................................................................... 8

*Will v. Michigan Dep't of State Police,*
  491 U.S. 58, 109 S.Ct. 2304 (1989)................................................................................... 12

*Williams v. Rice*,
  983 F.2d 177 (10th. Cir. 1993). ....................................................................................... 16

## STATUTES

51 O.S. § 152.1………………………………..………………………………………………..12, 13

70 O.S. § 3423. ......................................................................................................................... 11

28 U.S.C. § 1367…………………………………………………………………….. 6, 13

29 U.S.C. § 2601. ....................................................................................................................... 8

29 U.S.C. § 2612…………………………………………………………………….. 8, 9, 10

29 U.S.C. § 2615…………………………………………………………………………8, 9, 10

42 U.S.C. § 12101. ..................................................................................................................... 6

42 U.S.C. § 1983………………………………………………………………………… 11, 12

42 U.S.C. § 1985………………………………………………………………………… 11, 12

42 U.S.C. § 1985(3)..................................................................................................................... 5

42 U.S.C. § 300bb. ................................................................................................................... 10

## RULES

Fed. R. Civ. P. 12(b)(6). ................................................................................................... 1, 2

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY SNYDER, D.O., <br> an individual, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF REGENTS FOR THE <br> OKLAHOMA AGRICULTURAL & <br> MECHANICAL COLLEGES, *ex rel.*, <br> OKLAHOMA STATE UNIVERSITY <br> CENTER FOR HEALTH SCIENCES, <br> *et al.* <br><br> Defendants. | ) <br> ) <br> ) <br> )   Case No. CIV-16-384-F <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL
## AND MECHANICAL COLLEGES, *ex rel.*, OKLAHOMA STATE
## UNIVERSITY CENTER FOR HEALTH SCIENCES'
## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant, the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges, ex rel., Oklahoma State University Center for Health Sciences ("Defendant"), respectfully submits this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based on this Defendant's Eleventh Amendment immunity and Plaintiff's failure to establish valid claims against this Defendant.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's claims against this Defendant for the reasons discussed herein, and grant any other relief that the Court finds to be just and equitable.

1

## BRIEF IN SUPPORT

## STANDARD OF REVIEW

A complaint should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) where "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotations omitted). Further, the factual allegations "must be enough to raise a right to relief above a speculative level." *Id., quoting Bell At. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Factual allegations are required to provide notice of the nature of the claims being made as well as the grounds upon which the claims rest. *Bell,* 550 U.S. at 555. Mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citations and internal quotations omitted).

## BACKGROUND MATERIAL NOT INCLUDED
## IN THE AMENDED COMPLAINT

The following "background" information is not set forth in the Amended Complaint. However, it is set forth herein as an aid to the Court, and to Plaintiff and his counsel, to understand the often times confusing relationships[1] between the parties.

---

[1] The structure of these relationships was intentionally patterned after the relationships for the University of Oklahoma Medical School and the University Hospital, located in Oklahoma City, because the legitimacy and legality of those relationships were expressly approved by the Oklahoma Supreme Court.  See *Petition of Univ. Hosp. Auth.*, 953 P.2d 314, 1997 OK 162 (1997).

- Oklahoma State University Medical Authority ("OSUMA") is a state agency that owns the real property and related assets associated with the hospital.  OSUMA has a governing board but no actual employees.

- Oklahoma State University Medical Trust ("OSUMT") is a state beneficiary public trust.  Its governing board is identical to OSUMA's governing board.

- OSUMA leases the hospital to OSUMT for OSUMT to operate the hospital.  OSUMT has, in turn, subcontracted with Mercy Health Oklahoma Communities, Inc. ("Mercy") for certain executive management functions and for Mercy to oversee the day-to-day operations of the hospital.

- OSUMA is not the employer of any employees working at the hospital.  Instead, employees are employed by either Mercy or OSUMT, depending on whether they are executive management or not.

- Oklahoma State University Medical Center ("OSUMC") is a trade name that is commonly used to refer to the hospital.  However, OSUMC is not a recognized legal entity.

