**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JEFFREY SNYDER, D.O., an individual, | ) ) ) |
| Plaintiff, | ) ) ) Case No. CIV-16-384-F |
| v. | ) ) |
| BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL & MECHANICAL COLLEGES, *ex rel.*, OKLAHOMA STATE UNIVERSITY CENTER FOR HEALTH SCIENCES, *et al.* | ) ) ) ) ) ) ) |
| Defendants. | ) |

**OKLAHOMA STATE UNIVERSITY MEDICAL AUTHORITY'S**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant, Oklahoma State University Medical Authority ("OSUMA"), respectfully moves to dismiss Plaintiff's Second Amended Complaint [Doc No. 82] pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons that this Defendant has Eleventh Amendment immunity from Plaintiff's claims and because Plaintiff has failed to plead facts to demonstrate that this Defendant is liable to the Plaintiff.

WHEREFORE, for the reasons stated above as further amplified below, Defendant, OSUMA, respectfully requests that this Honorable Court dismiss Plaintiff's Second Amended Complaint against it and grant any other relief that the Court finds to be just and equitable.

**BRIEF IN SUPPORT**

**STANDARD OF REVIEW**

A complaint should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) where "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotations omitted). Further, the factual allegations "must be enough to raise a right to relief above a speculative level." *Id. quoting Bell At. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Factual allegations are required to provide notice of the nature of the claims being made as well as the grounds upon which the claim rests. *Bell,* 550 U.S. at 555. Mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citations and internal quotations omitted).

**BACKGROUND**

Plaintiff was a first year resident in the OSU Family Medicine Residency Program at OSU Medical Center. [Doc. 82 at ¶19]. Around April 22, 2014, Plaintiff was placed on a three-month academic probation beginning May 1, 2014, allegedly for reasons including Plaintiff's level of skills such as "judgement" and "maturity." *Id.* at ¶¶25-26. As a part of probation, Plaintiff was required to undergo a medical examination. *Id.* at ¶26. Plaintiff's supervising doctor, Dr. Cotton, declared that Plaintiff was not "fit for duty," and Plaintiff was placed on a three-month paid leave of absence wherein Plaintiff was required to attend

counseling. *Id.* at ¶45. Plaintiff attended counseling. Plaintiff was told that he could resume the Residency Program upon receipt of a written statement from a clinical psychologist that he was fit for duty, if Plaintiff waived any complaints or appeals he may have and if he agreed to a one-month Academic probation. *Id.* at ¶60. Ultimately, Plaintiff was dismissed from the Residency Program for abandoning his position. *Id.* at ¶67. Plaintiff now brings suit against multiple Defendants, including Oklahoma State University Medical Authority, a state agency which owns the property and other assets used by Oklahoma State University Medical Trust and Oklahoma State University Medical Center, and provides funding for the graduate medical program. *Id.* at ¶6.

Plaintiff has sued 11 separate defendants for 10 theories of recovery, included among the Defendants is Oklahoma State University Medical Authority, a state agency, which is mentioned exactly twice in the Second Amended Complaint and is never mentioned in the factual recitations nor in the theories of recovery raised by Plaintiff. Though this is the third time Plaintiff has amended his Complaint, Plaintiff still fails to allege any facts by OSUMA that would lead to any violation alleged by Plaintiff. Thus, it is nearly impossible to determine which claims, if any, are actually stated against OSUMA. Plaintiff alleges that OSUMA violated the Rehab Act (Count 1), the ADA (Count 2), Title VII (Count 3), and Breach of Contract (Count VII).

OSUMA asserts that it has Eleventh Amendment immunity from all but Counts 1 and 3 of Plaintiff's Second Amended Complaint, and all other counts should be dismissed against

counseling. *Id.* at ¶45. Plaintiff attended counseling. Plaintiff was told that he could resume the Residency Program upon receipt of a written statement from a clinical psychologist that he was fit for duty, if Plaintiff waived any complaints or appeals he may have and if he agreed to a one-month Academic probation. *Id.* at ¶60. Ultimately, Plaintiff was dismissed from the Residency Program for abandoning his position. *Id.* at ¶67. Plaintiff now brings suit against multiple Defendants, including Oklahoma State University Medical Authority, a state agency which owns the property and other assets used by Oklahoma State University Medical Trust and Oklahoma State University Medical Center, and provides funding for the graduate medical program. *Id.* at ¶6.

