IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JEFFREY SNYDER, D.O., an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-16-384-F |
| (1) BOARD OF REGENTS FOR THE AGRICULTURAL & MECHANICAL COLLEGES, *ex rel.*, OKLAHOMA STATE UNIVERSITY CENTER FOR HEALTH, *et al.*, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT COMMUNITYCARE'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, CommunityCare HMO, Inc. ("CommunityCare"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff Jeffrey Snyder's ("Plaintiff") Second Amended Complaint ("Complaint") [Dkt # 82] for failure to state a claim upon which relief may be granted.

## I.  INTRODUCTION

The specific allegations of the Complaint against CommunityCare are sparse. The few allegations asserted against CommunityCare, however, fail to plead any cognizable legal theory of recovery. Plaintiff asserts CommunityCare participated in a conspiracy to deprive Plaintiff of his rights under the Equal Protection Clause and refused to provide Plaintiff access to his health information.

1

Although Plaintiff's Complaint accuses Defendants Cotton, Alexopulos, Barnes, OSU Medical Center, and CommunityCare of engaging in an unlawful conspiracy, the Complaint fails to articulate any participation on the part of CommunityCare in the alleged conspiracy. Plaintiff's conclusory pleading is woefully insufficient to state a plausible claim for relief and must be dismissed.

Further, Plaintiff's remaining "claim" against CommunityCare related to his access to health information is not a recognized cause of action under federal or Oklahoma law. Indeed, courts have universally held the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") does not provide a private right of action for individuals to obtain their health information. Because Plaintiff has failed to plead any cognizable claims against CommunityCare, his claims should be dismissed with prejudice.

## II. ARGUMENT & AUTHORITIES

### A. Standard For a Motion to Dismiss.

CommunityCare moves to dismiss Plaintiff's claims against it for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requirement serves (1) "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense" and (2) "to avoid ginning up the costly

machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008).

The Supreme Court's rule is premised on two key principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 663. Thus, a pleading that offers only "labels and conclusions," "naked assertions devoid of further factual enhancement," or "a formulaic recitation of the elements of a cause of action" must be dismissed. *Id*. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. Therefore, a plaintiff must plead specific factual allegations to support each claim such that he "raise[es] a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these [pleaded] claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Accordingly, the Court should disregard all legal conclusions and look to whether the remaining specific factual allegations plausibly suggest the defendant is liable. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Under Oklahoma law, "a petition may be dismissed as a matter of law for two reasons: (1) lack of any cognizable theory, or (2) insufficient facts under a cognizable

3

legal theory." *Pryor v. Findley*, 1997 OK CIV APP 74, ¶ 2, 949 P.2d 1218. "The purpose of a motion to dismiss is to test the law that governs the claim (in litigation), not the underlying facts." *May v. Mid-Century Ins. Co.*, 2006 OK 100 \*P10, 151 P.3d 132, 136 (Okla. 2006).

Under both legal standards, Plaintiff's Complaint is fatally flawed, and the claims against CommunityCare should be dismissed with prejudice.

**B. Plaintiff Fails to State a Claim for Conspiracy under 42 U.S.C. § 1985(3).**

Plaintiff alleges CommunityCare "acted in agreement and in furtherance of a conspiracy to intentionally injure the Plaintiff and deprive him of his rights under the Equal Protection Clause on the basis of a perceived disability and in retaliation for his complaints of gender and disability discrimination." Dkt # 82, Complaint, ¶ 118, p. 30. Plaintiff's allegations, which scarcely mention CommunityCare at all, are too conclusory to state a valid claim against CommunityCare and must be dismissed.

