# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JEFFREY SNYDER, D.O.,   )
an individual,      )
          )
    Plaintiff,    )
          )
v.           )  Case No.: CIV-16-384-F
          )
BOARD OF REGENTS FOR THE )
OKLAHOMA AGRICULTURAL & )
MECHANICAL COLLEGES, *ex rel*., )
OKLAHOMA STATE UNIVERSITY )
CENTER FOR HEALTH SCIENCES, )
*et al*.,         )
          )
    Defendants.   )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, COMMUNITY CARE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT. 92]

**COMES NOW** the Plaintiff and responds in opposition to the Motion to Dismiss filed by Defendant, Community Care [Dkt. 92].

## I - STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss, the factual allegations in a complaint need only contain enough allegations of fact "to state a claim to relief that is plausible on its face." ***Christensen v. Park City Mun. Corp***., 554 F.3d 1271, 1276 (10th Cir. 2009) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570 (2007).

> Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim'" in a complaint[.] * * * ***In Swierkiewicz v. Sorema N. A***., 534 U.S. 506 (2002), we unanimously reversed the Court of Appeals for requiring employment discrimination plaintiffs to specifically allege the elements of a prima facie case of discrimination. We explained that 'the Federal Rules do not contain a heightened pleading standard for employment discrimination suits,' and a 'requirement of greater specificity for particular claims' must be obtained by amending the Federal Rules. ***Id.***, at 515 (citing ***Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit***, 507 U.S. 163 (1993)).

*Jones v. Bock*, 549 U.S. 199, 212-13 (2007).  *Accord Skinner v. Switzer,* 562 U.S. 521 (2011) and *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).  At this stage, all that is required in pleading is "sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).

The court must remember the difference between the pleading standard and a plaintiff's ultimate burden of proof.  At the pleading stage, a plaintiff is only required to plead enough allegations of facts "to state a claim to relief that is plausible on its face."  *Christensen*, 554 F.3d at 1276, *supra*.

 "[A]n employment discrimination complaint need not include such facts [establishing a prima facie case] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (U.S. 2002).  This is because "[t]he prima facie case under *McDonnell Douglas*, [] is an evidentiary standard, not a pleading requirement."  *Id*. In this regard, "[t]his Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.  For instance, we have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constrict the role of the pleadings.' *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283, n. 11, 49 L. Ed. 2d 493, 96 S. Ct. 2574 (1976). Consequently, the ordinary rules for assessing the sufficiency of a complaint apply."  *Swierkiewicz*, 534 U.S. at 511.

Nor should the likelihood of success impact the court's analysis.  *See Musick v.*

2

*Arvest Bank Operations, Inc*., 2005 U.S. Dist. LEXIS 44647, 6-7 (W.D. Okla. Oct. 14, 2005)("At this preliminary stage of the litigation the burden on the plaintiff is to plead, not prove, her claim.").  Indeed, "[t]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion. . . . If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits." *Surowitz v. Hilton Hotels Corp*., 383 U.S. 363, 373 (U.S. 1966).  Plaintiff is not required to prove her case within the complaint.  *Hathorn v. Sodexo, Inc*., 2013 U.S. Dist. LEXIS 142308 (W.D. Okla. Oct. 2, 2013)("As case law teaches, a court must permit "a well-pleaded complaint . . . [to] proceed even if . . . actual proof of th[e] facts [as alleged] is improbable, and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974))."

With this in mind, Plaintiff will address Defendant's specific challenges.

## II - THE CONSPIRACY CLAIM IS SUFFICIENTLY PLED

Defendant argues, at Prop. I, that the conspiracy claim under 42 U.S.C. § 1985(3) is inadequately pled.  Notably, Plaintiff alleged the same conspiracy claim against Defendant in the Amended Complaint [Dkt. 6] at Count Fifteen, but with **less facts** than asserted here.  Defendant did not seek to dismiss the claim, but rather conceded the claim was adequately pled by answering the allegations.  Dkt. 49 (Def's Answer).

Defendant appropriately cites to *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. Okla. 1993) in setting out the essential elements of a Sec. 1985(3) claim: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in

3

furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."  Here, the Plaintiff has sufficiently pled all elements, as discussed below.

