**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JEFFREY SNYDER, D.O., an individual, Plaintiff, | ) | |
| -vs- | ) | Case No. CIV-16-384-F |
| BOARD OF REGENTS FOR THE AGRICULTURAL & MECHANICAL COLLEGES, ex rel., OKLAHOMA STATE UNIVERSITY CENTER FOR HEALTH, et al., Defendants. | ) | |

**ORDER**

Before the court is Defendants Oklahoma State University Medical Center, Health Oklahoma Communities, Inc., Mercy Health, Oklahoma State University Medical Trust and OSUMC Professional Services, LLC's Motion to Clarify or, Alternatively, Motion to Reconsider. Plaintiff, Jeffrey Snyder, D.O., has responded and defendants have replied. Upon due consideration of the parties' submissions, the court makes its determination.

I.

Defendants filed a motion seeking to dismiss plaintiff's Second Amended Complaint, in part, pursuant to Rule 12(b)(1), Fed. R. Civ. P., and Rule 12(b)(7), Fed. R. Civ. P. With respect to two alleged claims—the Title II and Title V claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*—

the OSU defendants[1] argued that they were immune from suit under the Eleventh Amendment. According to the OSU defendants, plaintiff had alleged against them an employment discrimination claim under Title II of the ADA, and based upon Tenth Circuit authority, Elwell v. Okla. ex rel Bd. of Regents of Univ. of Okla., 693 F.3d 1303 (10th Cir. 2012), plaintiff could not seek relief under Title II for employment discrimination. They asserted that plaintiff could only allege an employment discrimination claim under Title I of the ADA. However, the OSU defendants argued that a Title I employment discrimination claim could not be maintained against them because the Supreme Court ruled in Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001), that Title I did not abrogate immunity under the Eleventh Amendment. Nevertheless, the OSU defendants argued that even if a Title II claim, based upon employment discrimination, were permissible, the Tenth Circuit in Elwell strongly stated that Eleventh Amendment immunity would likewise apply to such claim. They further argued that other courts had found that Eleventh Amendment immunity applied to the Title V ADA claim based on employment discrimination.

The Mercy defendants[2] argued that if the Eleventh Amendment barred the ADA claims against the OSU defendants, the ADA claims against them were subject to dismissal under Rule 12(b)(7) because the OSU defendants were indispensable parties to those claims.

At the hearing on defendants' dismissal motion as well as other defendants' dismissal motions, the court construed plaintiff's Second Amended Complaint as alleging a Title II ADA claim. The court agreed with the Honorable Joe Heaton in

---

[1] Oklahoma State University Medical Center, Oklahoma State University Medical Trust and OSUMC Professional Services, LLC.

[2] Mercy Health and Health Oklahoma Communities, Inc.

Bearden v. Oklahoma ex rel Board of Regents of University of Oklahoma, 234 F. Supp. 3d 1148, 1153 (W.D. Okla. 2017), that with respect to a Title II claim, as it applies to the class of cases implicating the right of access to public education, the Eleventh Amendment did not provide a defense. The court therefore found that plaintiff could bring a Title II ADA claim against the OSU defendants. The court also concluded that plaintiff could allege a retaliation claim against them under Title V because it was tied to the Title II claim. Further, the court rejected the Mercy defendants' argument that dismissal of the ADA claims against them was appropriate under Rule 12(b)(7).

In their motion, defendants request the court to clarify, and, if necessary, reconsider the court's ruling with respect to the ADA claims. Defendants seek clarification as to which of plaintiff's claims are made under Title II of the ADA and not subject to Eleventh Amendment immunity. According to defendants, clarification will prevent potential manifest injustice of claims proceeding against the OSU defendants as to which they have absolute immunity. The Mercy defendants assert that if the court clarifies that the claims alleged are proper only under Title II of the ADA, then the court should reconsider dismissal of the claims against the Mercy defendants under Title I.

II.

While motions to clarify and motions to reconsider are not recognized in the Federal Rules of Civil Procedure, "a district court always has the inherent power to reconsider its interlocutory rulings." Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investments II, LLC, ___F.3d ___, 2018 WL 989586, at *13 (10th Cir. Feb. 21, 2018). Thus, it may invoke its "plenary power to revisit and amend interlocutory orders as justice requires." *Id*. at 14.

Upon review, the court concludes that clarification is appropriate as to the claim it construed as alleged against the OSU defendants under Title II of the ADA.

The court construed the Second Amended Complaint as alleging a Title II claim against the OSU defendants based upon the termination of plaintiff's residency, not the termination of his employment. Plaintiff is bringing the claim *qua* student and not *qua* employee. The court construes the allegations with respect to employment discrimination relating to the OSU defendants as being made for purposes of plaintiff's claim under the Rehabilitation Act.

