1IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JEFFREY SNYDER, D.O., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>(1) BOARD OF REGENTS FOR THE AGRICULTURAL & MECHANICAL COLLEGES, *ex rel.*, OKLAHOMA STATE UNIVERSITY CENTER FOR HEALTH, *et al.*,<br><br>Defendants. | ) ) ) ) ) ) ) ) Case No. CIV-16-384-F ) ) ) ) ) ) ) ) ) |

## DEFENDANT OKLAHOMA STATE UNIVERSITY MEDICAL TRUST'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendant, Oklahoma State University Medical Trust ("OSUMT"), and submits its answers and responses to Plaintiff's First Request for Production of Documents.

### GENERAL OBJECTIONS

1. OSUMT objects to Defendant's discovery requests to the extent they are not: relevant to the subject matter involved in the pending action, related to the claim(s) or defense(s) of either party, or calculated to lead to the discovery of admissible evidence.

2. OSUMT objects to the disclosure of any information that was prepared in anticipation of or for litigation by or for it or any of its representatives or that are otherwise beyond the permissible scope of discovery.

1



PLAINTIFF'S EXHIBIT 1

**RESPONSE TO NO. 9:** Defendant objects to this request because it is overbroad and not proportional to the needs of the case, and because it seeks information which is not relevant. Without waiving these objections, Defendant states that there have been no such claims other than those alleged by plaintiff.

**REQ PROD NO. 10:** Produce the "personnel documents"[1] for the following persons:

A. All persons who, from January 1, 2014, through the present, occupied the same and/or similar position as the Plaintiff and/or performed the same and/or similar job duties as the Plaintiff and/or were medical residents in the same residency program as the Plaintiff;

B. All persons who, from January 1, 2014, through the present, were supervised (either directly and/or indirectly) by any person who participated in the decision to terminate the Plaintiff;

C. All persons who, from January 1, 2014, through the present, were supervised (either directly and/or indirectly) by the person(s) who made the final decision to terminate the Plaintiff;

D. All persons who, from January 1, 2014, through the present were disciplined and/or terminated for the same and/or similar reasons the Plaintiff was

---

[1]"Personnel documents" unless defined otherwise means documents, emails or electronically stored information containing the following information regardless of where these documents may be located: (A) last known home addresses, date of birth, gender, last known phone numbers; (B) job titles, job duties and dates of employment; (C) complaints concerning gender and/or age discrimination and/or retaliation; D) formal and/or informal disciplinary and coaching actions; € disciplinary and/or counseling records; (G) training related to enforcement of disciplinary and discrimination policies and rules regarding discrimination and/or retaliation (H) complaints of gender and/or disability type discrimination and/or retaliation.

The request for "personnel documents" does **not** include information related to tax withholding, social security numbers, designation of beneficiaries for benefits, benefits for beneficiaries, medical records and identification of spouses and children.

8

disciplined and/or terminated;

E. All persons who, from January 1, 2014, through the present, made a complaint (internal and/or external) of gender discrimination, disability discrimination and/or retaliation.

F. All persons who,, from January 1, 2014, through the present, were accused of engaging in misconduct of equal or greater seriousness than that attributable to the Plaintiff; and,

G. All persons who, from January 1, 2014, through the present, were accused of engaging in misconduct of equal or greater seriousness than that attributable (including but not limited to termination) for offenses of equal and/or offenses of equal and/or greater seriousness than that attributed to the Plaintiff.

**RESPONSE TO NO 10:** Defendant objects to this request because it is overbroad and not proportional to the needs of the case, and because it seeks the private personal information of third parties, and seeks information which is not relevant. Without waiving these objections, Defendant states that there have been no such claims other than those alleged by plaintiff.

**REQ PROD NO. 11:** For all persons employed in the same residency program as the Plaintiff, produce:

A. All documents (including correspondence) materially related to any mistake and/or error made in evaluating and/or treating a patient; and

B. All documents (including correspondence) materially related to performance of his/her duties as a resident.

This request is limited to the period of January 1, 2013, through the present.

9

**RESPONSE TO NO. 11:** Defendant objects to this request because it is overbroad and not proportional to the needs of the case, and because it seeks the private personal information of third parties, and seeks information which is not relevant.

**REQ PROD NO. 12:** For all persons employed in the same residency program supervised (directly and/or indirectly) by Dr. Cotton and/or Dr. Alexopulos, produce:

A. All documents (including correspondence) materially related to any mistake and/or error made in evaluating and/or treating a patient; and,

B. All documents (including correspondence) materially related to performance of his/her duties as a resident.

**RESPONSE TO NO. 12:** See objections and response to Request No. 11.

**REQ PROD NO. 13:** For any errors and/or conduct you claim was made by Plaintiff (including any conduct you claim jeopardized patient safety), produce:

A. All documents materially related to such errors;

B. All documents showing any notification to the patients upon whom such errors were committed;

C. All documents materially related to any reports made against to any private and/or public (state, federal, etc.) agency identifying such errors; and,

D. All documents materially related to notifying patients that their life and/or safety was in jeopardy as the result of any evaluation, recommendation and/or treatment given by the Plaintiff.