- In most instances, employees of the "hospital" or "OSUMC" are, in actuality, employees of OSUMT.

- Plaintiff's Resident/Fellow Staff Agreement was entered into with OSUMC, which was referred to in that Agreement as the "hospital."  As set forth above, OSUMT is the legal entity that was his actual employer.

- Oklahoma State University Center for Health Sciences ("OSU-CHS") is the name of the medical school located in Tulsa, Oklahoma, from which Plaintiff graduated.

- OSU-CHS is one of the colleges and universities governed by the Board of Regents for the Oklahoma Agricultural & Mechanical Colleges ("Board of Regents").

## "FACTS" ALLEGED IN THE AMENDED COMPLAINT

The following factual allegations are set forth in Plaintiff's Amended Complaint.

By referring to these allegations hereinafter, Defendant does <u>NOT</u> confirm or deny any of

these allegations.  In fact, many of the allegations are incorrect or so incomplete as to be misleading.  However, Defendant recognizes that for the purpose of ruling on a Motion to Dismiss, the Court must assume they are true.  However, even given that assumption, Defendant is entitled to the requested relief.

Plaintiff was a first year resident in the OSU Family Medicine Residency Program at OSUMC. [Doc. No. 6 at ¶ 23]. On April 18, 2014, Plaintiff was put on a three-month academic probation beginning May 1, 2014, allegedly for events which had occurred a month prior to the issuance of the probation.[2] *Id.* at ¶¶ 37-38. As a part of probation, Plaintiff was required to undergo a medical examination. *Id.* at ¶ 47. Plaintiff was declared not "fit for duty," and Plaintiff was placed on a three-month paid leave of absence wherein Plaintiff was required to attend counseling. *Id.* at ¶¶ 63-64. Plaintiff was also placed on leave from his employed position as a resident physician.  Plaintiff attended counseling. *Id.* at ¶ 79. Plaintiff alleges he was told that he could resume the Residency Program upon receipt of a written statement from a clinical psychologist that he was fit for duty, if Plaintiff waived any complaints or appeals he may have and if he agreed to a one-month academic probation. *Id.* at ¶ 80. Ultimately, Plaintiff was dismissed from the Residency Program for abandoning his position. *Id.* at ¶ 87. Plaintiff now brings suit against multiple parties, including Defendant. *Id.* at ¶ 4.

---

[2] The basis for his probation was, in reality, a pattern of events which occurred over a longer period of time.

In Paragraph 4 of his Complaint, Plaintiff admits that the Board of Regents is a state entity and OSU-CHS is operated by and through the Board. In Paragraph 17, Plaintiff alleges that OSUMA acted in concert with OSU-CHS and the OSUMC and that any mention of OSU-CHS and/or OSUMC is meant to include all Defendants listed by Plaintiff in Paragraph 17. Thus, Defendant assumes that all claims made against OSUMA or OSUMC include claims against OSU-CHS. Those claims include the following:

| | | |
|---|---|---|
| Count 1. | Unlawful Discrimination in violation of the federal Rehabilitation Act; | |
| Count 2. | Violation of the Americans with Disabilities Act; | |
| Count 3. | Violations of the Family and Medical Leave Act; | |
| Count 4. | Title VII sex discrimination; | |
| Count 5. | Title VII retaliation; | |
| Count 6. | Violation of COBRA; | |
| Count 13. | Breach of Contract; | |
| Count 15. | Conspiracy under 42 U.S.C. § 1985(3); | |
| Count 17. | Intentional infliction of emotional distress; | |
| Count 19. | Negligent Supervision; and | |
| Count 21. | Wrongful denial of personal health information. | |

Defendant asserts that it has Eleventh Amendment immunity from all but Counts 1, 4 and 5 of Plaintiff's Amended Complaint, and all other Counts should be dismissed against this Defendant based on Defendant's immunity. Additionally, Counts 4 and 5 should be dismissed due to Plaintiff's failure to establish valid claims against this Defendant.