Plaintiff has sued 11 separate defendants for 10 theories of recovery, included among the Defendants is Oklahoma State University Medical Authority, a state agency, which is mentioned exactly twice in the Second Amended Complaint and is never mentioned in the factual recitations nor in the theories of recovery raised by Plaintiff. Though this is the third time Plaintiff has amended his Complaint, Plaintiff still fails to allege any facts by OSUMA that would lead to any violation alleged by Plaintiff. Thus, it is nearly impossible to determine which claims, if any, are actually stated against OSUMA. Plaintiff alleges that OSUMA violated the Rehab Act (Count 1), the ADA (Count 2), Title VII (Count 3), and Breach of Contract (Count VII).

OSUMA asserts that it has Eleventh Amendment immunity from all but Counts 1 and 3 of Plaintiff's Second Amended Complaint, and all other counts should be dismissed against

this Defendant. On the remaining counts, Defendant asserts that the Second Amended Complaint has not stated a claim against it.

### PROPOSITION I: OSUMA HAS ELEVENTH AMENDMENT IMMUNITY

The Eleventh Amendment protects states, or arms of the state, from being sued in federal court by citizens of its own state or citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662 (1974); *Steadfast Insurance Co. v. Agricultural Insurance Co.*, 507 F.3d 1250 (10th Cir. 2007). A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense. See *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72–73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). As an exception to this principle, Congress may abrogate the States' immunity from suit pursuant to its powers under § 5 of the Fourteenth Amendment. See, e.g., *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). However, Congress must "mak[e] its intention to abrogate unmistakably clear in the language of the statute." *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 726 (2003).

In cases, such as the case at bar, wherein there may be causes of action which are not barred by Eleventh Amendment immunity, supplemental jurisdiction does not save the remaining causes of action. Supplemental jurisdiction under § 1367 does not override the Eleventh Amendment's bar on suing a state in federal court. *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002) ("[Section] 1367(a) [does

not] authorize district courts to exercise jurisdiction over claims against nonconsenting States."); *Pettigrew v. Oklahoma, ex rel. Department of Public Safety*, 722 F.2d 1209, 1213 (10th Cir. 2013). Thus, even though Plaintiff's claims under Title VII and the Rehabilitation Act **might** avoid the Eleventh Amendment bar, the remaining claims must be dismissed.

  COUNT 2 - VIOLATION OF THE ADA: In his Second Amended Complaint, Plaintiff alleges that he was terminated from his position as a resident physician in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq*. Plaintiff alleges that he was discriminated on the basis of a perceived disability, as Dr. Cotton made comments and engaged in conduct indicating that she perceived Plaintiff of having a mental disability. [Doc. No. 82, Paragraph 25]. Because of this, Plaintiff alleges he was not allowed to return to the residency program. [Doc. No. 82, Paragraph 64]. The Defendant has Eleventh Amendment immunity from these claims.

  As it pertains to Title I of the ADA (Dealing with Disabilities of Employment), Congress has not specifically and validly abrogated the sovereign immunity of the States. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001). Under clearly established Supreme Court precedent, sovereign immunity prohibits Plaintiff from seeking and obtaining any economic or monetary relief pursuant to any Title I ADA claim. *Id*. In *Garrett*, the United States Supreme Court unequivocally held that States enjoy Eleventh Amendment immunity against suits for monetary damages brought by state employees for violation of the ADA. 531 U.S. at 360. This protection extends to entities

considered arms of the State. *Unified Sch. Dist. No. 480 v. Epperson*, 583 F. 2d 1118, 1121 (10th Cir. 1978). See *Romero v. City and County of Denver Dept. of Social Services*, 57 Fed. Appx. 835, 837 (10th Cir. 2003).

As well, the State has Eleventh Amendment immunity from the ADA retaliation claims. The same Eleventh Amendment immunity analysis that applies in Title I to the ADA (See *infra.*) applies to Title IV retaliation claims, particularly when the alleged retaliation is tied to a Title I claim. See *Demshki v. Monteith*, 255 F.3d 986, 988–89 (9th Cir.2001); *Johnson v. New York State Dept. of Correctional Services and Community Supervision*, 2012 WL 4033485 *3 (W.D.N.Y.9/12/12); *Collazo–Rosado v. University of Puerto Rico*, 775 F.Supp.2d 376, 384–85 (D.P.R.2011); *Emmons v. City Univ. of New York*, 715 F.Supp.2d 394, 408 (E.D.N.Y.2010); *McCollum v. Owensboro Comm. & Technical College*, 2010 WL 5393852 *3 (W.D.Ky.12/22/2010); *Padilla v. New York State Dept. of Labor*, 2010 WL 3835182 *4–5 (S.D.N.Y.9/13/2010); *Warren v. Goord*, 2006 WL 1582385 *17 (W.D.N.Y.5/26/2006); *Cisneros v. Colorado*, 2005 WL 1719755 *6 (D.Colo.7/22/2005); *Umholtz v. Kansas, Dept. of Social and Rehabilitation Services*, 926 F.Supp.2d 1222, 1227-28 (D. Kan. 2013).