In order to allege a facially valid conspiracy claim under Section 1985(3), a Plaintiff must plead four basic elements: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Moreover, this Court has previously held a "'conclusory allegation of agreement at some unidentified point' is not sufficient to state a claim for relief based on a conspiracy." *Tilghman v. Kirby*, 2013 U.S. Dist. LEXIS 164316 \*7, 2013 WL 6092529 (W.D. Okla. Nov. 19, 2013) (quoting *Twombly*, 550 U.S. at 556-57). Conspiracies within Section 1985(3) must be pleaded with more than "bare allegations

4

that all the defendants 'conspired' to deprive [plaintiff] of his constitutional rights." *Martinez v. Winner*, 548 F. Supp. 278, *326, 1982 U.S. Dist. LEXIS 17822 (D. Colo. 1982) (citing *Henzel v. Gerstein*, 608 F.2d 654, 659 (5th Cir. 1979)). Importantly here, the Tenth Circuit noted the "Twombly Court was particularly critical of complaints that 'mentioned no specific time, place, or person involved in the alleged conspiracies.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 565 n. 10).

Plaintiff's Complaint makes no mention of any "meeting of the minds" involving CommunityCare, nor a specific time, place, or event(s) surrounding CommunityCare's alleged involvement in any conspiracy. Instead, Plaintiff's entire claim against CommunityCare rests on the unsupported conclusion that CommunityCare "conspired" to deprive him of his constitutional rights. Indeed, the entirety of Plaintiff's allegations in his Complaint attempting to tie CommunityCare to the alleged conspiracy are as follows:

> 48.   Around July 9, 2014, Plaintiff attended a meeting with Dr. Barnes to discuss Dr. Barnes' assessment and recommendations regarding the Plaintiff. During the meeting, Dr. Barnes made statements indicating that her evaluation and assessment were not independent, but were made at the behest of and to satisfy, Dr. Cotton and OSU Medical Center. Examples include, but are not limited to, Dr. Barnes' statements to Plaintiff that her evaluation was "not my own independent evaluation," that Dr. Cotton, Dr. Alexopulos, and/or OSU Medical Center are "making decisions for me." That Dr. Barnes was "working for" OSU Medical Center, Dr. Alexopulos and Dr. Cotton and "providing a service to them."

> 49.   The statements made by Defendant Barnes, in addition to the continued modification of the assessment:

> > A.   **indicate a conspiracy** among Defendants CommunityCare, Dr. Cotton, Dr. Alexopulos and Dr. Barnes to manipulate the

5

> evaluation of the Plaintiff and to give the impression and form the
> inaccurate conclusion that Plaintiff was not fit to perform his job…

Dkt # 82, Complaint, ¶ 48-49, p. 17-18.  The "assessment" Plaintiff references, which appears to be the basis of the alleged conspiracy, was entirely created and provided by Dr. Barnes. *See* Dkt # 82, Complaint, ¶ 45, p. 16-17. Indeed, Plaintiff does not allege a single fact tying CommunityCare to any alleged conspiracy related to Dr. Barnes' "assessment" of Plaintiff.  Plaintiff's conclusion, bereft of any factual support, that CommunityCare was somehow involved in a conspiracy to harm Plaintiff wholly fails to satisfy his pleading requirement. Federal law is clear that to properly state a claim "[t]he factual allegations must plausibly suggest agreement, rather than being merely consistent with agreement." *Tilghman v. Kirby*, 2013 U.S. Dist. LEXIS 164316 *8, 2013 WL 6092529 (W.D. Okla. Nov. 19, 2013) (quoting *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir.2011)). Plaintiff's Complaint here alleges neither and is exactly the type of conclusory pleading courts universally reject.

### C. Plaintiff Fails to State a Claim for Wrongful Denial of Personal Health Information.

Plaintiff attempts to rely on a cause of action where one does not exist under either federal or Oklahoma law. Specifically, Plaintiff alleges he "has a statutory right to his health information under HIPAA and OKLA. STAT. tit. 43A, § 1-109(A)(3)." *See* Dkt # 82, Complaint, ¶ 126, p. 31. However, clear legal authority shows Plaintiff does not have a private right of action to bring such a claim, and even if such a cause of action existed, CommunityCare is not subject to the law requiring disclosure.