"A civil conspiracy is the combination of two or more persons acting in concert, either to commit an unlawful act, or to commit a lawful act by unlawful means." ***Singer v. Wadman***, 745 F.2d 606, 609 (10th Cir. Utah 1984).  "[i]t requires a 'meeting of the minds or agreement among the defendants and concerted action.' ***Hinsdale v. City of Liberal, Kan.***, 19 F. App'x 749, 770 (10th Cir. 2001)".  ***Hicks v. Podolak***, 2014 U.S. Dist. LEXIS 59977, *12-13 (D. Colo. Apr. 29, 2014). Plaintiff has alleged all elements of a conspiracy.  Second Amended Complaint, Dkt. 82, ¶¶ 29-31 (Community Care, through Jessica Heavin, agreed with OSU Medical to coordinate counseling services), ¶ 31 (Heavin assigned Plaintiff to Dr. Barnes), ¶46 (Community Care, along with Dr. Barnes, Dr. Cotton and others, refused Plaintiff's request for his medical records), ¶49(A)(that the conduct discussed above indicated a conspiracy to manipulate Plaintiff's medical evaluation); ¶50 (that Defendant communicated with Dr. Barnes, Dr. Cotton and others to violate the scope of the scope of the medical releases), ¶118 (allegation that Defendant, Dr. Barnes and Dr. Cotton acted in agreement to intentionally deprive Plaintiff of his equal rights because of gender and disability).[1]

---

[1] Courts have recognized Sec. 1985(3) claims premised on gender discrimination. ***Oltremari by McDaniel v. Kan. Soc. & Rehabilitative*** Serv., 871 F. Supp. 1331, 1338 (D. Kan. 1994)("To engage federal jurisdiction, therefore, the alleged conspiracy must have some racial or other class-based, invidiously discriminatory animus for its motivation. Plaintiff has not asserted racial discrimination. Liberally construed, however, the complaint alleges that defendants SRS, Owens, Fletcher, and Ronald Oltremari, Sr. conspired to discriminatorily deny constitutional rights to plaintiff because of her gender. At least one decision in the District of Kansas has "concluded that a conspiracy motivated by gender-based animus is actionable under § 1985(3)." ***Women's Health Care Servs.,***

Plaintiff alleged the agreement was for the purpose of engaging in unlawful conduct – to deprive Plaintiff of his rights under the Equal Protection Clause and by engaging in gender and disability discrimination and retaliation. *Id*., ¶118. In this regard, Plaintiff has adequately pled that Defendant acted "to deprive plaintiff of equal protection or equal privileges and immunities" by discriminating against him on the basis of gender. *Id*., ¶118. As to the third element of a Sec. 1985(3) claim, Plaintiff alleged Defendant took action "in furtherance of the conspiracy" by facilitating communications between Dr. Barnes, Dr. Cotton and others for the specific purpose of depriving Plaintiff of his equal protection through Defendant's discriminatory and retaliatory conduct. *Id*., ¶ 30 (communication with Dr. Barnes, Dr. Cotton), ¶¶ 45(C) and 47 (refusing to obtain Plaintiff a counselor so Plaintiff could return to the residency program), and ¶49 (facilitating the manipulation of the evaluation used to dismiss Plaintiff from the residency program).

Further, the Second Amended Complaint specifically alleges the persons involved – Jessica Heavin (Defendant's employee) communicating with Dr. Barnes and Cotton (*Id*., ¶31, 50, 52). The pleading further alleges the time periods in which the wrongful conduct occurred. Plaintiff has organized the allegations in chronological order. Accordingly, it is simple to determine when Defendant engaged in the wrongful conduct in violation of Sec. 1985(3). Around April 30, 2014, Dr. Cotton instructed Plaintiff to participate in Defendant's Employee Assistance Program. *Id*., ¶29. Thereafter, at para. 31, Plaintiff alleges that Heavin

---

*P.A. v. Operation Rescue-National*, 773 F. Supp. 258, 264 (D. Kan. 1991), rev'd on other grounds, 24 F.3d 107 (10th Cir. 1994).").

assigned Plaintiff to Dr. Barnes and that Plaintiff visited Dr. Barnes beginning around May 20, 2014.  ***Id***. ¶ 34.  Plaintiff alleged the dates he requested (but was denied) his medical information from Defendant, Community Care at para. 46.  At para. 52, Plaintiff alleged Heavin was responsible for assigning Plaintiff another counselor, which Plaintiff was required to visit before returning to the residency program.  At para. 47, Plaintiff alleged Heaven did not assign Plaintiff another counselor and that he was not assigned another counselor until around August 27, 2016 (although this was a scrivener's error as the date should have been 2014).  ***Id***., Dkt. 82.