The court notes that the OSU defendants have presented additional evidence in their papers to factually attack whether plaintiff was a student of the OSU defendants and that his claim is actually one for employment discrimination. However, defendants have not argued or demonstrated that this additional evidence was not available to the OSU defendants at the time of their original motion. The court therefore declines to consider this previously available evidence. <u>Spring Creek Exploration & Production Company</u>, LLC, 2018 WL 989586, *14 (district court was not arbitrary, capricious, whimsical, or manifestly unreasonable in refusing to consider additional evidence for the first time after it ruled on a motion to dismiss) (quotations omitted).[3] Moreover, the OSU defendants, in their reply brief, have presented additional authority to support their argument that plaintiff was only an employee and not a student. This additional authority was also available to defendants at the time of their original motion as well as at the time of the filing of their motion to clarify. The court declines to consider this authority as it does not constitute an intervening change in the controlling law.

In addition, the court declines to reconsider its decision with respect to the issue of Eleventh Amendment immunity as to the Title II claim (or the Title V claim

---

[3] The court also notes that some of the additional evidence was submitted for the first time in the reply brief. The court declines to consider evidence presented in a reply brief since plaintiff has not had a fair opportunity to address it. <u>Bennett v. Sprint Nextel Corp.</u>, 2013 WL 1197124, *2 (D. Kan. Mar. 25, 2013); see also, <u>Starkey ex rel. A.B. v. Boulder County Social Services</u>, 569 F.3d 1244, 1259 (10th Cir. 2009).

tied to the Title II claim). The court concludes that as to his Title II claim, plaintiff is alleging a denial of access to OSU's education programs or services. The court agrees with Judge Heaton's ruling in Bearden as well as the rulings of the circuit courts upon which he relied, that "Title II, as it applies to the class of cases implicating the right of access to public education, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment." Bearden, 234 F. Supp. 3d at 1153. Contrary to defendants' arguments, the court concludes that the Title II claim alleged in the Second Amended Complaint is not similar to a Title II professional medical licensing claim, which the Tenth Circuit found subject to Eleventh Amendment immunity in Guttman v. Khalsa, 669 F.3d 1101 (10th Cir. 2012).

Next, the court concludes that it is appropriate to clarify its ruling with respect to the ADA claims against the Mercy defendants. The court construed the Second Amended Complaint as alleging a Title II claim under the ADA and a Title V retaliation claim tied to the Title II claim against the Mercy defendants. Therefore, the court concluded that because the Eleventh Amendment did not bar the Title II and Title V ADA claims against the OSU defendants, the Mercy defendants were not entitled to dismissal of the ADA claims under Rule 12(b)(7). However, upon further review of the Second Amended Complaint and the parties' dismissal papers, the court concludes that the Second Amended Complaint should be construed as alleging a Title I ADA claim and a Title V ADA claim tied to a Title I ADA claim against the Mercy defendants. Because the Eleventh Amendment bars a Title I claim and a Title V claim tied to a Title I claim against the OSU defendants, the court must consider whether the OSU defendants are indispensable parties to the Title I and Title V claims alleged against the Mercy defendants. As discussed below, the court concludes that the OSU defendants are not indispensable parties to those ADA

claims, the court therefore declines to reconsider its decision not to dismiss the Mercy defendants under Rule 12(b)(7).

III.

Rule 12(b)(7) provides for dismissal due to a "failure to join a party under Rule 19." Rule 19(a)(1) defines two categories of parties that are required to be joined if feasible. If the OSU defendants are within either category, they would be required parties as to the ADA claims. If they do not fit within either category, then they are not required to be joined as parties to the ADA claims.

To fit within the first category under Rule 19(a), it must appear that "complete relief" cannot be accorded between plaintiff and the Mercy defendants absent the OSU defendants' joinder. *See*, Rule 19(a)(1)(A), Fed. R. Civ. P. "This factor is concerned with consummate rather than partial or hollow relief as to those already parties." Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004). In other words, the court must be able to fashion meaningful relief as between the parties. *Id*.

The court concludes that it may fashion meaningful relief as between plaintiff and the Mercy defendants absent the OSU defendants' joinder. Although plaintiff seeks reinstatement to his position and it appears that the Mercy defendants may no longer have a contractual relationship with the OSU defendants, plaintiff seeks monetary relief, including back and front pay, on his claims. He also seeks punitive damages. *See*, Second Amended Complaint (doc. no. 82), ¶¶ 82, [83]. The court concludes that this relief would be meaningful relief on the ADA claims, if a judgment is rendered in favor of plaintiff.

The second category under Rule 19(a) requires that the OSU defendants claim "an interest relating to the subject of the action" and be "so situated that disposing of the action in the [OSU defendants'] absence" may "as a practical matter impair or impede the person's ability to protect the interest" or "leave an existing party

subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Rule 19(a)(1)(B), Fed. R. Civ. P. There appears to be no assertion that the OSU defendants, who are alleged to be joint employers or an integrated enterprise with the Mercy defendants with respect to plaintiff, claim an interest as to the ADA claims.