**RESPONSE TO NO. 13:** Defendant agrees to produce all presently identified responsive documents.

**REQ PROD NO. 14:** Produce:

D.  The answers or responses you filed to any such lawsuit, tor claim, demand letter or demand for arbitration.

This request is limited to charges/claims materially related to disability and/or gender discrimination and/or retaliation.

**RESPONSE TO NO. 18:** Defendant objects to this request because it is overbroad and not proportional to the needs of the case, and because it seeks information which is not relevant. Without waiving these objections, Defendant states that there have been no such charges other than that filed by plaintiff

**REQ PROD NO. 19:** Produce true copies of:

A.  All documents which you obtain by subpoena in this case;

B.  All documents which you obtain by means of any release executed by the Plaintiff in this case;

C.  All affidavits, audio recordings, audio-visual recordings, stenographic recordings, signed or unsigned written statements which you obtain in this case;

D.  All documents which you may use for purposed of impeaching the Plaintiff or any person believed to be a likely witness in this case, and

E.  All documents which you may use to show that the Plaintiff or any witness in this case is biased in favor of or against a party in this case.

**RESPONSE TO NO. 19:** Defendant agrees to produce responsive documents.

**REQ PROD NO. 20:** Produce the W-2 forms and pay stubs for:

A.  All persons who made the final decision to terminate the Plaintiff;

B.  All persons who participated in the final decision to terminate the Plaintiff;

13

C. Dr. Lora Cotton;

D. Dr. Jenny Alexopulos; and,

E. Sunny Benjamin.

**RESPONSE TO NO. 20:** Defendant objects to this request because it is overbroad and not proportional to the needs of the case, and because it seeks the private personal information of third parties and seeks information which is not relevant.

**REQ PROD NO. 21:** Produce:

A. Defendant's OESC Quarterly Reports for the years 2013 through the present;

B. Documents showing the owners of Defendant during any period between January 1, 2013, and the present;

C. Any contracts/agreements for services related to the Residency Program between you and:

  a. Defendant Board of Regents for the Oklahoma Agricultural & Mechanical Colleges, *ex. Rel.*, Oklahoma State University Center for Health Sciences;

  b. Mercy Health;

  c. Mercy Health Oklahoma Communities, Inc., d/b/a Mercy Health System;

  d. Oklahoma State University Medical Authority; and/or

  e. OSUMC Professional Services;

F. All tax returns from the Defendant from 2013 to the present; and,

G. All documents filed with the Oklahoma Secretary of State and in effect during any period between 2013 and the present.

**RESPONSE TO NO. 21:** Defendant objects to this request because it is overbroad and not proportional to the needs of the case, and because it seeks information which is not relevant.

14

*/s/ Nathan L. Whatley*

Nathan L. Whatley, OBA No. 14601
Michael F. Lauderdale, OBA No. 14265
Philip R. Bruce, OBA No. 30504
McAFEE & TAFT
A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-9621
Facsimile:  (405) 235-0439
nwhatley@mcafeetaft.com
mikelauderdale@mcafeetaft.com
philipbruce@mcafeetaft.com

**ATTORNEYS FOR DEFENDANTS**
Oklahoma State University Medical Center, Health Oklahoma Communities, Inc., Mercy Health, Oklahoma State University Medical Trust and OSUMC Professional Services, LLC

18

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2017, I mailed the foregoing document first class mail, postage pre-paid to the following:

Mark E. Hammons
Amber L. Hurst
HAMMONS GOWENS HURST &
ASSOCIATES
325 Dean A. McGee Ave
Oklahoma City, OK 73102
**ATTORNEYS FOR PLAINTIFF**

W. Kirk Turner
Samanthia S. Marshall
Jacob S. Crawford
Rachel B. Crawford
NEWTON O'CONNOR TURNER &
KETCHUM
15 West Sixth Street, Suite 2700
Tulsa, OK 73102
**ATTORNEYS FOR COMMUNITYCARE HMO**

Edward J. Main
James K. Secrest, II
Secrest Hill & Butler
7134 S. Yale Ave., Ste. 900
Tulsa, OK 74136-6342
**ATTORNEYS FOR LESLIE BARNES**

M. Daniel Weitman
Lauren J. Ray
Attorney General's Office
313 NE 21s Street
Oklahoma City, OK 73105
**ATTORNEYS FOR OKLAHOMA STATE UNIVERSITY MEDICAL AUTHORITY**

Adam W. Childers
Allen Hutson
Crowe & Dunlevy
Braniff Building
324 N. Robinson Ave., Ste. 100
Oklahoma City, OK 73102
**ATTORNEYS FOR JENNY ALEXOPULOS AND LORA COTTON**

Stephen R. Stephens
Clint Pratt
Board of Regents for the Oklahoma A&M Colleges
Student Union, 5th Floor
Stillwater, OK 74078
**ATTORNEY FOR BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES**

Nathan L. Whatley

19