**PROPOSITION I:**          **THE BOARD OF REGENTS AND OSU-CHS HAVE ELEVENTH AMENDMENT IMMUNITY**

The Eleventh Amendment protects states, or arms of the state, from being sued in federal court by citizens of its own state or citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662 (1974); *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250 (10th Cir. 2007). A foundational premise of the federal system is that States, as sovereigns, are

immune from suits for damages, unless they elect to waive that defense. See *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). As an exception to this principle, Congress may abrogate the States' immunity from suit pursuant to its powers under § 5 of the Fourteenth Amendment. See, e.g., *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). However, Congress must "mak[e] its intention to abrogate unmistakably clear in the language of the statute." *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003).

In cases, such as the case at bar, wherein there may be causes of action which are not barred by Eleventh Amendment immunity, supplemental jurisdiction does not save the remaining causes of action. Supplemental jurisdiction under 28 U.S.C. § 1367 does not override the Eleventh Amendment's bar on suing a state in federal court. *Raygor v. Regents of the Univ. of Minn.,* 534 U.S. 533, 541, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002) ("[Section] 1367(a) [does not] authorize district courts to exercise jurisdiction over claims against nonconsenting States."); *Pettigrew v. Oklahoma, ex rel. Dep't of Public Safety*, 722 F.2d 1209, 1213 (10th Cir. 2013). Thus, even though Plaintiff's claims under Title VII and the Rehabilitation Act might avoid the Eleventh Amendment bar, the remaining claims must be dismissed against this Defendant.

COUNT 2 - VIOLATION OF THE ADA: In his Amended Complaint, Plaintiff alleges that he was terminated from his position as a resident physician in violation of the Americans with Disabilities Act ("ADA"), 42 USC § 12101, *et seq.* Plaintiff alleges that he was the victim of a hostile work environment [Doc. No. 6 at ¶ 110]; that he was removed

from his duties and his benefits and pay were terminated [*Id.* at ¶ 111]; that conditions were severe and pervasive as to alter the terms, conditions and privileges of employment [*Id.* at ¶ 115] and that he was subjected to a fitness for duty examination [*Id.* at ¶ 116]. Plaintiff also complains that he engaged in protected opposition to the disability discrimination and that he was discriminated against for this opposition [*Id.* at ¶ 116]. Defendant has Eleventh Amendment immunity from these claims.

As it pertains to Title I of the ADA, Congress has not specifically and validly abrogated the sovereign immunity of the States. *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001). And under clearly established Supreme Court precedent, sovereign immunity prohibits Plaintiff from seeking and obtaining any economic or monetary relief pursuant to any Title I ADA claim. *Id.* In *Garrett*, the United States Supreme Court unequivocally held that States enjoy Eleventh Amendment immunity against suits for monetary damages brought by state employees for violation of the ADA. 531 U.S. at 360. This protection extends to entities considered arms of the State. *Unified Sch. Dist. No. 480 v. Epperson*, 583 F. 2d 1118, 1121 (10th Cir. 1978). See *Romero v. City and County of Denver Dep't of Social Serv.*, 57 Fed. Appx. 835, 837 (10th Cir. 2003).

The State has Eleventh Amendment immunity from the ADA retaliation claims as well. The same Eleventh Amendment immunity analysis that applies in Title I to the ADA (See infra.) applies to Title V retaliation claims, particularly when the alleged retaliation is tied to a Title I claim. See *Demshki v. Monteith*, 255 F.3d 986, 988-89 (9th Cir. 2001); *Johnson v. New York State Dep't of Corr. Serv. and Cmty. Supervision*, 2012 WL 4033485