**COUNTS 7: BREACH OF CONTRACT.** In Count 7 of the Second Amended Complaint, Plaintiff sets forth a state law claim of breach of contract. Plaintiff, ostensibly, is seeking for this Court to exercise it supplemental jurisdiction over these state law claims.

Nonetheless, Defendant, OSUMA, has Eleventh Amendment immunity from being sued on these claims in federal court.

The supplemental jurisdiction statute, 28 U.S.C. § 1367, does not override the Eleventh Amendment bar of suing a State in federal court. *Pettigrew v. Oklahoma, ex rel. Department of Public Safety*, 722 F.3d 1209, 1213 (10th Cir. 2013), citing: *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002) ("[Section] 1367(a) [does not] authorize district courts to exercise jurisdiction over claims against nonconsenting States."). Defendant has not waived its Eleventh Amendment immunity, and, in fact, has specifically preserved it. 51 O.S. § 152.1. Plaintiff can show no statute in which Congress abrogated the State's immunity in regard to these counts. Thus, OSUMA retains its sovereign immunity from the State law claims being heard in federal court. This Court must dismiss those claims.

In addition, the contract relied on by Plaintiff in his Complaint was specifically between "Oklahoma State University Medical Center" and the Plaintiff. OSUMA was not a party to the contract, nor is there any allegation that OSUMA had privity of contract with Plaintiff. Without this, OSUMA cannot be liable for breach of contract to Plaintiff. *Hartsfield v. Farmers Ins. Co., Inc.*, No. CIV 10 585 C, 2011 WL 2680840, at *2 (W.D. Okla. July 8, 2011).

**PROPOSITION II:   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE REHABILITATION ACT**

In Count I, Plaintiff alleges unlawful discrimination under the Federal Rehabilitation Act. Under the Rehabilitation Act, 29 U.S.C. §701, a plaintiff must prove that he or she (1)

is a handicapped individual under the Rehabilitation Act, (2) is otherwise qualified for the benefit, program or activity; (3) was excluded from the program solely by reason of his/her handicap; and (4) the program or activity receives federal financial assistance. *McGeshick v. Principi,* 357 F.3d 1146, 1150 (10th. Cir. 2004); *See also Roe v. Housing Authority of City of Boulder*, 909 F.Supp 814, 820 (D. Colo. 1995), *Strathie v. Department of Transp.*, 716 F.2d 227, 230 (3rd. Cir. 1983).

      Plaintiff has amended his Complaint numerous times, and still fails to specify an action or inaction on the part of OSUMA that would lead to a violation of the Rehab Act. Here, Plaintiff relies on its claim that OSUMA owned the property and other assets used by the Trust and Center, and that OSUMA provides some funding to the graduate program. However, as Plaintiff alleges no other facts to show how OSUMA violated the Rehab Act, it is impossible for OSUMA to ascertain what particular acts it is alleged to have committed. See *Robbins*, 519 F.3d at 1250; *see also Atuanhene v. City of Hartford*, 10 Fed Appx. 33, 34 (2d Cir. May 31, 2001). Without alleging any violations committed by OSUMA, OSUMA cannot properly defend itself in this lawsuit

      Plaintiff's Second Amended Complaint contains no actions on part of OSUMA that caused him to be excluded from any program based solely on any alleged handicap. In order to have liability under the Rehabilitation Act, a defendant must have knowledge of a disability or handicap (or the appearance of a handicap), which may be acquired directly, by observation, or from a third party. *See Schmidt v. Safeway, Inc.*, 864 F.Supp 991, 997 (D.

Ore. 1994). Plaintiff alleges that OSU-CHS and OSUMC perceived Plaintiff as being an individual with a disability under the Rehabilitation Act. However, Plaintiff makes no allegations that OSUMA knew of any alleged disability of Plaintiff, or that any third party informed OSUMA of a disability, or that OSUMA observed Plaintiff's perceived disability directly. OSUMA is not alleged to be an employer of any individual defendants (Plaintiff's Complaint specifically states that Dr. Cotton was an employee of Oklahoma State University Medical Center), or of the Plaintiff (the Complaint makes clear that Plaintiff was an employee of OSU Medical Trust). Knowledge of Plaintiff's status cannot merely be imputed to OSUMA through the other defendants.

**PROPOSITION III:  PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF TITLE VII**

In Count 3, Plaintiff alleges retaliation under Title VII. Again, Plaintiff relies on its claim that OSUMA owned the property used by the Trust and Center and provided funding as evidence of retaliation. As stated above, it is impossible for OSUMA to determine what acts it is alleged to have committed as Plaintiff does not distinguish what actions are attributable to OSUMA, or even state that OSUMA committed any acts. *Robbins*, *supra*. OSUMA is therefore unable to defend itself against Plaintiff's allegations of violation of Title VII.