### i.   HIPAA Does Not Provide a Private Right of Action

Plaintiff baldly alleges HIPAA grants him a private right of action for CommunityCare's alleged failure to provide him certain personal health information. However, courts have universally rejected this proposition, including the Tenth Circuit Court of Appeals. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n. 4 (10th Cir. 2010) (citing *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA"); *Cacho v. Chertoff*, 2006 U.S. Dist. LEXIS 85788 *16, 2006 WL 3422548 (D.D.C. Nov. 27, 2006) ("courts uniformly agree that there is no implied cause of action under HIPAA for private individuals"). Plaintiff has indisputably failed to state a claim under HIPAA upon which relief may be granted.

### ii.   Oklahoma Law Does Not Provide a Private Right of Action

Similar to Plaintiff's purported claim under HIPAA, Plaintiff's purported cause of action under Oklahoma law also fails. In asserting a claim for wrongful denial of personal health information, Plaintiff relies on OKLA. STAT. tit. 43A, § 1-109(A)(3), which provides, "[e]xcept as otherwise provided in this section, [a patient's health] information shall not be disclosed to anyone not involved in the treatment of the patient or related administrative work." None of Plaintiff's causes of action allege CommunityCare improperly disclosed Plaintiff's information to anyone not involved in his treatment. Therefore, Plaintiff has clearly failed to state a claim under § 1-109(A)(3).

Moreover, in the event Plaintiff intended to rely on OKLA. STAT. tit. 43A, § 1-109(B), in support of his claim, Plaintiff still fails to state a claim upon which relief may

be granted. Consistent with federal law, this Oklahoma statute does not grant Plaintiff a private cause of action to recover for wrongful denial of personal health information. The statute provides:

> A person who is or has been a consumer of a physician, a licensed mental health professional as defined in Section 1-103 of this title, a licensed alcohol and drug counselor as defined in Section 1871 of Title 59 of the Oklahoma Statutes, a mental health facility, a drug or alcohol abuse treatment facility or service, or other agency for the purpose of mental health or drug or alcohol abuse care and treatment, or such person's treatment advocate as defined in Section 1-109.1 of this title, shall be entitled to personal access to his or her mental health or drug or alcohol abuse treatment information.

OKLA. STAT. tit. 43A, § 1-109. Nothing within the statute subjects a potential defendant to civil liability for failure to provide access to health information. If the Oklahoma legislature intended to create a private cause of action, then it would have explicitly done so, as have other states with similar laws. *See* 24 Del. C. § 1761 ("Any person certified to practice medicine in this State who violates this section may be found by the Board to have committed unprofessional conduct, and any aggrieved patient or the patient's personal representative may bring a civil action for damages or injunctive relief, or both, against the violator"); MD Code, Health-General § 4-309 ("If a health care provider knowingly refuses to disclose a medical record within a reasonable time but no more than 21 working days after the date a person in interest requests the disclosure, the health care provider is liable for actual damages"); Wash. Rev. Code § 70.02.170 ("The court may order the health care provider or other person to comply with this chapter. Such relief may include actual damages, but shall not include consequential or incidental damages. The court shall award reasonable attorneys' fees and all other expenses reasonably

incurred to the prevailing party"). Nothing in the Oklahoma statute indicates a party is subject to liability for a violation thereof.

The Oklahoma Supreme Court has previously ruled an individual had no private right of action where the statute did not explicitly provide for one. For example, the original version of the Oklahoma anti-discrimination statutes did not create a private cause of action:

> The statutes required the OHRC to investigate all properly filed complaints and authorized the OHRC to issue cease and desist orders where a discriminatory practice was found to exist…On September 1, 1990, the Oklahoma Legislature adopted 25 O.S. § 1901, which specifically created a private cause of action for a person alleging handicap discrimination…This new section outlines the procedures to be followed and the applicable time limits in which to seek redress of alleged discrimination in district court.

*Duncan v. City of Nichols Hills*, 1996 OK 16, ¶ 18, 913 P.2d 1303, 1307 (Okla. 1996) (internal citations omitted); *see also Shero v. City of Grove*, 2006 U.S. Dist. LEXIS 80462 *30, 2006 WL 3196270 (N.D. Okla. Nov. 2, 2006) ("Plaintiff is not entitled to pursue a private right of action under the OOMA").