**WHEREFORE**, the Sec. 1985(3) claim is adequately pled.

### III - THE CLAIM FOR WRONGFUL DENIAL OF PERSONAL HEALTH INFORMATION IS SUFFICIENTLY PLED

Initially, Plaintiff recognizes HIPAA does not provide a private cause of action. Plaintiff is not seeking damages under HIPAA, but rather refers to this federal statute to support his claim for wrongful denial of personal health information.  ***See R. K. v. St. Mary's Med. Ctr., Inc***., 229 W. Va. 712, 720-721 (W. Va. 2012)(violation of HIPAA can be used to support state law claim).

### A - 43A. Okla. St. § 1-109(B) Provides A Cause of Action

43A. Okla. St. § 1-109(B) provides that "[a] person who is or has been a consumer of a physician, a licensed mental health professional as defined in Section 1-103[2] of this title . . . shall be entitled to personal access to his or her mental health . . . treatment information

---

[2]Defendant Barnes admits she is qualified as "licensed mental health professional" for purposes of 43A. Okla. St. §1-109.  Def's Mtn, p. 23.

. . ." The Oklahoma Supreme Court, in ***Gens v. Casady Sch***., 2008 OK 5, P17 (Okla. 2008), held that 43A. Okla. St. § 1-109(B) provides a statutory remedy for failure to provide a patient (or other entitled person) access to their health information.  "Generally, all patients have a statutory right to obtain access to information contained in their medical records. ***Id***. The court went on to deny summary dismissal, noting that, "We express no opinion as to whether Gens will ultimately prevail on any of the alleged theories of recovery. Nevertheless, under the facts presented, we cannot agree that Casady has demonstrated that, beyond any doubt, Gens may not prove facts which would result in recovery. Rather, Gens has made arguments sufficient to avoid a summary dismissal for failure to state a claim for which relief may be granted on the theories of breach of contract, invasion of privacy, and withholding of psychological records.") ***Id***.

Accordingly, 43A. Okla. St. § 1-109  provides a cause of action for Community Care denying Plaintiff access to his personal health information.

Defendant cites to out of state statutes and regulations – but not to Oklahoma legal authority[3] – for its proposition that "[if] the Oklahoma legislature intended to create a private cause of action, then it would have explicitly done so".  The Oklahoma Supreme Court in ***Holbert v. Echeverria***, 1987 OK 99, 744 P.2d 960 (Okla. 1987), adopted three factors to determine whether the Oklahoma legislature intended for a statute to give rise to a private cause of action:

(1) the plaintiff is one of the class for whose especial benefit the statute was

---

[3] "[C]itation of but one authority, and that of no pertinence, suggests either that there is no authority to sustain its position or that it expects the court to do its own research."  ***Rapid Transit Lines, Inc. v. Wichita Developers, Inc.,*** 435 F.2d 850, 852 (10th Cir.1970).

enacted; (2) some indication of legislative intent, explicit or implicit, suggests that Congress wanted to create a private remedy and not to deny one; (3) implying a remedy for the plaintiff would be consistent with the underlying purposes of the legislative scheme[.]