The court, however, finds that the OSU defendants have not demonstrated that the disposition of the ADA claims may impair their ability to protect their interest. The presence of the Mercy defendants offsets any prejudice to the OSU defendants. The Mercy defendants' interest in defending the ADA claims is substantially similar, if not "virtually identical," to the interests of the OSU defendants in regard to the claims. Sac and Fox Nation of Missouri v. Norton, 240 F.3d 1250, 1259 (10th Cir. 2001); s*ee also*, Rishell v. Jane Phillips Episcopal Memorial Medical Center, 94 F.3d 1407, 1411 (10th Cir. 1996) ("the prejudice to the relevant party's interest may be minimized if the absent party is adequately represented in the suit.") (quotations omitted). There does not appear to be any conflict between defendants regarding the ADA claims. Defendants are represented by the same counsel and filed a joint motion to dismiss. Furthermore, the court is not convinced that the Mercy defendants would be subjected to a substantial risk of imposition of multiple or inconsistent obligations in the absence of the OSU defendants.

In their dismissal papers, defendants argue that Oklahoma State University Medical Trust has statutory requirements governing its dealings with any entity it contracts with to run the operations of the medical center. It points out that these requirements include the oversight of "major decisions," including the disposition of assets over $250,000. *See*, 63 O.S. § 3290.[4] Defendants argues that the statutory

---

[4] Section 3290 provides in pertinent part:

requirements will impact how the OSU defendants and the Mercy defendants resolve plaintiff's ADA claims. Defendants contend that a judgment could have a compelling effect on the statutory obligations. The court, however, rejects this argument. Although the statute provides for approval of "disposition of assets" over $250,000, the court does not conclude that this language includes a payment of damages for an ADA claim if Mercy defendants are found liable.

Because the OSU defendants do not fit within either category of Rule 19(a), the court concludes that they are not required parties which should be joined if feasible under Rule 19(a).

However, even assuming arguendo that the OSU defendants should be classified as required parties under Rule 19(a) as to the ADA claims and cannot be feasibly joined because of Eleventh Amendment immunity, the court is not persuaded that they are indispensable parties. A required party can be considered an indispensable party only if, "in equity and good conscience," a court should not allow the action to proceed in the party's absence. Rule 19(b), Fed. R. Civ. P. To make this determination, the court must balance the following four factors:

---

The Oklahoma State University Medical Trust shall require any agreements which it enters into with any entity . . . to include, but not be limited to . . .

* * * *

3. Major decisions shall be resolved by the governing committee, and approval of any major decision by the governing committee must include the approval of a majority of the state appointees and the approval of a majority of the private entity appointees to the governing committee. Major decisions shall include:

* * * *

(b) sale or disposition of assets over Two Hundred Fifty Thousand Dollars ($250,000).

63 O.S. 3290(B)(3)(b).

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Rule 19(b), Fed. R. Civ. P.

With respect to the first factor, the court has already found that while the OSU defendants claim an interest in the ADA claims, the prejudice to their interest is offset by the fact that the Mercy defendants' interests in defending those claims are substantially similar, if not virtually identical, to that of the OSU defendants. *See*, Sac and Fox Nation of Missouri, 240 F.3d at 1260; Rishell, 94 F.3d at 1412. Because the prejudice, if any, is minimal, the court does not have to be concerned with the second factor, which addresses the availability of means for lessening or avoiding prejudice. *Id.* As to the third factor, a judgment rendered in the OSU defendants' absence would be adequate because, as stated, the court can award damages to plaintiff and the Mercy defendants are clearly capable of addressing all of the issues relating to the ADA claims. Moreover, in the court's view, permitting the claims to proceed would wholly settle the underlying dispute and would be a complete, consistent and efficient resolution of the claims. *See,* Northern Arapaho Tribe v. Harnsberger, 697 F.3d 1272, 1283 (10th Cir. 2012) (The third factor is concerned

with the "interest of the courts and the public in complete, consistent and efficient settlement of controversies.") (quotations omitted). Finally, there does not appear to be an alternative forum in which to bring the ADA claims.

Balancing the four factors set forth in Rule 19(b), the court concludes that the ADA claims should proceed against the Mercy defendants and the OSU defendants are not indispensable parties to those claims.

IV.

Based upon the foregoing, Defendants, Oklahoma State University Medical Center, Health Oklahoma Communities, Inc., Mercy Health, Oklahoma State University Medical Trust and OSUMC Professional Services, LLC's Motion to Clarify, or Alternatively, Reconsider (doc. no. 131) is **GRANTED** to the extent that the court has clarified its rulings with respect to plaintiff, Jeffrey Snyder, D.O.'s ADA claims and is **DENIED** to the extent that defendants seek reconsideration of the court's rulings and the dismissal of the ADA claims.

IT IS SO ORDERED this 12th day of March, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-0384p037.docx