*3 (W.D.N.Y.9/12/12); *Collazo-Rosado v. Univ. of Puerto Rico*, 775 F.Supp.2d 376, 384-85 (D.P.R.2011); *Emmons v. City Univ. of New York*, 715 F.Supp.2d 394, 408 (E.D.N.Y.2010); *McCollum v. Owensboro Comm. & Technical Coll.*, 2010 WL 5393852 *3 (W.D.Ky.12/22/2010); *Padilla v. New York State Dept. of Labor*, 2010 WL 3835182 *4-5 (S.D.N.Y.9/13/2010); *Warren v. Goord*, 2006 WL 1582385 *17 (W.D.N.Y.5/26/2006); *Cisneros v. Colorado*, 2005 WL 1719755 *6 (D.Colo.7/22/2005); *Umholtz v. Kansas, Dep't of Social and Rehab. Serv.*, 926 F.Supp.2d 1222, 1227-28 (D. Kan. 2013).

Therefore, based on Defendant's Eleventh Amendment immunity, Plaintiff's claim for violation of the ADA should be dismissed.

**COUNT 3 - VIOLATION OF FMLA**: In his Amended Complaint, Plaintiff alleges that Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. [Doc. 6 at p. 34]. Plaintiff alleges that he had been employed for at least twelve (12) months, that Defendant interfered with Plaintiff's FMLA rights and denied him his forced exercise of rights under § 2615(a)(1) and (a)(2) of the FMLA [*Id.* at ¶ 126], that Defendant did not permit Plaintiff to return to work after he was deemed fit for duty [*Id.* at ¶ 127], that Defendant failed to notify Plaintiff of his rights under FMLA [*Id.* at ¶ 129(a)] and that Defendant terminated Plaintiff [*Id.* at ¶ 129(c)]. All of Plaintiff's claims under the FMLA relate to his right to take leave for his own medical reasons and not a right to take leave to care for others.

The FMLA authorizes qualified employees to take leave from their jobs in certain circumstances. Three of the four categories of eligibility relate to the care of family members: birth and care of a child, see 29 U.S.C. § 2612(a)(1)(A), adoption or foster care of a child, see § 2612(a)(1)(B), and care for a spouse, child, or parent who has a serious health condition, see § 2612(a)(1)(C). The final category is not directly related to the care of family members, allowing leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." § 2612(a)(1)(D).

Congress did not validly abrogate the States' Eleventh Amendment immunity in instances where an employee sues a state agency over his rights to exercise FMLA leave for his own personal health condition (self-care). *Coleman v. Court of Appeals of Maryland,* 132 S.Ct. 1327, 182 L.Ed.2d 296 (2009); *Brockman v. Wyoming Dep't of Family Serv.*, 342 F.3d 1159, 1165 (10th Cir. 2003). Thus, absent consent, which Defendant has not given, this Court must dismiss Plaintiff's claims under the FMLA.

The fact that Plaintiff is suing for retaliation under § 2615 of FMLA does not change the immunity analysis. Any claims that can be asserted by Plaintiff arise because of his assertion of self-care rights.  This was addressed in *Humphrey v. Kansas Dep't of Wildlife, Parks & Tourism*, 2013 WL 4857889 (10th Cir. 2013), wherein the Court stated:

> The Court finds the distinctions between Humphrey's claim and that of the plaintiff in Coleman inconsequential to the issue of Eleventh Amendment immunity. Interference with an employee's right to take FMLA leave and retaliation against an employee for requesting FMLA leave are both prohibited under § 2615(a). Humphrey is correct that these two types of claims are distinguishable: interference claims arise from §

2615(a)(1) and retaliation claims arise from § 2615(a)(2). Additionally, retaliation claims are subject to the McDonnell-Douglas burden-shifting framework and interference claims are not. See *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006). But these differences do not distinguish the claims in any meaningful way under Eleventh Amendment immunity analysis. Whether a plaintiff claims interference or retaliation, the claim necessarily stems from an employer preventing its employee from exercising his or her entitlement to FMLA leave as part of their job. The justifications for FMLA are set forth in § 2612. Therefore, any claim brought against an employer for a violation of the FMLA's leave entitlements must be based on a subsection of § 2612.

Therefore, Plaintiff's FMLA claims are barred by Defendant's Eleventh Amendment immunity and this Court must dismiss Plaintiff's claims against this Defendant.