A retaliation claim requires that (1) Plaintiff engaged in activity protected under Title VII; (2) Plaintiff suffered an adverse employment action; and (3) there is some causal nexus between the protected activity and the adverse action. See *Pinkerton v. Colorado Dep't of Transp.*, 563 F.3d 1052, 1064 (10th Cir. 2005). To support his retaliation claim, Plaintiff

claims he made his first internal complaint on July 22, 2014, alleging sex discrimination. This is well after he was placed on probation (April 18, 2014) and paid leave (July 3, 2014). A second complaint was made on September 5, 2014. Plaintiff does not allege to whom these complaints were made, or whether OSUMA had any knowledge of these complaints. A plaintiff "must show that the individual who took adverse action against him knew of the employee's protected activity." *Williams v. Rice*, 983 F.2d 177, 181 (10th. Cir. 1993). An employer "cannot engage in unlawful retaliation if it does not know the employee has opposed or is opposing a violation of Title VII. *Peterson v. Utah Dept. of Corrections*, 301 F.3d 1182, 1188-89 (10th. Cir. 2002). Plaintiff makes no allegations that OSUMA knew of Plaintiff's internal complaints. Without this, OSUMA cannot be liable.

Additionally, Plaintiff fails to provide any factual allegations showing a causal connection between the filing of his grievances and any alleged adverse employment action committed by OSUMA. The majority of the actions complained of by Plaintiff (probation, paid leave of absence, counseling requirements) occurred prior to Plaintiff's internal complaints, and therefore cannot be retaliatory conduct. In addition, Plaintiff fails to point to any retaliatory acts committed by OSUMA. Therefore, Plaintiff's claims for retaliation should be dismissed.

## CONCLUSION

OSUMA respectfully requests this Court dismiss Plaintiff's claims against OSUMA. OSUMA is afforded Eleventh Amendment immunity for Counts 1 and 3. In addition,

Plaintiff has not alleged facts sufficient for a claim of discrimination under the Federal Rehabilitation Act or of a violation of Title VII.

                          Respectfully submitted,

                          s/ Lauren Ray
                          **M. DANIEL WEITMAN, OBA #17412**
                          **LAUREN RAY, OBA #22694**
                          Assistant Attorneys General
                          Oklahoma Attorney General's Office
                          Litigation Section
                          313 N. E. 21st Street
                          Oklahoma City, Oklahoma   73105
                          Tele: (405) 521-4274   Fax: (405) 521-4518
                          Dan.Weitman@oag.ok.gov
                          Lauren.Ray@oag.ok.gov
                          *Attorneys for Defendant Oklahoma State University Medical Authority*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 28, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Mark Hammons | W. Kirk Turner |
| Amber L. Hurst | Rachel B. Crawford |
| Hammons, Gowens, Hurst | Jacob S. Crawford |
|  & Associates | Newton O'Connor Turner & Ketchum |
| 325 Dean A. McGee Avenue | 15 West Sixth Street, Ste. 2700 |
| Oklahoma City, OK 73102 | Tulsa, OK 74119 |
| *Attorneys for Plaintiff* | *Attorneys for Community Care, Jessica Heavin, Steve Stewart* |

Case 5:16-cv-00384-F   Document 91   Filed 11/28/16   Page 12 of 12

| | |
|---|---|
| James K. Secrest<br>Edward J. Main<br>Secrest Hill Butler & Secrest<br>7134 Yale Ave., Ste. 900<br>Tulsa, OK 74136<br>*Attorneys for Leslie Barnes, PhD* | Stephen R. Stevens<br>Board of Regents for the Oklahoma Agricultural and Mechanical colleges<br>5th Floor, Student Union Building<br>Oklahoma State University<br>Stillwater, OK 74078-7044<br>*Attorney for Board of Regents for the Oklahoma Agricultural & Mechanical Colleges, ex rel., Oklahoma State University Center for Health Sciences, Lora Cotton, D.L., and Jenny Alexopulos, D.O.* |
| Michael F. Lauderdale<br>Nathan L. Whatley<br>Philip r. Bruce<br>McAfee & Taft<br>10th Floor, Two Leadership Square<br>211 North Robinson<br>Oklahoma City, OK 73102<br>*Attorneys for Oklahoma State University Medical Center, Deborah Nottingham, Sunny Benjamin, Mercy Health Oklahoma Communities, Inc., Mercy Health, Oklahoma State University Medical Trust and OSUMC Professional Services, LLC* | |

                                                s/Lauren Ray
                                                Lauren Ray