Moreover, in order to imply a private right of action, the Court must find that three-factors are present:

> (1)    the plaintiff is one of the class for whose especial benefit the statute was enacted;
> (2) some indication of legislative intent, explicit or implicit, suggests that [the legislature] wanted to create a private remedy and not to deny one; [and]
> (3) implying a remedy for the plaintiff would be consistent with the underlying purposes of the legislative scheme.

*Holbert v. Echeverria*, 1987 OK 99, 744 P.2d 960, 963 (Okla. 1987). "Essentially, the central inquiry is whether Congress intended to create a private right of action." *Lounds*

9

*v. State ex rel. VA*, 2011 OK CIV APP 54 *P26 n.5, 255 P.3d 460 (Okla. Ct. App. 2011). In the present case, Section 1-109 fails to outline any procedure for potential redress, any applicable statute of limitations, or the scope of liability for any potential violator. Indeed, there is absolutely no indication the Oklahoma legislature contemplated a private right of action for individuals to enforce this statute.

Further, implying a remedy for damages under § 1-109(B) would be inconsistent with the underlying purpose of the legislative scheme. Additional provisions in Title 43A of the Oklahoma statutes, governing mental health, specifically provide for a private cause of action including actual damages: "Any person who willfully or recklessly makes a false report [of abuse] shall be civilly liable for any actual damages suffered by the person being reported and for any punitive damages set by the court or jury which may be allowed in the discretion of the court or jury." OKLA. STAT. tit. 43A, § 10-104. The legislature's clear omission of language in Section 1-109 providing a private cause of action for damages demonstrates it did not intend to create one. *See Shero v. City of Grove*, 2006 U.S. Dist. LEXIS 80462 *30, 2006 WL 3196270 (N.D. Okla. Nov. 2, 2006).

Because the Oklahoma legislature did not intend for OKLA. STAT. tit. 43A, § 1-109 to create a private cause of action, and no identifiable case creates such a cause of action in Oklahoma, this Court must dismiss Plaintiff's "claim" against CommunityCare for alleged wrongful denial of health information. This Court should not imply a cause of action where one does not exist. *Shero v. City of Grove,* 2006 U.S. Dist. LEXIS 80462 *30, 2006 WL 3196270 (N.D. Okla. Nov. 2, 2006) ("The Court is reluctant to

create a private right of action for members of the general public when such a right is not clearly implied by the [statute].")

Here, Plaintiff seeks compensatory and punitive damages for an alleged failure to receive medical records. Oklahoma law neither provides for this cause of action nor recovery of the requested damages. Courts "will not imply a right of action including money damages when it would be inconsistent with the express language of the statute." *Shero v. City of Grove*, 2006 U.S. Dist. LEXIS 80462 *30, 2006 WL 3196270 (N.D. Okla. Nov. 2, 2006).

### iii.    Plaintiff Has Alleged No Facts Demonstrating Section 1-109 Applies to CommunityCare

Plaintiff's state law claim for wrongful denial of personal health information also fails because Plaintiff has alleged no facts demonstrating OKLA. STAT. tit. 43A, § 1-109 applies to CommunityCare. Indeed, section 1-109 dictates those parties that must comply with an individual's request to access his personal health information:

> a physician, a licensed mental health professional as defined in Section 1-103 of this Title, a licensed alcohol and drug counselor as defined in Section 1871 of Title 59 of the Oklahoma Statutes, a mental health facility, a drug or alcohol abused treatment facility or service, or other agency for the purpose of mental health or drug or alcohol abuse care and treatment, or such person's treatment advocate as defined in Section 1-109 of this title…

OKLA. STAT. tit. 43A, § 1-109. Plaintiff does not allege any facts that CommunityCare would qualify as any of the identified providers from who a "consumer" can allegedly access personal health information. All of the entities identified by the statute are those that provide treatment services to a mental health patient. However, Plaintiff asserts here that CommunityCare operated an Employee Assistance Program. *See* Dkt # 82,