<u>(1) - The Statute Was Meant to Protect Plaintiff</u>

The first factor, whether "the plaintiff is one of the class for whose especial benefit the statute was meant to protect" is simply. 43A. Okla. St. § 1-109(B), on its face, was meant to protect persons with mental health records from being denied access to such records. 43A. Okla. St. § 1-109(B)("Plaintiff, "shall be entitled to personal access to his or her mental health . . . treatment information . . . ."). The statute was not created for all persons, but rather only for those who have been treated for mental health (or drug treatment, which does not apply to Plaintiff). An analogous case is ***Rabin v. Bartlesville Redevelopment Trust Auth*. ("*BRTA*")**, 2013 OK CIV APP 72, 308 P.3d 191 (Okla. Ct. App. 2013), which found that the Oklahoma Open Meetings Act ("OOMA"), 12 Okla. St. §§ 301-314 (2011), met the first factor of ***Holbert*** in that its special class was the general public:

> Under part one of the test, we must determine whether Rabin-Hurst are a member of a special class for whom the statute was enacted. BRTA claims that the OOMA was enacted for the benefit of the general public, therefore, by definition it does not create any special class for Rabin-Hurst to be a member of. It further supports this proposition by citing to ***Holbert***, "[w]hen a statute is created for the benefit of the public at large, no special class is created in its wake simply because a remedy for injured persons is fashioned." ***Id***., at ¶ 9, at 963. <u>While it is true that the OOMA was created for the benefit of the public, it does not follow that the OOMA does not create a special class. As explained above, the OOMA was specifically and especially enacted for the benefit of the public. Unlike the original Act reviewed by Holbert, the OOMA states its public policy is to inform the public citizenry. Thus, the special class is the general public, of which Rabin-Hurst are members</u>.

Underlining supplied.

43A. Okla. St. § 1-109(B) is even more narrowly defined, applying only to those

persons who "is or has been a consumer of a physician, licensed mental health professional . . . a licensed alcohol or drug counselor . . .a drug or alcohol abuse treatment facility or service, or other agency for the purpose of mental health or drug or alcohol abuse treatment".

Accordingly, the first prong of the *Holbert* test is met.

(2) - Legislative Intent Suggests the Legislature Did Not Want to Deny a Private Remedy

The second *Holbert* factor requires "some indication of legislative intent, explicit or implicit, suggests that [the legislature] wanted to create a private remedy and not to deny one". *Holbert v. Echeverria*, 1987 OK 99, 744 P.2d 960 (Okla. 1987). When analyzing the second factors, Oklahoma courts have indicated that the lack of a government enforcement mechanism – e.g. the attorney general charged with enforcing the statute – weighs in favor of implying a private remedy. In *Holbert*, the Court found that an implied cause of action was less likely because the statute allowed the Attorney General to bring a cause of action. *Holbert v. Echeverria*, 1987 OK 99, 744 P.2d 960, 964-65 (Okla. 1987). Nor does it appear there is some other remedy, outside of what would be provided for a breach of 43A. Okla. St. § 1-109(B). There is no other cause of action, either in tort or contract, to redress Defendant's wrongful withholding of Plaintiff's medical information. *See Welty v. Martinaire of Oklahoma, Inc.*, 1994 OK 10, 867 P.2d 1273, 1276 (Okla. 1994) ("If the legislature impliedly provides a remedy of another sort, such as contract, we may safely conclude it would not have considered a parallel statutory remedy in tort to be necessary."); *Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1230-1231 (W.D. Okla. 2008)("When a statute grants enforcement authority to an administrative agency or officer, this grant implies the legislature did not intend to provide a private right of action."). Plaintiff can find no language within the statute giving a public agency or officer authority

to enforce a violation of 43A. Okla. St. § 1-109(B).  It does not make sense that the legislature would prescribe a mode of conduct – here requiring medical providers or their agents to provide patients with copies of their health records – without also providing a method of enforcing this manner of conduct.  In this regard, "The legislature will not be presumed to have intended an absurd result. Statutory construction that would lead to an absurdity will be avoided if this can be done without violating legislative intent. A reasonable and rational construction is preferred."). *TXO Prod. Corp. v. Okla. Corp. Comm'n*, 1992 OK 39, ¶ 7, 829 P.2d 964, 969.