**COUNT 6 - VIOLATION OF COBRA**: In Count 6 of his Amended Complaint, Plaintiff alleges a violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA") and seeks damages against Defendant for this violation. [Doc. No. 6 at p. 42]. Assuming, *arguendo*, that COBRA even permits damages to a private party, this Defendant has Eleventh Amendment immunity from Plaintiff's claims.

COBRA amended the Public Health Services Act ("PHSA") to provide continuation insurance coverage protection similar to that provided by ERISA. 42 U.S.C. § 300bb-1 to - 6; *Radici v. Associated Ins. Co.*, 217 F.3d 737, 740 (9th Cir. 2000). Even assuming that the COBRA cause of action includes a claim arising under the PHSA, the claim still fails as a matter of law on sovereign immunity grounds. *Hoeffner v. Univ. of Minn.*, 948 F. Supp. 1380, 1395 (D. Minn. 1996) (holding that claim under the PHSA was barred by the

Eleventh Amendment). COBRA, through the PHSA, was enacted pursuant to Congress' Authority in Article 1 of the Constitution, as such, Congress was without the authority to abrogate the States' Eleventh Amendment immunity. *Id*.; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 63, 116 S.Ct. 1114, 1127-28, (1996). Therefore, Plaintiff's COBRA claims are barred by Defendant's Eleventh Amendment immunity and this Court must dismiss Plaintiff's claims against this Defendant.

**COUNT 15 - CONSPIRACY UNDER 42 U.S.C. § 1985**: In Count 15 of Plaintiff's Amended Complaint, Plaintiff accuses Defendant of conspiring under 42 U.S.C. § 1985 to deprive Plaintiff of his Constitutional rights. [Doc. No. 6 at p. 63]. Plaintiff alleges that Defendant conspired to deprive Plaintiff of his equal protections under the law and/or his privileges and immunities [*Id*. at ¶ 276] and that this conspiracy was motivated by discriminatory animus [*Id*. at ¶ 278]. This Defendant has Eleventh Amendment immunity from these claims.

In order for Plaintiff to invoke the jurisdiction of this Court under 42 U.S.C. §§ 1983 or 1985, he must sue a "person" as contemplated by the statute. As discussed below, Plaintiff, in suing OSU-CHS, has not done this. Instead, Plaintiff has sued an arm of the State. The State is not a person and is granted Eleventh Amendment immunity from this suit.

OSU-CHS is supervised, managed and controlled by the Board of Regents. 70 O.S. § 3423. Plaintiff admits that the Board of Regents is an entity of the State of Oklahoma. [Doc. No. 6 at ¶ 4]. The State, or an entity of the State, cannot be sued in federal court for

violations of 42 U.S.C. §§ 1983 or 1985. "Neither the State, nor a governmental entity that is the arm of the State for Eleventh Amendment purposes, nor a State official who acts in his official capacity is a person within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901 (10th Cir. 1995); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312 (1989). Generally, a state and its agencies are entitled to immunity under the Eleventh Amendment for actions brought in federal courts, whether the action seeks damages or equitable relief. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Suits under § 1985 have been specifically found to be barred by the Eleventh Amendment. *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998).

Because the State is not a "person" as contemplated in 42 U.S.C. § 1983 or § 1985 and because the State has not waived its immunity (See: 51 O.S. § 152.1), the State retains its Eleventh Amendment immunity from suit and this Court must dismiss the claims against this Defendant.

**COUNTS 13, 17, 19 AND 21**: In Counts 13, 17, 19 and 21 of the Amended Complaint, Plaintiff sets forth several state law claims against Defendants including breach of contract, intentional infliction of emotional distress, tortious interference with contract, negligent supervision, breach of professional duty and wrongful denial of personal health information. [Doc. No. 6 at pp. 59, 67, 70 and 74]. Plaintiff, ostensibly, is seeking for this Court to exercise supplemental jurisdiction over these state law claims. Nonetheless,

Defendant has Eleventh Amendment immunity from being sued on these claims in federal court.