11

Complaint, ¶ 29, p. 12. Rather than providing treatment to Plaintiff, CommunityCare simply referred Plaintiff to Dr. Leslie Barnes. In fact, Plaintiff's Complaint admits this "physician-psychotherapist/patient relationship" with Dr. Barnes is what gave rise to a potential "duty to provide Plaintiff access to his own health information upon request." *See* Dkt # 82, Complaint, ¶ 33, p. 13. Plaintiff has not alleged the existence of any treatment relationship between CommunityCare and Plaintiff, nor has Plaintiff alleged CommunityCare had any involvement in creating the mental health information allegedly withheld from him. Because Plaintiff has not alleged any facts supporting that Plaintiff was a "consumer" of CommunityCare under OKLA. STAT. tit. 43A, § 1-109, his claim against CommunityCare should fail.

### D. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's State Law Claim.

Plaintiff's Complaint attempts to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§1331 & 1367(a). Plaintiff alleges two claims against CommunityCare involving federal statutes:  a conspiracy under 42 U.S.C. §1985(3) and a statutory right to his health information under HIPAA. *See* Dkt # 82, Complaint ¶¶117-118, 126, pp. 30, 31.  As demonstrated above, Plaintiff's claims against CommunityCare fail to properly state a claim for relief and must be dismissed according to FED. R. CIV. P. 12(b)(6). Upon dismissal of these federal causes of action, this Court is without subject matter jurisdiction over Plaintiff's remaining state law claim against CommunityCare. Accordingly, if the remaining state law cause of action is not dismissed on alternative grounds, this cause of action should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

### E.  Plaintiff Should Not Be Granted Additional Leave to Amend.

The allegations contained in Plaintiff's Complaint constitute his third attempt to state cognizable causes of action against CommunityCare. Because Plaintiff has again failed to articulate cognizable claims against CommunityCare after his third attempt, such claims should be dismissed with prejudice, as further amendment is not reasonably likely to result in a viable claim. *See Failes v. Garfield County Bd. of County Comm'rs*, 2014 U.S. Dist. LEXIS 83072 (W.D. Okla. Apr. 17, 2014) (finding further amendment was not likely to result in a viable claim when Plaintiff had made three attempts to set forth plausible factual allegations); *see also McCormick v. City of Lawrence*, 2002 U.S. Dist. LEXIS 16959 *13, 2002 WL 31045379 (D. Kan. Sept. 6, 2002) ("Plaintiff makes only conclusory allegations of a conspiracy among the Attorney General defendants. There are no allegations or evidence, circumstantial or otherwise, indicating that there was any agreement among these defendants. Thus, the court finds that it would be futile to allow plaintiff's proposed amendment …").

### CONCLUSION

For the foregoing reasons, Defendant, CommunityCare, respectfully requests the Court dismiss Plaintiff's causes of action asserted against it with prejudice, and for such other additional and further relief as justice and equity require.

Respectfully submitted,

**NEWTON, O'CONNOR, TURNER & KETCHUM
A PROFESSIONAL CORPORATION**

By:*/s/ W. Kirk Turner*
    W. Kirk Turner, OBA #13791
    Rachel B. Crawford, OBA #20662
    15 West 6th Street, Suite 2700
    Tulsa, Oklahoma 74119
    (918) 587-0101
    (918) 587-0102 (facsimile)
    kturner@newtonoconnor.com
    rcrawford@newtonoconnor.com

    **ATTORNEYS FOR DEFENDANT,
    COMMUNITYCARE HMO, INC.**

## CERTIFICATE OF SERVICE

☒      I hereby certify that on <u>November 28, 2016</u>, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark E. Hammons

Amber Hurst

James K. Secrest, II

Edward J. Main

Stephen R. Stephens

Lauren J. Ray

M. Daniel Weitman

Michael F. Lauderdale

Nathan L. Whatley

Philip R. Bruce

Adam W. Childers

Allen L. Hutson

☐      I hereby certify that on _____, 2016, I served the foregoing document by mail on the following, who are not registered participants of the ECF System (None):

(None)

_/s/ W. Kirk Turner_____
W. Kirk Turner