Also indicating the legislature's intent in implying a private remedy is its inaction after *Gens v. Casady Sch*., 2008 OK 5, P17 (Okla. 2008), specifically found that 43A. Okla. St. § 1-109 did provide a cause of action.  The legislature could have amended  43A. Okla. St. § 1-109(B) to exclude a private cause of action.  It did not.  This indicates the legislature agrees with the Oklahoma Supreme Court's reading of the statute that it does provide a private remedy to enforce violations of statute.  *See Rabin*, 2013 OK CIV APP 72, P16 (Okla. Ct. App. 2013)("The intent of the legislature in the foregoing regard is reflected in a number of cases brought by private individuals under the OOMA wherein Oklahoma appellate courts have granted injunctive or declaratory relief.").  In this regard, "Had the legislature not intended for citizens to bring suit under the OOMA nor for civil courts to enforce §§ 307 (F) and 313, it could have amended the OOMA to disallow such causes of action.  Failure to do so indicates the intent of the legislature to allow private actions to be brought to remediate the violation".  *Id*.

Thus, the second *Holbert* factor weighs in favor of a private cause of action.

(3) - Implying a Remedy Is Consistent With Underlying Purposes of Legislative Scheme

10

The third *Holbert* factor is whether "implying a remedy for the plaintiff would be consistent with the underlying purposes of the legislative scheme".   Without an implied remedy, the legislature's directive that a patient "shall be entitled to personal access to his or her mental health . . . treatment information" is nothing but "mere words".  *Rabin*, 2013 OK CIV APP 72, P20-P24 (Okla. Ct. App. 2013)("'[W]ithout vigorous enforcement [of Sec. 1-109(B)] in the courts, laudable legislation is reduced to 'mere words'")(quoting *In the Matter of the Appeal of the Order Declaring the Annexation Dated June 28, 1978*, 1981 OK CIV APP 57, ¶ 31, 637 P.2d 1270, 1275)).

Thus, the third *Holbert* factor is met.

Defendant incorrectly states that "[t]he Oklahoma Supreme Court had previously ruled that an individual has no private right of action where the statute did not explicitly provide for one".  Not only is this proposition inconsistent with *Holbert's* three factor test, but Defendant cites no legal authority supporting this claim.  *Duncan v. City of Nichols Hills*, 1996 OK 16 ¶ 18, 913 P.2d 1303 (Okla. 1996) did **not** hold that a private right of action exists only where the statute explicitly provides for one.  Neither did the Court in *Duncan* address the *Holbert* factors to determine whether the statute implied a private cause of action. The quote Defendant references at p. 1307 of *Duncan* merely notes that in 1990 the Oklahoma Legislature expressly provided a cause of action for discrimination, not that a statute cannot have an implied cause of action.

Similarly, *Shero v. City of Grove*, 2006 U.S. Dist. LEXIS 80462 (N.D. Okla. Nov. 2, 2006) held that a private right of action was not "clearly implied by the OOMA", **not** that the private right must be explicitly stated.  Further, *Shero* was decided in 2006, but in 2016 the Oklahoma Court of Civil Appeals in *Rabin*, 2013 OK CIV APP 72, P16 (Okla. Ct. App.

11

2013) found just the opposite, that the OOMA does provide for a private right of action.

Thus, 43A Okla. St. § 1-109(B) provides for a private cause of action.

### B - Community Care Is Subject To 43A Okla. St. § 1-109(B)

At p. 11 of Defendant's Motion to Dismiss, it argues that Plaintiff failed to plead that

Community Care is subject to 43A Okla. St. § 1-109(B).  The statute provides that:

> **B.**  A person who is or has been a consumer of a physician, a licensed mental health professional as defined in Section 1-103 of this title, a licensed alcohol and drug counselor as defined in Section 1871 of Title 59 of the Oklahoma Statutes, a **mental health facility**, a drug or alcohol abuse treatment facility or service, **or other agency for the purpose of mental health or drug or alcohol abuse care and treatment,** or such person's treatment advocate as defined in Section 1-109.1 of this title, shall be entitled to personal access to his or her mental health or drug or alcohol abuse treatment information . . . .

43A Okla. St. § 1-103(7) defines "facility" as:

> [A]ny hospital, school, building, house or retreat, authorized by law to have the care, treatment or custody of an individual with mental illness, or drug or alcohol dependency, gambling addiction, eating disorders, an opioid substitution treatment program, **including, but not limited to, public or private hospitals, community mental health centers**, clinics, satellites **or facilities** . . .