The supplemental jurisdiction statute, 28 U.S.C. § 1367, does not override the Eleventh Amendment bar of suing a State in federal court. *Pettigrew v. Oklahoma, ex rel. Dep't of Public Safety*, 722 F.3d 1209, 1213 (10th Cir. 2013), citing: *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002) ("[Section] 1367(a) [does not] authorize district courts to exercise jurisdiction over claims against nonconsenting States."). Defendant has not waived its Eleventh Amendment immunity, and, in fact, has specifically preserved it. 51 O.S. § 152.1. Plaintiff can show no statute in which Congress abrogated the State's immunity in regards to these counts. Thus, the State retains its sovereign immunity from the State law claims being heard in federal court. This Court must dismiss those claims.

**PROPOSITION II:       PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF TITLE VII**

In Counts 4 and 5 of his Amended Complaint, Plaintiff alleges Defendant violated Title VII by committing sex discrimination and retaliation, respectively. [Doc. 6 at pp. 38, 40]. In both instances, Plaintiff has failed to establish valid claims.

**A.     PLAINTIFF HAS FAILED TO STATE A CLAIM FOR DISCRIMINATION UNDER TITLE VII.**

To bring a *prima facie* case of Title VII discrimination, a plaintiff must prove (1) he belongs to a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position at issue; and (4) this dismissal occurred under circumstances

which give rise to an inference of unlawful discrimination. *Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007). Plaintiff claims he was discriminated against due to his gender. He bases this allegation on the fact that he was dismissed from the Residency Program after being placed on probation. However, Plaintiff does not give any indication of action taken by OSU-CHS which could be construed as discrimination based on gender.

Plaintiff has failed to state a connection between his dismissal from the Program and his protected status. For a complaint of discrimination, a plaintiff must base his/her allegation on more than "surmise and conjuncture." *Alires v. Amoco Prod. Co.*, 774 F.2d 409, 411 (10th Cir. 1985). A plaintiff must plead enough facts to raise a plausible inference that the alleged disparate treatment was a product of discriminatory intent. *See Twombly, supra*. Here, Plaintiff has failed to allege any actions on the part of OSU-CHS that would lead to discrimination, or that Plaintiff was discriminated against due to his gender.

Plaintiff's Amended Complaint asserts that he was put on probation due to events that allegedly occurred over a three-day period[3] while Plaintiff was in the Residency Program at OSU. Yet, Plaintiff does not claim this was a result of his gender. [Doc. No. 6 at ¶ 39]. After assessment by a psychologist, Plaintiff was declared "not fit for duty", but the Amended Complaint does not allege this was due to Plaintiff's gender. *Id.* at ¶ 64. Plaintiff was then placed on a three-month paid leave of absence wherein he was to undergo counseling as a result of his "not fit for duty" status. *Id.* Again, Plaintiff does not allege

---

[3] The actual events leading up to his probation occurred over the preceding months.

any action on the part of OSU-CHS that would give rise to discrimination. Therefore, Plaintiff's claims for sex discrimination should be dismissed.

### B.  PLAINTIFF HAS FAILED TO STATE A CLAIM FOR RETALIATION UNDER TITLE VII.

A retaliation claim requires that (1) Plaintiff engaged in activity protected under Title VII; (2) Plaintiff suffered an adverse employment action; and (3) there is some causal nexus between the protected activity and the adverse action. See *Pinkerton v. Colorado Dep't of Transp.*, 563 F.3d 1052, 1064 (10th Cir. 2005). Even assuming, solely for the purposes of this Motion, that Plaintiff has sufficiently pled facts to establish the first two elements of a retaliation claim, Plaintiff has unquestionably failed to do so in regard to the third element. In support of his claim, Plaintiff asserts he made his first internal complaint on July 22, 2014, alleging sex discrimination. [*Id.* at ¶ 73]. This occurred after he was placed on probation (April 18, 2014) and paid leave (July 3, 2014). [*Id.* at ¶¶ 37, 63]. Plaintiff submitted a second complaint on September 5, 2014. [*Id.* at ¶ 78]. Both of Plaintiff's complaints were made *subsequent* to the alleged adverse action, thereby rendering it impossible for the alleged action to have been made in retaliation to the complaints. Based solely on the timing of the events, the existence of any causal nexus between the protected activity and adverse action cannot be established. Therefore, Plaintiff's claim of retaliation should be dismissed.