Bold supplied.

Plaintiff pled at the Second Amended Complaint (Dkt. 82) that Defendant "maintains an agreement with OSU Medical Center to coordinate medical and/or counseling services to medical residents . . . maintained copies of Plaintiff's health records" *Id*., ¶ 30, that "Jessica Heavin, Employee Assistance Program Assessor for Community Care . .  Assigned Plaintiff for testing and/or counseling" with Dr. Barnes,  *Id*., ¶ 31, that Dr. Barnes, on behalf of Community Care, did evaluate and/or treat the Plaintiff, *Id*., ¶¶ 32-34, and that Community Care maintained Plaintiff's medical records created and/or gathered as a result of the treatment and/or evaluation, *Id*. ¶30, that Plaintiff requested, but Defendant refused to

12

provide, such records, *Id*. ¶¶46, 127.

Thus, Plaintiff pled that Defendant is an entity responsible for providing (through Dr. Barnes) mental health treatment/evaluation the Plaintiff, as defined by Sec. 1-109(B).

Defendant argues that Plaintiff fails to allege Defendant "had any involvement in creating the mental health information", p. 12, but the statute does not require a responsible facility to have created the records.  Defendant provides no authority to the contrary.

Defendant's own website shows that it provides counselors for mental health services. Ex 1 (highlighted for the Court's convenience).  Jessica Heavin is identified on Defendant's website as an "EAP Counselor" experienced in "working with clients in a variety of settings **such as residential treatment**" and is "both a Licensed Professional Counselor and National Certified Counselor".  Ex 2 (highlighted by Plaintiff).

**WHEREFORE**, Defendant Community Care is subject to Sec. 1-109(B).

## C - Need for Certification

If this Court doubts that 43A. Okla. St. § 1-109 provides a private cause of action, the most appropriate procedure is to certify the matter to the Oklahoma Supreme Court.  ***See Copier v. Smith & Wesson Corp***., 138 F.3d 833, 839 (10th Cir.1998), "[c]ertification is a useful procedure which the Supreme Court has used or commended several times." In this regard:

> . . .Speculation by a federal court about the meaning of a state statute in the absence of prior state court adjudication is particularly gratuitous when. . . the state courts stand willing to address questions of state law on certification from a federal court.

***Brockett v. Spokane Arcades, Inc.***, 472 U.S. 491, 510 (1985) (O'Connor, J., concurring) (cited with approval in Arizonans For Official English v. Arizona, 520 U.S. 43, 79  (1997)).

13

Certification is most appropriate when there are novel, unsettled issues of law as related to the state law claim such that there is a disagreement among the Courts about the state of the law resulting in inconsistent adjudications. ***Copier***, 138 F.3d at 839.

## IV - LEAVE TO AMEND

At p. 13 of Defendant's Motion to Dismiss [Dkt. 92], Defendant urges this Court to dismiss Plaintiff's claims with prejudice and without leave to amend because Plaintiff has twice amended the complaint.  Notably, this is Defendant's **first** Motion to Dismiss.  The same claims were alleged against Defendant in the prior filings, which **Defendant answered** and did not challenge.

Indeed, this Court has **never** previously held that any of Plaintiff's claims were deficient.  Plaintiff initially filed an amended complaint (the second complaint) to correct a deficiency observed by Plaintiff.  Thereafter, Plaintiff retained other counsel[4].  Thereafter, Plaintiff voluntarily agreed to streamline his complaint to resolve many of the issues addressed by other defendants (this Defendant did **not** challenge the sufficiency of the claims asserted against it).  In fact, Defendant's current motion [Dkt. 92] is the **first time** Defendant argues the claims were deficient.  Even if it had previously filed a motion to dismiss, however, the Court never ruled on the motion and it would be fundamental unfair to deny Plaintiff leave to amend "if it is at all possible that [Plaintiff] can correct the defect in the pleading or state a claim for relief." ***Bishop v. Oklahoma ex rel. Dep't of Human Servs***., 2013 U.S. Dist. LEXIS 167930, 15-16 (W.D. Okla. Nov. 26, 2013) (DeGuisti, J)(internal citations omitted).  "Failure to provide fair notice should not normally warrant a dismissal

---

[4] The change of counsel did not involve the adequacy of pleadings.