Additionally, Plaintiff does not allege to whom these complaints were made, or whether OSU-CHS had any knowledge of these complaints. A plaintiff "must show that the individual who took adverse action against him knew of the employee's protected

activity." *Williams v. Rice*, 983 F.2d 177, 181 (10th. Cir. 1993). An employer "cannot engage in unlawful retaliation if it does not know the employee has opposed or is opposing a violation of Title VII." *Peterson v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188-89 (10th. Cir. 2002). Plaintiff makes no allegations that OSU-CHS knew of Plaintiff's internal complaints. Without this, Defendant cannot be liable, and Plaintiff's claims for retaliation should be dismissed.

## CONCLUSION

Defendant is afforded Eleventh Amendment immunity for Counts 2, 3, 6, 15, and 17-21. In addition, Plaintiff has not alleged facts sufficient to establish his claims of sex discrimination and retaliation, which are alleged in Counts 4 and 5. Therefore, Defendant respectfully requests this Court to dismiss these claims against this Defendant.

Respectfully submitted,

/s/  Stephen R. Stephens
Stephen R. Stephens
Board of Regents for the Oklahoma
Agricultural and Mechanical Colleges
5th Floor, Student Union Bldg.
Oklahoma State University
Stillwater, OK 74078-7044
steve.stephens@okstate.edu
ATTORNEY FOR DEFENDANT
BOARD OF REGENTS FOR THE
OKLAHOMA AGRICULTURAL &
MECHANICAL COLLEGES, EX REL.,
OKLAHOMA STATE UNIVERSITY
CENTER FOR HEALTH SCIENCES

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2016 I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Filing to the following ECF registrants:

Mark E. Hammons
Amber L. Hurst
Hammons Gowens Hurst & Associates
325 Dean A. McGee Ave.
Oklahoma City, OK 73102
**ATTORNEYS FOR PLAINTIFF**

M. Daniel Weitman
Lauren J. Ray
Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
**ATTORNEYS FOR OKLAHOMA STATE UNIVERSITY MEDICAL AUTHORITY**

W. Kirk Turner
Rachel B. Crawford
Jacob S. Crawford
Newton O'Connor Turner & Ketchum
15 West Sixth Street, Ste. 2700
Tulsa, OK 74119
**ATTORNEYS FOR COMMUNITY CARE, JESSICA HEAVIN, STEVE STEWART**

James K. Secrest
Edward J. Main
Secrest Hill Butler & Secrest
7134 S. Yale Ave., Ste. 900
Tulsa, OK 74136
**ATTORNEYS FOR LESLIE BARNES, Ph.D.**

Michael F. Lauderdale
Nathan L. Whatley
Philip R. Bruce
McAfee & Taft
10th Floor, 211 North Robinson
Oklahoma City, Oklahoma 73102
**ATTORNEYS FOR DEFENDANTS OKLAHOMA STATE UNIVERSITY MEDICAL CENTER, DEBORAH NOTTINGHAM, SUNNY BENJAMIN, MERCY HEALTH OKLAHOMA COMMUNITIES, INC., MERCY HEALTH, OKLAHOMA STATE UNIVERSITY MEDICAL TRUST AND OSUMC PROFESSIONAL SERVICES, LLC**

Adam Childers
Allen Hutson
Crowe & Dunlevy
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102-8273
**ATTORNEYS FOR DEFENDANTS LORA COTTON, D.O., AND JENNY ALEXOPULOS, D.O.**

/s/  Stephen R. Stephens

17