14

with prejudice. Rule 8(a)(2) does not seek detail that a plaintiff cannot provide, so a plaintiff should be able to re-plead successfully." *EEOC v. Concentra Health Servs*., 496 F.3d 773, 782 (7th Cir. 2007) (internal citations omitted).  Therefore "the preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim[.]" *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991). *See Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) ("Dismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."). *Accord Tate v. Farmland Indus., Inc*., 268 F.3d 989, 997 (10th Cir. 2001) (quoting *Curley*).

WHEREFORE, Defendant's Motion to Dismiss must be denied and, in the alternative, Plaintiff should be given leave to supplement the pleadings.

**RESPECTFULLY SUBMITTED THIS 9<u>th</u> DAY OF JANUARY, 2017.**

HAMMONS, GOWENS, HURST
& ASSOCIATES


<u>s/ Amber L. Hurst</u>
Mark Hammons, OBA #3784
Amber L. Hurst, OBA # 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
amber@hammonslaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this 9th day of January, 2017.

Daniel Weitman, OBA # 17412
Lauren J. Ray, OBA # 22694
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 521-4274
Facsimile: (405) 521-4518
Email: dan.weitman@oag.ok.gov
    lauren.ray@oag.ok.gov
*ATTORNEY FOR DEFENDANT,*
Oklahoma State University
Medical Authority

Nathan Whatley, OBA No. 14601
Philip R. Bruce, OBA No. 30504
Mike Lauderdale, OBA No. 14265
McAFEE & TAFT
A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
Email: nwhatley@mcafeetaft.com
    Philip.bruce@mcafeetaft.com
    Mike.lauderdale@mcafeetaft.com
*ATTORNEYS FOR DEFENDANTS,*
Oklahoma State University Medical
Center, Deborah Nottingham, Sunny
Benjamin, Mercy Health Oklahoma
Communities, Inc., Mercy Health,
Oklahoma State University Medical
Trust and OSUMC Professional
Services, LLC

16

W. Kirk Turner, OBA No. 13791
Jacob S. Crawford, OBA No. 31031
Robert T. Redwine
Newton O'Connor Turner & Ketchum
15 West 6th Street, Suite 2700
Tulsa, Oklahoma 74119
Telephone: (918) 587-0101
Facsimile: (918) 587-0102
Email: kturner@newtonoconnor.com
        jcrawford@newtonoconnor.com
        rredwine@newtonoconnor.com
*ATTORNEYS FOR DEFENDANT*

Stephen R. Stephens, OBA # 10479
Michael Scott Fern
Clinton W. Pratt
Board of Regents for the Oklahoma
Agricultural and Mechanical Colleges
5th Floor, Student Union Building
Oklahoma State University
Stillwater, OK 74078-7044
(405) 744-6494; Fax: (405) 744-7998
steve.stephens@okstate.edu
msfern@okstate.edu
clint.pratt@okstate.edu
*ATTORNEYS FOR DEFENDANTS*
Board of Regents for the Oklahoma
Agricultural & Mechanical Colleges, *ex rel.,*Oklahoma State University Center
for Health Sciences, Lora Cotton, D.O.,
and Jenny Alexopulos, D.O.

James K. Secrest, OBA No. 8049
Edward J. Main, OBA No. 11912
Secrest Hill Butler & Secrest
7134 S. Yale Ave., Suite 900
Tulsa, Oklahoma 74136
Email: jsecrest@secresthill.com
        emain@secresthill.com
Telephone: (918) 494-5905
Facsimile: (918) 494-2847
*ATTORNEYS FOR DEFENDANT,*
Leslie Barnes, PhD.

Adam W. Childers, OBA No. 18673
Allen Hutson, OBA No. 30118
Crowe & Dunlevy
Braniff Building
324 N. Robinson Ave., Ste. 100
Oklahoma City, OK 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
Email: adam.childers@crowedunlevy.com
        allen.hutson@crowedunlevy.com
*ATTORNEYS FOR DEFENDANTS*
JENNY ALEXOPULOS AND LORA
COTTON

s/Amber L. Hurst