### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

JEFFREY SNYDER, D.O.,        )
                                   )
            Plaintiff,        )
v.                            )     Case No. CIV-16-384-F
                                   )
BOARD OF REGENTS FOR THE    )
OKLAHOMA AGRICULTURAL &     )
MECHANICAL COLLEGES, *ex rel.*,  )
OKLAHOMA STATE UNIVERSITY   )
CENTER FOR HEALTH SCIENCES,  )
*et al.,*                          )
                                   )
           Defendants.    )

### <u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>

Pursuant to the Third Amended Scheduling Order [ECF No. 282] and subsequent Order extending the deadline for pretrial filings [ECF No. 421], Defendants, Oklahoma State University Medical Trust d/b/a Oklahoma State University Medical Center ("OSUMC"), and Board of Regents for the Oklahoma Agricultural & Mechanical Colleges *ex rel.* Oklahoma State University Center for Health Sciences ("OSU-CHS") (collectively "Defendants") submit the following proposed jury instructions for the Court's review.

Respectfully submitted,

_s/ Philip R. Bruce_
Nathan L. Whatley, OBA #14601
Michael F. Lauderdale, OBA #14265
Kristin M. Simpsen, OBA #22302
Philip R. Bruce, OBA #30504
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439
nathan.whatley@mcafeetaft.com
mike.lauderdale@mcafeetaft.com
kristin.simpsen@mcafeetaft.com
philip.bruce@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT
OKLAHOMA STATE UNIVERSITY
MEDICAL TRUST D/B/A OKLAHOMA
STATE UNIVERSITY MEDICAL CENTER**

_s/ Stephen R. Stephens(with permission)_
Stephen R. Stephens, OBA #10479
Michael Scott Fern, OBA #2880
Clinton W. Pratt, OBA #21329
Board of Regents for OSU
Student Union, 5th Floor
Stillwater, OK 74078
Telephone:   (405) 744-6494
Facsimile:   (405) 744-7998

**ATTORNEYS FOR DEFENDANT BOARD
OF REGENTS FOR THE OKLAHOMA
AGRICULTURAL AND MECHANICAL
COLLEGES**

## CERTIFICATE OF SERVICE

I hereby certify that on February 26th, 2020 I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Filing to the following ECF registrants:

Stephen R. Stephens, OBA #10479
Michael Scott Fern, OBA #2880
Clinton W. Pratt, OBA #21329
Board of Regents for OSU
5th Floor, Student Union Bldg.
Stillwater, OK 74078
Telephone: (405) 744-6494
Facsimile: (405) 744-7998
steve.stephens@okstate.edu
msfern@okstate.edu
clint.pratt@okstate.edu


**ATTORNEYS FOR BOARDOF REGENTS
FOR THE OKLAHOMA AGRICULTURAL
AND MECHANICAL COLLEGES**

Joshua Stockton, OBA #21833
Jaklyn Garret, OBA #31556
Laura Talbert, OBA #32670
STOCKTON TALBERT, PLLC
1127 NW 14th Street
Oklahoma City, OK 73106

**ATTORNEYS FOR PLAINTIFF
JEFFREY SNYDER, D.O.**


_s/ Philip R. Bruce_
Philip R. Bruce

## TABLE OF CONTENTS

**DEFENDANTS' INSTRUCTION NO. 1, Opening**.......................................................**10**

**DEFENDANTS' INSTRUCTION NO. 2, Parties** .........................................................**11**

**DEFENDANTS' INSTRUCTION NO. 3, Statement of the Case** ...............................**12**

**DEFENDANTS' INSTRUCTION NO. 4, All Persons Equal Before the Law** ..........**14**

**DEFENDANTS' INSTRUCTION NO. 5, Evidence** .....................................................**15**

**DEFENDANTS' INSTRUCTION NO. 6, Direct and Circumstantial Evidence**.......**17**

**DEFENDANTS' INSTRUCTION NO. 7, Credibility of Witnesses** ..........................**18**

**DEFENDANTS' INSTRUCTION NO. 8, Available Witnesses** ..................................**19**

**DEFENDANTS' INSTRUCTION NO. 9, Expert Witness** ...........................................**20**

**DEFENDANTS' INSTRUCTION NO. 10, Deposition Testimony** ............................**21**

**DEFENDANTS' INSTRUCTION NO. 11, Impeachment**............................................**22**

**DEFENDANTS' INSTRUCTION NO. 12, No Speculation by Jury** .........................**23**

**DEFENDANTS' INSTRUCTION NO. 13, No Speculation by Witnesses** .................**24**

**DEFENDANTS' INSTRUCTION NO. 14, Burden of Proof – The Greater Weight of the Evidence**.............................................................................................................**25**

**DEFENDANTS' INSTRUCTION NO. 15, Multiple Defendants** ..............................**27**

**DEFENDANTS' INSTRUCTION NO. 16, Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act – General Legal Requirements**........**29**

**DEFENDANTS' INSTRUCTION NO. 17, ADA/Section 504 – Essential Elements** ............................................................................................................. 30

**DEFENDANTS' INSTRUCTION NO. 18, Plaintiff's Burden of Proving Pretext** ... 31

**DEFENDANTS' INSTRUCTION NO. 19, Otherwise Qualified** ................................. 33

**DEFENDANTS' INSTRUCTION NO. 20, Definition of Disability** .......................... 34

**DEFENDANTS' INSTRUCTION NO. 21, Substantial Limitation on Life Activity** 35

**DEFENDANTS' INSTRUCTION NO. 22, Regarded as Disabled** ............................. 36

**DEFENDANTS' INSTRUCTION NO. 23, Medical Examinations** ............................ 37

**DEFENDANTS' INSTRUCTION NO. 24, Qualified Individual with a Disability** .. 38

**DEFENDANTS' INSTRUCTION NO. 25, But-For Causation** ................................... 39

**DEFENDANTS' INSTRUCTION NO. 26, Educational Institutions** ........................ 40

**DEFENDANTS' INSTRUCTION NO. 27, Damages – Intentional Discrimination** ............................................................................................................. 41

**DEFENDANTS' INSTRUCTION NO. 28, Retaliation** ............................................... 43

**DEFENDANTS' INSTRUCTION NO. 29, Retaliation - Pretext** ................................ 45

**DEFENDANTS' INSTRUCTION NO. 30, Retaliation – Discriminatory Intent Required** ...................................................................................................................... 46

**DEFENDANTS' INSTRUCTION NO. 31, Belief of Decision Maker** ........................ 48

**DEFENDANTS' INSTRUCTION NO. 32, False Statement** ....................................... 49

**DEFENDANTS' INSTRUCTION NO. 33, Plaintiff not Entitled to Preferential Treatment** ................................................................................................................... 50

**DEFENDANTS' INSTRUCTION NO. 34, Discrimination and Retaliation Separate Verdicts on Each Claim** ................................................................................................. 51

**DEFENDANTS' INSTRUCTION NO. 35, Business and Academic Judgment** ........ 52

**DEFENDANTS' INSTRUCTION NO. 36, Fairness** ..................................................... 53

**DEFENDANTS' INSTRUCTION NO. 37, Breach of Contract – Resident Agreement (General)** ....................................................................................................................... 55

**DEFENDANTS' INSTRUCTION NO. 38, Breach of Contract – Resident Agreement** ............................................................................................................................................ 56

**DEFENDANTS' INSTRUCTION NO. 39, Conditions Precedent – Resident Agreement** .......................................................................................................................... 57

**DEFENDANTS' INSTRUCTION NO. 40, Modification of Contract – Resident Agreement** .......................................................................................................................... 59

**DEFENDANTS' INSTRUCTION NO. 41, Breach of Contract – Policies and Standards (General)** ........................................................................................................ 60

**DEFENDANTS' INSTRUCTION NO. 42, Formation of a Contract – Policies and Standards** ........................................................................................................................... 61

**DEFENDANTS' INSTRUCTION NO. 43, Form of a Contract – Policies and Standards** ........................................................................................................................... 62

**DEFENDANTS' INSTRUCTION NO. 44, Definition of Offer – Policies and Standards** ........................................................................................................................... 63

**DEFENDANTS' INSTRUCTION NO. 45, Definition of Acceptance – Policies and Standards** ........................................................................................................................... 64

**DEFENDANTS' INSTRUCTION NO. 46, The Requirement of Consideration – Policies and Standards** ..................................................................................................... 65

**DEFENDANTS' INSTRUCTION NO. 47, Required Consideration Must be Separate – Policies and Standards** .................................................................................................. 67

**DEFENDANTS' INSTRUCTION NO. 48, No Time Specified for Performance – Policies and Standards** ................................................................ **68**

**DEFENDANTS' INSTRUCTION NO. 49, Breach of Contract – Policies and Standards** ................................................................................... **69**

**DEFENDANTS' INSTRUCTION NO. 50, Damage – Back Pay** ............................... **71**

**DEFENDANTS' INSTRUCTION NO. 51, Compensatory Damages** ........................ **73**

**DEFENDANTS' INSTRUCTION NO. 52, Plaintiff Must Show Intentional Discrimination to Recover Compensatory Damages on Rehabilitation Act Claims** ................................................................................................... **75**

**DEFENDANTS' INSTRUCTION NO. 53, Mitigation of Damages** ........................... **76**

**DEFENDANTS' INSTRUCTION NO. 54, Multiple Claims – No Double Recovery** ................................................................................................... **77**

**DEFENDANTS' INSTRUCTION NO. 55, No Punitive Damages Permitted on Rehabilitation Act, ADA, and Title VII Claims** .......................... **79**

**DEFENDANTS' INSTRUCTION NO. 56, Breach of Contract Damages – Resident Agreement** .......................................................................... **80**

**DEFENDANTS' INSTRUCTION NO. 57, Breach of Contract Measure of Damages – Resident Agreement** ................................................................. **81**

**DEFENDANTS' INSTRUCTION NO. 58, Breach of Contract – No Emotional Damages – Resident Agreement** ................................................ **82**

**DEFENDANTS' INSTRUCTION NO. 59, Uncertainty as to Fact or Amount of Damages – Resident Agreement** ................................................ **83**

**DEFENDANTS' INSTRUCTION NO. 60, Unnecessary Losses (Mitigation) – Resident Agreement** .......................................................................... **84**

**DEFENDANTS' INSTRUCTION NO. 61, Breach of Contract Damages – Policies and Standards** ................................................................................... **85**

**DEFENDANTS' INSTRUCTION NO. 62, Breach of Contract Measure of Damages – Policies and Standards**................................................................**86**

**DEFENDANTS' INSTRUCTION NO. 63, Breach of Contract – No Emotional Damages – Policies and Standards** ...............................................**87**

**DEFENDANTS' INSTRUCTION NO. 64, Breach of Contract – No Punitive Damages – Policies and Standards** ...............................................**88**

**DEFENDANTS' INSTRUCTION NO. 65, Speculative Damages** ...........................**89**

**DEFENDANTS' INSTRUCTION NO. 66, Attorneys' Fees and Court Costs** ..........**90**

**DEFENDANTS' INSTRUCTION NO. 67, Effect of Instructions as to Damages**.....**91**

**DEFENDANTS' INSTRUCTION NO. 68, Closing** ......................................................**92**

**GENERAL INSTRUCTIONS**

## DEFENDANTS' INSTRUCTION NO. 1

## **OPENING**

Members of the jury, you have heard the evidence and will hear the final arguments presented for the plaintiff and for the defendants. I will now instruct you on the law you will apply in this case.

You, as jurors in this case, are the sole judges of the facts. You must decide the true facts from the evidence you have heard. In considering the evidence in this case, you will use the court's instructions and your own sound judgment. You are to determine the facts in this case, and you must then apply the law contained in these instructions to those facts to decide whether the defendants are liable.

First, I will instruct you on some general rules for your consideration of the evidence in this case. Then I will instruct you on the law regarding the plaintiff's claims. After that, I will instruct you regarding damages. Lastly, I will give you some instructions about how to proceed with your deliberations and I will go over the verdict forms with you.

**AUTHORITY**:   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams  v. City of Okla. City*, Case No. CIV-14-0081-F.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 2

## **PARTIES**

The plaintiff in this case is Jeffrey Snyder, D.O. ("Snyder").

The defendants in this case are:

The Board of Regents for the Oklahoma Agricultural & Mechanical Colleges (Board of Regents), *ex rel*., Oklahoma State University Center for Health Sciences ("OSU-CHS"):  The Board of Regents is a governing board created by statute and has management and control over five educational institutions and constituent agencies, which includes OSU-CHS – OSU-CHS operates the OSU-CHS Family Medicine Residency Program.  Snyder was a resident in the OSU-CHS Family Medicine Residency Program.

Oklahoma State University Medical Trust, d/b/a OSU Medical Center ("OSUMC"):  OSUMC is a state beneficiary public trust which operates the hospital. For purposes of trial and these instructions, the hospital will be referred to as OSUMC. OSUMC was Snyder's employer.

**AUTHORITY**:  Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Glover v. Johnson*, Case No. CIV-14-936-F (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 3

## <u>STATEMENT OF THE CASE</u>

Plaintiff Jeffery Snyder, D.O., is a graduate from OSU-CHS medical school; is a former employee of OSUMC; and is a former resident in the OSU-CHS Family Medicine Residency Program.

In this case, Snyder alleges that he was subjected to an ongoing series of unlawful actions by the defendants. Based on these alleged actions, Snyder brings the following claims, which will be described to you in more detail later in these instructions.

He alleges federal claims under the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., for disability discrimination based on a perceived disability and retaliation for his complaints of disability discrimination. This claim is brought against OSU-CHS and OSUMC.

He alleges federal claims under the American with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq., for disability discrimination based on a perceived disability and retaliation for his complaints of disability discrimination in violation of Title II of the American with Disabilities Act. This claim is asserted against OSU-CHS only.

He alleges a federal claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., for retaliation based on his complaints of gender discrimination. This claim is brought against OSU-CHS and OSUMC.

He alleges a state law breach of contract claim for breach of implied and express contracts to which he was a party as part of the OSU-CHS Family Medicine Residency Program.  This claim is asserted against OSUMC only.

Based on the above-described claims, Snyder alleges that he is entitled to recover compensatory damages from the defendants for injuries which he contends he has suffered as a result of the defendants' allegedly unlawful acts.

Defendants deny each of Snyder's claims. It is Defendants' contention that Snyder performed poorly during his medical residency.  It is also Defendants' contention that Defendants had an honest, good faith belief that Snyder posed a risk of harm to patient safety and failed to adequately progress in his residency training.

Defendants deny that Snyder can prove the elements of his claims. Defendants deny that their actions were unlawful. Defendants deny that their actions caused any compensable damages to Snyder.

These are the issues for you to determine.  You must evaluate Snyder's claims separately against OSUMC and OSU-CHS.  Your verdict as to one Defendant should not influence your verdict on a claim as to any other Defendant.

**AUTHORITY**:   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams  v. City of Okla. City*, Case No. CIV-14-0081-F (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 4

## <u>ALL PERSONS EQUAL BEFORE THE LAW</u>

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice. Furthermore, a public entity is entitled to the same fair trial that a private individual is entitled to. The fact that plaintiff Jeffery Snyder, D.O., is an individual, and the fact that certain defendants are public entities, should not influence your thinking, either for or against, any party.

**AUTHORITY**:   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams  v. City of Okla. City*, Case No. CIV-14-0081-F (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 5

### EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits which have been received in evidence, and any facts which have been agreed upon or stipulated to.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In considering the evidence and in determining the issues in this case, you should bring to your aid the knowledge which you possess in common with the generality of mankind concerning the matters disclosed by the evidence.

Statements and arguments of counsel are not evidence in the case. When the attorneys for all parties stipulate or agree as to the existence of a fact, the jury must accept the stipulation as evidence and regard that fact as conclusively proved.

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you are the sole judges of the facts and that includes the credibility of all witnesses and the weight and effect of all evidence.

When the court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of

it or speculate as to what the witness would have said if permitted to answer any question.

**AUTHORITY**:   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams  v. City of Okla. City*, Case No. CIV-14-0081-F.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 6

## <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eye witness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence or non-existence of a fact. As a general rule the law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.

**AUTHORITY**:   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams v. City of Okla. City*, Case No. CIV-14-0081-F (modified to include language from instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Glover v. Johnson*, Case No. CIV-14-936-F).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 7

## <u>CREDIBILITY OF WITNESSES</u>

You are the sole judges of the credibility or believability of each witness and the weight to be given to the witness's testimony. In weighing the testimony of a witness, you should consider the witness's relationship to the plaintiff or the defendants; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**AUTHORITY:**   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams  v. City of Okla. City*, Case No. CIV-14-0081-F.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 8

## <u>AVAILABLE WITNESSES</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**AUTHORITY:**  O'Malley, Grenig & Lee, Federal Jury Practice & Instructions (5th ed. 2012), §105.11

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 9

## **<u>EXPERT WITNESS</u>**

Testimony of a witness who is represented to be skilled in certain areas has been introduced. Such a witness is known in the law as an expert witness. You may consider the testimony of this witness and give it such weight as you think it should have, but the value to be given this testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

**AUTHORITY:**   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams  v. City of Okla. City*, Case No. CIV-14-0081-F.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 10

## <u>DEPOSITION TESTIMONY</u>

During the course of the trial certain testimony has been introduced through either playing the video deposition of witnesses or by reading the deposition testimony of witnesses.  You are instructed that you are not to discount this testimony for the sole reason that the witness did not take the stand to provide his or her testimony.  It is entitled to the same consideration, and the same judgment on your part with reference to its weight, as is the testimony of witnesses who have taken the stand.

**AUTHORITY:**   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams  v. City of Okla. City*, Case No. CIV-14-0081-F (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 11

## <u>IMPEACHMENT</u>

You are instructed that a witness may be discredited or impeached by contradictory evidence or by evidence that at other times the witness has made statements that are inconsistent with the witness's present testimony.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness only such credibility, if any, as you may think it deserves.

If any witness is shown to have knowingly testified falsely concerning any material matter, you have the right to distrust such witness's testimony in other particulars, and you may reject all of the testimony of that witness, or give it only such credibility as you may think that it deserves.

**AUTHORITY:**   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams  v. City of Okla. City*, Case No. CIV-14-0081-F.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**DEFENDANTS' INSTRUCTION NO. 12**

**<u>NO SPECULATION BY JURY</u>**

Although you are allowed to draw inferences based on circumstantial evidence, an inference is not a suspicion or a guess. An inference is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist. While you may draw such inferences, your decision must be based upon probabilities, not possibilities. It may not be based upon pure speculation or guesswork.

AUTHORITY:  Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams  v. City of Okla. City*, Case No. CIV-14-0081-F.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 13

## NO SPECULATION BY WITNESSES

Snyder's personal beliefs, conjecture, or speculation concerning the Defendants explanation of their decisions relative to Snyder are not evidence of discrimination or retaliation and are insufficient to support an inference of discrimination or bias.  Snyder must do more than simply question whether the Defendants' reasons were the real reasons or speculate that someone else would have not made the same decisions.  Instead, Snyder must offer credible evidence that the Defendants were motivated by an intent to illegally discriminate against him because of a perceived disability or because of gender and disability discrimination complaints.

**AUTHORITY:**   *Bullington v. United Air Lines, Inc*., 186 F.3d 1301, 1317 (10th Cir. 1999); *Doan v. Seagate Tech., Inc*. , 82 F.3d 974, 977 (10th Cir. 1996); *Branson v. Price River Coal Co*., 853 F.2d 768, 772 (10th Cir. 1988).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 14

### <u>BURDEN OF PROOF –</u>
### <u>THE GREATER WEIGHT OF THE EVIDENCE</u>

Unless I advise you otherwise in these instructions, Snyder has the burden to prove each essential element of his claims as hereinafter explained by the greater weight of the evidence, a measure also sometimes known as a preponderance of the evidence.

When I instruct you that a proposition must be proven by the greater weight of the evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which a party has the burden of proof is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

In determining whether any fact in issue has been proven by the greater weight of the evidence, you should consider the testimony of all witnesses regardless of who may have called them, and all the exhibits received in evidence regardless of who may have produced them.

Snyder, as the party seeking to recover on his claims, has the burden to prove all of the elements of each of his claims and his entitlement to damages. If Snyder does not do so with respect to a certain claim, then your verdict must be for the defendant on that claim.

In addition to disputing Snyder's proof and contending that Snyder has not proved all of the elements of his claims, defendants have an affirmative defense to the damages

sought against them.  When, in these instructions, a defense is described to you as an affirmative defense, it means that defendants, as the parties asserting the affirmative defense, have the burden to prove that affirmative defense to you.

Except when you are considering an affirmative defense, the burden of proof remains on Snyder to prove his claims. In deciding whether a party has met their burden of proof on a claim or on an affirmative defense, you are to take into account all of the evidence, whether offered by that party or any other party.

**AUTHORITY:**   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams  v. City of Okla. City*, Case No. CIV-14-0081-F (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 15

## <u>MULTIPLE DEFENDANTS</u>

Although there are two defendants in this action, it does not follow from that fact alone that if one defendant is liable to Snyder, both defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Accordingly, you must consider Snyder's claims separately as to each defendant against whom a particular claim is alleged.

**AUTHORITY:**   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams v. City of Okla. City*, Case No. CIV-14-0081-F.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**REHABILITATION ACT AND AMERICANS WITH DISABILITIES ACT**

## DEFENDANTS' INSTRUCTION NO. 16

## <u>SECTION 504 OF THE REHABILITATION ACT AND TITLE II OF THE AMERICANS WITH DISABILITIES ACT – GENERAL LEGAL REQUIREMENTS</u>

Snyder brings claims against OSU-CHS under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504").  Snyder brings claims against OSUMC under Section 504 only.

The ADA applies to all public entities, and Section 504 applies to all public entities that receive federal financial assistance. The parties agree that Defendants are both public entities that receive federal financial assistance.  The ADA and Section 504 are basically the same as applied to OSU-CHS.

The ADA and Section 504 state that an individual with a disability who is otherwise qualified to participate in a federally funded program may not be "excluded from the participation in, be denied the benefits of, or be subjected to discrimination" solely by reason of her or his disability.

AUTHORITY:  *Miller v. Bd. of Educ.*, 565 F.3d 1232, 1245-1246 (10th Cir. 2009); 29 U.S.C. § 794(a).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 17

## <u>ADA/SECTION 504 – ESSENTIAL ELEMENTS</u>

To establish a claim against OSU-CHS under Title II of the ADA and Section 504 and to establish a claim against OSUMC under Section 504, Snyder must prove each of the following elements by a preponderance of the evidence:

1. That Snyder was perceived as disabled under the Acts.

2. That Snyder was otherwise qualified to participate in the Family Medicine Residency Program.

3. That Defendants receive federal financial assistance and are public entities.

4. That Defendants excluded, denied benefits to, or discriminated against Snyder because of a perceived disability.

5. As a direct result of Defendants' discriminatory actions, Snyder sustained damages.

**AUTHORITY:** 29 U.S.C. § 794(a); *Miller v. Bd. of Educ.,* 565 F.3d 1232, 1245-46 (10th Cir. 2009); Barber ex rel. Barber v. Colo. Dept. of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009); *Price v. City of Charlotte*, 93 F.3d 1241, 1250-56 (4th Cir. 1996).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 18

## <u>PLAINTIFF'S BURDEN OF PROVING PRETEXT</u>

You must consider any nondiscriminatory reasons or explanations including perceived problems with clinical judgment, conduct or performance, stated by OSUMC or OSU-CHS for any adverse actions affecting Snyder. If you find that OSUMC or OSU-CHS has set forth any reasons for Snyder's treatment which were not discriminatory in nature, then you must decide in favor of Defendants unless Snyder proves by a preponderance of the evidence that the stated reasons for Defendants' actions were not the true reasons, but were only a pretext or excuse for discriminating against him.

Snyder can attempt to prove pretext directly by persuading you by a preponderance of the evidence that his perceived disability was the but-for reason for any adverse actions against him.

Snyder also can attempt to prove that Defendants' stated reasons are a pretext by persuading you that they are not true. However, it is not enough for Snyder simply to prove that Defendants' stated reasons were not the true reasons for any adverse actions. This is because Snyder always has the burden of proving by a preponderance of the evidence that Defendants were motivated by a desire to illegally discriminate against Snyder because of a perceived disability. Therefore, even if you decide that Defendants did not truly rely on the stated reasons for its actions, you cannot decide in favor of Snyder without further evidence that Defendants made their decisions because of Snyder's perceived disability. Snyder must prove that Defendants were, in fact, motivated by a specific intent to illegally discriminate against him in order for you to find in his favor on any of his claims.

**AUTHORITY:**    *Novak v. Bd. of Trustees of S. Illinois Univ.*, 777 F.3d 966, 974 (7th Cir. 2015); *Anderson v. City of Blue Ash*, 798 F.3d 338, 357–60 (6th Cir. 2015).


GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 19

## <u>OTHERWISE QUALIFIED</u>

A person is "otherwise qualified" if he is able to meet all of the program's requirements in spite of his disabling condition or perceived disability.

**AUTHORITY:**   *Southeastern Community College v. Davis*, 442 U.S. 397, 406 (1979; *Adair v. City of Muskogee*, 823 F.3d 1297, 1306–07 (10th Cir. 2016).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 20

## <u>DEFINITION OF DISABILITY</u>

A plaintiff is disabled under the ADA or Section 504 if he has: 1) a physical or mental impairment that substantially limits one or more major life activities; 2) a record of having such an impairment; or 3) is regarded as having such an impairment.

To establish that he is regarded as disabled, a plaintiff must show that: (1) the governmental entity mistakenly believes the plaintiff has a physical or mental impairment that substantially limits a major life activity; or (2) the governmental entity mistakenly believes that an existing impairment substantially limits a major life activity when, in fact, the impairment does not result in a limitation.


**AUTHORITY:**     *Justice v. Crown Cork and Seal Co.,* 527 F.3d 1080, 1086 (10th Cir.2008); *McGeshick v. Principi,* 357 F.3d 1146, 1149 (10th Cir.2004).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 21

## <u>SUBSTANTIAL LIMITATION ON LIFE ACTIVITY</u>

To be substantially limited in a major life activity, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives. A substantial limitation in a major life activity is having general restrictions on the performance of that activity in life as a whole, not merely restrictions on the ability to perform a specific job.

**AUTHORITY:**   *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). *McGeshick v. Principi,* 357 F.3d 1146, 1149 (10th Cir.2004).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 22

## <u>REGARDED AS DISABLED</u>

Snyder alleges that he was regarded as disabled.  A plaintiff meets the requirement of the regarded as prong if the plaintiff establishes that he has been subjected to an action because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity and the impairment is not transitory and minor.  A transitory impairment is one with an actual or expected duration of six motions or less.

**AUTHORITY:**    42 U.S.C. § 12102(3); *Adair v. City of Muskogee*, 823 F.3d 1297, 1305-1306 (10th Cir. 2016).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 23

## MEDICAL EXAMINATIONS

Requiring a plaintiff to undergo medical examinations and inquiries, including mental health evaluations is not discriminatory, where the examination is job related and consistent with business or professional necessity.  Requiring Snyder to undergo a mental health evaluation is not evidence that Defendants perceived or regarded Snyder as disabled.

**AUTHORITY:**     42 U.S.C. § 12112(d)(4)(A); *Lanman v. Johnson Cty., Kansas*, 393 F.3d 1151 (10th Cir. 2004)*Cody v. CIGNA Healthcare of St. Louis, Inc.,* 139 F.3d 595, 599 (8th Cir.1998).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 24

### **QUALIFIED INDIVIDUAL WITH A DISABILITY**

A plaintiff is a qualified individual with a disability or perceived disability if he can, with or without reasonable accommodation, perform the essential functions of the position.

**AUTHORITY:**     42 U.S.C. § 12111(8).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 25

## <u>BUT-FOR CAUSATION</u>

But-for causation means that Defendants would not have made any adverse decisions "but-for" perceiving Snyder as disabled.  This means Snyder must prove by a preponderance of the evidence that Defendants would not have made the adverse decisions if Snyder had not been perceived as disabled, but everything else had been the same.

**AUTHORITY:**      *Natofsky v. City of New York*, 921 F.3d 337, 347-350 (2nd Cir. 2019); *Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th Cir. 2019).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 26

## <u>EDUCATIONAL INSTITUTIONS</u>

In the context of a student with a disability, the Rehabilitation Act does not require an educational institution to lower its standards for example, by eliminating or substantially modifying its clinical training requirements.

**AUTHORITY:**   *Cunningham v. Univ. of New Mexico Bd. of Regents*, 531 F. App'x 909, 920 (10th Cir. 2013); *Falcone v. University of Minn.,* 388 F.3d 656 (8th Cir. 2004).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 27

## <u>DAMAGES – INTENTIONAL DISCRIMINATION</u>

To recover compensatory damages under the ADA or Section 504, Snyder must show that Defendants intentionally discriminated against Snyder.  To prove intentional discrimination, it is not necessary for Snyder to show Defendants possessed personal animosity or ill will towards Snyder.  Rather, intentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies would likely result in a violation of federally protected rights.

To prove deliberate indifference, Snyder must show that:

(1) Defendants knew that harm to Snyder's federally protected rights was substantially likely; and

(2) Defendants failed to act upon that likelihood.

A failure to act requires more than negligent conduct and involves an element of deliberateness.

**AUTHORITY:**  *Alexander v. Choate*, 469 U.S. 287, 295 (1985) (discussing intent element under the Rehabilitation Act); *Barber v. Colo. Dep't of Rev.*, 562 F.3d 1222, 1228-29 (10th Cir. 2009) (establishing Rehabilitation Act standards); *Powers v. MJB Acquisition Corp.*, 184 F.3d 1147, 1153 (10th Cir. 1999) (same); *Davoll v. Webb*, 194 F.3d 1116, 1140-42 (10th Cir. 1999) (suggesting same standard applies under Title II of the ADA); *Ulibarri v. City & County of Denver*, 742 F.Supp.2d 1192, 1212 (D. Colo. 2010) (applying same standard under both statutes).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**RETALIATION**

## DEFENDANTS' INSTRUCTION NO. 28

## **RETALIATION**

The standard for retaliation claims under Section 504, the ADA, and Title VII is the same. However, claims under Title VII apply exclusively to the employer/employee relationship. Consequently, Snyder cannot bring a claim under Title VII against OSU-CHS.

To establish a *prima facie* case of retaliation, Snyder must show that: (1) he engaged in protected activity; (2) he suffered a materially adverse action either after or contemporaneous with his protected activity; and (3) a causal connection existed between the protected activity and the adverse action.  Snyder must prove all of the foregoing by a preponderance of the evidence. There must be competent evidence that the alleged retaliators knew of Snyder's protected activity and that a retaliatory motive played a part in the adverse actions alleged. You must find that the Defendants would not have taken the challenged decisions but for Snyder's  protected activities.

The burden then shifts to Defendants to produce a legitimate, nondiscriminatory reason for the adverse actions. If Defendants do so, Snyder then bears the burden of showing that the Defendants' proffered reasons are pretextual.

A public entity has the right to make business decisions, including the decisions at issue in this case, for good, bad or no reason at all, as long as they do not constitute retaliation. The law does not expose the public entity to liability merely because the entity may have misjudged an employee's job performance or made a personnel decision that was unwise or ill-advised. It is not your function in this case to second-guess the

wisdom of any actions which affected Snyder. Thus, even if you personally disagree with the actions that were taken or believe that they were harsh or unreasonable, if you find that retaliation was not a motivating factor for the actions, then you must return a verdict in the Defendants' favor.

**AUTHORITY:**     *Reinhardt v. Albuquerque Public Schools Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010); *Doebele v. Sprint/United Management Co.*, 342 F.3d 1117, 1135 (10th Cir. 2003); §§ 1:670, 3:320, 3:320.10, 3:615 McNamara and Southerland, Federal Employment Jury Instructions (1st Ed., Rev. 13, May 2014); Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 29

## **RETALIATION - PRETEXT**

Filing an internal complaint alleging gender and disability discrimination is a "protected activity." To succeed on this claim, Snyder must prove by a preponderance of the evidence that were it not for his protected activity, Defendants would not have taken any adverse actions against him.

**AUTHORITY:**    §§1:721, 3:370 McNamara and Southerland, Federal Employment Jury Instructions (1st Ed., Rev. 13, May 2014) (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 30

### **RETALIATION – DISCRIMINATORY INTENT REQUIRED**

Proof of retaliatory intent is critical in this case. Retaliation is intentional if it is done voluntarily, deliberately, and willfully. Retaliatory intent may be proved either by direct evidence such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional retaliation in this case, you may consider any statement made or act done or omitted by a person whose intent is at issue, as well as all other facts and circumstances that indicate his or her state of mind.


**AUTHORITY:**   § 3:326 McNamara and Southerland, Federal Employment Jury Instructions (1st Ed., Rev. 13, May 2014) (modified).


GIVEN:_____

REFUSED:_____

MODIFIED:_____

**INSTRUCTIONS COMMON TO
ALL DISCRIMINATION AND RETALIATION CLAIMS**

## DEFENDANTS' INSTRUCTION NO. 31

## **BELIEF OF DECISION MAKER**

The laws involved in this case require only that Defendants reached decisions without regard to Snyder's perceived disability and/or without regard to Snyder's complaints regarding discrimination. The laws involved in this case do not require that Defendants reached a decision that Snyder or anyone else would necessarily agree was "reasonable" or "correct." Employers and public entities, like all persons, may make mistakes, but mistakes are not against the law. It is the belief of the decision maker at the time the decision was made, based on the facts then known to the decision maker, that is material, not what might be shown after the fact.

**AUTHORITY:**  *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1118 (10th Cir. 2007); *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138 (10th Cir. 2004); *Bullington v. United Airlines*, 186 F.3d 1301, 1318 (10th Cir. 1999) (*overruled on other grounds* by *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002)); *Deines v. Tex. Dep't. of Protective & Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 32

## **FALSE STATEMENT**

For a statement to be false, the statement must have a different effect on the mind of the listener from that which the truth would have produced.  Minor inaccuracies or errors on immaterial matters do not amount to falsity of a statement if the substance or gist of the statement is substantially true.  In addition, a statement is not false simply because different words might have been used or the information might have been presented in a way different than that chosen by others.  In deciding whether a statement is false, you must consider the statement as a whole, and decide whether, in the context of the whole statement, the statement is false.

**AUTHORITY:**   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Jenkins v. Advance Magazine Publishers*, Case No. CIV-03-243-F (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 33

## <u>PLAINTIFF NOT ENTITLED TO PREFERENTIAL TREATMENT</u>

You are instructed that Snyder's perceived disability, or complaints of gender and/or disability discrimination do not entitle him to preferential treatment.  An employer is not required to treat all employees the same. An employer must only treat all similarly-situated employees the same.

**AUTHORITY:**   *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259 (1981); *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997); *Furr v. Seagate Tech., Inc.*, 82 F.3d 980, 986-87 (10th Cir. 1996); *Doan v. Seagate Tech., Inc.*, 82 F.3d 974, 977, 979 (10th Cir. 1996); *EEOC v. Flasher Co.*, 986 F.2d 1312, 1316 (10th Cir. 1992); *Fallis v. Kerr-McGee Corp.*, 944 F.2d 743, 745 (10th Cir. 1991); *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir. 1988); *Hickman v. Flood & Peterson Ins., Inc.*, 766 F.2d 422, 426 (10th Cir. 1985); *Clark v. Atchison, Topeka & Santa Fe Ry. Co.*, 731 F.2d 698, 700-01 (10th Cir. 1984).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**DEFENDANTS' INSTRUCTION NO. 34**

**DISCRIMINATION AND RETALIATION**
**SEPARATE VERDICTS ON EACH CLAIM**

Snyder makes claims of discrimination and retaliation related to his perceived disability, and a claim for retaliation related to his gender. Defendants deny the claims of discrimination and retaliation. You must consider each claim as separate and individual and not let your determination as to one claim affect or influence your decision as to the other claim.

**AUTHORITY:**     §§ 1:661, 3:321 McNamara and Southerland, Federal Employment Jury Instruction (1st Ed., Rev. 13, May 2014) (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**DEFENDANTS' INSTRUCTION NO. 35**

**BUSINESS AND ACADEMIC JUDGMENT**

Defendants do not bear the burden of proving that their actions were warranted, justified, financially necessary, or that "good cause" for their actions existed.  In other words, it is not your responsibility as a juror to determine whether you would have done the same thing under the same circumstances.  It is not your duty to determine whether you feel Snyder was treated fairly or unfairly or whether you feel that Defendants' actions were right or wrong from an ethical or moral standpoint.  You are also not here to second-guess the business or academic judgment of Defendants or to judge the wisdom of their business or academic decisions.


**AUTHORITY:**     *See, e.g., Cunningham v. Univ. of New Mexico Bd. of Regents*, 531 F. App'x 909, 920 (10th Cir. 2013); *Medlock v. United Parcel Serv., Inc.*, 608 F.3d 1185, 1193 (10th Cir. 2010);  *Furr v. Seagate Tech., Inc.,* 82 F.3d 980, 986 (10th Cir. 1996); *Doan v. Seagate Tech., Inc.,* 82 F.3d 974, 978 (10th Cir. 1996); *EEOC v. Tex. Instruments, Inc.,* 100 F.3d 1173, 1187 (5th Cir. 1996); *Sanchez v. Philip Morris, Inc.,* 992 F.2d 244, 247 (10th Cir. 1993);  *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 825 (1st Cir. 1991), *cert. denied* 504 U.S. 985 (1992); *Kaltenberger v. Ohio Coll. of Podiatric Med.*, 162 F.3d 432, 436 (6th Cir. 1998); *Bd. of Curators v. Univ. of Mo. v. Horowitz*, 435 U.S. 78, 88 (1978).


GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 36
## **FAIRNESS**

You are not to decide or consider whether Defendants' policies, business decisions, medical decisions, and academic decisions were fair or unfair, or good or bad, from a business, medical, or moral viewpoint. An employer does not have to be fair to its employees, an educational institution does not have to be fair to its students, and mere "unfairness" is not against any law.

**AUTHORITY:**    *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004); *Faulkner v. Super Valu Stores*, 3 F.3d 1419, 1425-26, n.4 (10th Cir. 1993); *Gray v. Univ. of Ark. at Fayetteville*, 883 F.2d 1394, 1401 (8th Cir. 1989); *Nix v. WCLY Radio*, 738 F.2d 1181, 1187 (11th Cir.1984).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**BREACH OF CONTRACT**

## DEFENDANTS' INSTRUCTION NO. 37

## <u>BREACH OF CONTRACT – RESIDENT AGREEMENT (General)</u>

Snyder alleges that he entered into an express, written contract with OSUMC called an Osteopathic Graduate Medical Education, *Resident/Fellow Staff Agreement* ("Resident Agreement").  Snyder alleges that OSUMC breached the Resident Agreement when OSUMC placed him on probation, which OSUMC denies.  Snyder further alleges that he is entitled to damages from OSUMC based upon the alleged breach of the Resident Agreement, which OSUMC also denies.

You must determine whether Snyder has proven by a preponderance of the evidence that OSUMC breached the Resident Agreement when placing Snyder on probation, and only if Snyder is able to meet this burden of proof, whether Snyder has proven by a preponderance of the evidence that he is entitled to any damages based upon the breach of the Resident Agreement.

**AUTHORITY:**   Defendants' Instruction No. 23.1, OUJI 3d (Rev. 2009); Amended Order, Case No. CIV-16-384-F, Doc. No. 429, p. 100-104); Order re: Pretrial Filings, CIV-16-384-F, Doc. No. 430, p. 4, ¶ 4.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 38

## <u>BREACH OF CONTRACT - RESIDENT AGREEMENT</u>

A contract is breached or broken when a party does not do what he/it promised to do in the contract.  Snyder alleges that OSUMC breached the Resident Agreement when OSUMC placed him on probation, which OSUMC denies.  It is OSUMC's position that it did not breach any contractual provision of the Resident Agreement when it placed Snyder on probation.

You must first determine whether, in reading the entirety of the Resident Agreement, with particular attention to OSUMC's obligations to Snyder under the Resident Agreement (as contained in Section V, paragraphs 5.1-5.8), OSUMC made any contractual promise(s) to Snyder related to placing (or not placing) Snyder on probation.

If you determine that OSUMC did not have any contractual obligation to not place Snyder on probation under the circumstances, then there can be no breach of the Resident Agreement and you must find for OSUMC on this claim.

If you determine that OSUMC did have a contractual obligation to not place Snyder on probation under the circumstances, then you must determine whether OSUMC breached its contractual obligation by placing Snyder on probation.

**AUTHORITY:**   Defendants' Instruction No. 23.21, OUJI 3d (Rev. 2009); Order re: Pretrial Filings, CIV-16-384-F, Doc. No. 430, p. 4, ¶ 4.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**DEFENDANTS' INSTRUCTION NO. 39**

**<u>CONDITIONS PRECEDENT - RESIDENT AGREEMENT</u>**

You must determine whether OSUMC's performance of any duty under the Resident Agreement, including any alleged contractual obligation to not place Snyder on probation under the circumstances, is conditioned upon any terms that must be satisfied by Snyder before any alleged performance is due by OSUMC.  This is known as a "condition precedent."

To decide whether there were any conditions precedent required by Snyder before OSUMC had a duty to perform the Resident Agreement, you must decide what the parties intended.  To do so, you may consider the language of the Resident Agreement, the circumstances under which the parties made the contract, and what the parties themselves believed as shown by the evidence.

It is OSUMC's position that the Resident Obligations contained in Section VI, paragraphs 6.1-6.15 are conditions precedent, meaning, unless and until Snyder performed these conditions, Snyder was not entitled to any performance of the Resident Agreement by OSUMC (including not being placed on probation).  Specifically, paragraph 6.4 states that continuation and/or promotion in the resident program are "contingent upon" Snyder's satisfactory academic and professional performance.

If you find that Snyder failed to perform any condition precedent to the Resident Agreement, then any performance allegedly due by OSUMC (including not placing Snyder on probation) is not required, and you must find in favor of OSUMC on this claim.

If you determine that Snyder performed all conditions precedent to the Resident Agreement, then you must determine whether OSUMC performed its obligation under the Resident Agreement.

**AUTHORITY:**  Defendants' Instruction No. 23.22, OUJI 3d (Rev. 2009).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**DEFENDANTS' INSTRUCTION NO. 40**

**<u>MODIFICATION OF CONTRACT – RESIDENT AGREEMENT</u>**

A modification of a written contract like the Resident Agreement must also be in writing, unless Snyder can show by clear and convincing evidence that the written Resident Agreement has been modified by an oral agreement which Snyder has already fully performed.

**AUTHORITY:**  Defendants' Instruction No. 23.9, OUJI 3d (Rev. 2009); 15 O.S. § 237.

GIVEN:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

REFUSED:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

MODIFIED:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

## DEFENDANTS' INSTRUCTION NO. 41

## **BREACH OF CONTRACT – POLICIES AND STANDARDS (General)**

Snyder alleges that OSUMC's House Staff Policies & Non-Cognitive Academic Standards (the "Policies and Standards") form the basis of a contract between him and OSUMC, either as an express written contract, or based on the acts or conduct of the parties.  OSUMC denies that the Policies and Standards form a contract between it and Snyder because, at a minimum, there was no consideration to support any such alleged contract.  Snyder also alleges that OSUMC breached the Policies and Standards by denying him a request for appeal on the probation decision, which OSUMC denies any such breach.  Snyder alleges that he is entitled to damages for this breach, which OSUMC denies that Snyder is entitled to any damages for any such breach.  You must determine whether Snyder has proven by a preponderance of the evidence that the Policies and Standards form a contract between Snyder and OSUMC.  If you find that a contract was formed, you must then determine whether Snyder has proven by a preponderance of the evidence that OSUMC breached the contract.  If Snyder is able to prove a breach, you must then determine whether Snyder has proven by a preponderance of the evidence that he is entitled to recover damages from OSUMC for the breach.

**AUTHORITY:**   Defendants' Instruction No. 23.1, OUJI 3d (Rev. 2009); Amended Order, Case No. CIV-16-384-F, Doc. No. 429, p. 105-107); Order re: Pretrial Filings, CIV-16-384-F, Doc. No. 430, p. 4, ¶ 4.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 42

## **FORMATION OF A CONTRACT - POLICIES AND STANDARDS**

A contract is an agreement to do or not do a certain thing.

In order to have a valid contract in this case, you must find each of these elements exist:

1.  An offer by OSUMC to provide Snyder with the ability to request an appeal of a probation in the Policies and Standards;

2.  An acceptance of that offer by Snyder; and

3.  Each OSUMC and Snyder must have given something of value (or a promise to give something of value) in exchange for what the other gives or promises (this final element often being referred to as "consideration").

If you find that a contract has not been formed between Snyder and OSUMC by the Policies and Standards, then you must find for OSUMC on this claim.

**AUTHORITY:**   Defendants' Instruction No. 23.2, OUJI 3d (Rev. 2009); *Horton Ins. Agency, Inc. v. Robinson*, 824 P.2d 387, 400 (Okla. Ct. App. 1991).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 43

## <u>FORM OF A CONTRACT - POLICIES AND STANDARDS</u>

A contract may be written or oral.  A contract may be express or implied.  An express contract is one in which the terms  are stated in words, either written or oral. An implied contract is created by the acts or conduct of the parties, which means that the existence and terms of the contract are manifested by conduct.  No particular form is required for words or conduct to create either an express or implied contract.

You must determine whether the Policies and Standards constitute an express contract.  In the alternative, you must determine whether the acts or conduct of the parties created an implied contract as set forth in the Policies and Standards.

**AUTHORITY:**   Defendants' Instruction No. 23.3, OUJI 3d (Rev. 2009); 15 O.S. §§ 131-133.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 44

## <u>DEFINITION OF OFFER - POLICIES AND STANDARDS</u>

An offer is an expression that a person is willing to enter into a contract.  An offer must set out the terms of the proposed contract, it must be communicated to the other party by the party making the offer, and the party making the offer must intend to be obligated by its terms if accepted.  An offer remains open for the time stated in the offer or, if no time is stated, for a reasonable time.  An offer may set out the precise manner for acceptance or, if no manner is set out, it may be accepted in any reasonable manner.  An offer may be withdrawn at any time before it is accepted.  Once an offer has been rejected, it may no longer be accepted.

You must determine whether OSUMC made any offer to Snyder to provide him with the ability to request an appeal of a probation in the Policies and Standards.

**AUTHORITY:**  Defendants' Instruction No. 23.4, OUJI 3d (Rev. 2009).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 45

## DEFINITION OF ACCEPTANCE - POLICIES AND STANDARDS

An acceptance of an offer is a statement or conduct that shows that a person agrees to all the terms of the offer and intends to be bound by them.  In order to make a binding contract, an acceptance must be unconditional and agree to all material terms in the offer.  If new terms are proposed or some terms of the offer are rejected, the response to an offer is considered a rejection of the offer and a counteroffer, which must be accepted by the other party before a contract is formed.  An acceptance must be communicated to the person making the offer before the offer expires.  An acceptance must be communicated according to the terms specified in the offer, or if no terms are specified, in a reasonable manner.

You must determine whether Snyder accepted an offer by OSUMC made through the Policies and Standards to provide him with the ability to request an appeal of a probation.

**AUTHORITY:**  Defendants' Instruction No. 23.5, OUJI 3d (Rev. 2009).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 46

## THE REQUIREMENT OF CONSIDERATION - POLICIES AND STANDARDS

The law will enforce a promise only if the person to whom the promise was made gave something of value or promised to give something of value in exchange for the promise. This is the requirement of consideration, which is an essential element of a contract.

Consideration is also defined as any benefit conferred, or agreed to be conferred, to which a party is not already lawfully entitled.

A promise to do something that a person is already legally obligated to do is not sufficient to support a contract.  If you find that either Snyder or OSUMC was already legally obligated to do the something at issue, then there was no contract, because the requirement of consideration was not satisfied.

Consideration that has been given in the past is not sufficient to support a contract. If you find that the consideration by either Snyder or OSUMC was already given in the past prior to the performance of the Policies and Standards, then there was no contract, because the requirement of consideration was not satisfied.

You must determine whether there is sufficient consideration to support the formation of a contract between Snyder and OSUMC based on the Policies and Standards, which would allow Snyder to request an appeal of a probation.  If you find that sufficient consideration exists, then you should find that the requirement of consideration was satisfied and you should go on to decide the other issues on this claim.

If you determine the requirement of consideration was not satisfied, you must find that no contract existed, and find in favor of OSUMC on this claim.

**AUTHORITY:**  Defendants' Instruction No. 23.8, OUJI 3d (Rev. 2009); 15 O.S. § 106.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 47

## REQUIRED CONSIDERATION MUST BE SEPARATE - POLICIES AND STANDARDS

You must determine whether the Policies and Standards are supported by adequate consideration.  Snyder must provide evidence of separate consideration to support the Policies and Standards, and this separate consideration must be something beyond his services under the Resident Agreement.  If you determine the Policies and Standards are not supported by separate consideration, then they cannot form a contract, and you must find for OSUMC on this claim.

**AUTHORITY:**  *Bowen v. Income Producing Mgmt. of Oklahoma, Inc.*, 202 F.3d 1282, 1284 (10th Cir. 2000).


GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 48

## <u>NO TIME SPECIFIED FOR PERFORMANCE - POLICIES AND STANDARDS</u>

The Policies and Standards do not specify a time limit for an appeal of a decision regarding probation.  When, as here, no time is specified for the performance of an act required to be performed, such as requesting an appeal of a probation decision, a reasonable time is allowed.  A "reasonable time" is to be determined from consideration of all the facts and circumstances.  You must determine whether Snyder requested or could have requested an appeal of his probation within a reasonable time.  If you find he did not, then you do not need to consider this claim further, and must find for OSUMC.

**AUTHORITY:**   Amended Order, Case No. CIV-16-384-F, Doc. No. 429, p. 105-106); 15 O.S. § 173;  *Grayson v. Crawford*, 119 P.2d 42, 45-46 (Okla. 1941).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**DEFENDANTS' INSTRUCTION NO. 49**

**<u>BREACH OF CONTRACT – POLICIES AND STANDARDS</u>**

A contract is breached or broken when a party does not do what he/it promised to do in the contract.

Snyder alleges that OSUMC breached the Policies and Standards contract when OSUMC denied Snyder the right to request an appeal of his probation, which OSUMC denies.  You must first determine whether, in reading the entirety of the Policies and Standards, and reviewing the acts of conduct of the parties, OSUMC made any contractual promise(s) to Snyder to allow Snyder to request an appeal of his probation.

If you determine that OSUMC did not have any contractual obligation to allow Snyder to request an appeal of his probation under the circumstances, then there can be no breach of the Policies and Standards and you must find for OSUMC on this claim.

If you determine that OSUMC did have a contractual obligation to allow Snyder to request an appeal on his probation under the circumstances, then you must determine whether OSUMC breached its contractual obligation.

**AUTHORITY:**   Defendants' Instruction No. 23.21, OUJI 3d (Rev. 2009); Order re: Pretrial Filings, CIV-16-384-F, Doc. No. 430, p. 4, ¶ 4.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**INSTRUCTIONS AS TO DAMAGES**

**DEFENDANTS' INSTRUCTION NO. 50**

**<u>DAMAGES – BACK PAY</u>**[1]

If you find that Snyder has failed to prove his claims by a preponderance of the evidence, then your verdict must be for Defendants on those claims.

If, however, you should find that OSUMC, as Snyder's employer, took adverse action against Snyder because of perceiving him as disabled or as retaliation for engaging in protected activity, you must determine the amount of "back pay" Snyder should receive, if any, from OSUMC.

Back pay is amount equal to the wage earnings and benefits that Snyder would have received from OSUMC, but for the adverse employment action, from the date his employment ended until the date of this trial.

You must, however, deduct any money Snyder either earned from any employment he obtained after his termination, including part-time and full-time employment, or could have earned had he taken reasonable steps to obtain suitable employment through the date of trial.

You must also deduct from any back pay award any earnings Snyder might have received had he used reasonable diligence in finding other work.

Snyder is not entitled to back pay for any period of time Snyder was not ready, willing, and available for employment.  If you find that during any period of time between

---

[1] It is Defendants' position that back pay is not recoverable.  *See* Motion in Limine [Doc. 446].  Nevertheless, Defendants are including this instruction out of an abundance of caution.

Snyder's termination through the date of this trial that Snyder has not been ready, willing, and available for employment, you must deduct that amount from back pay.

Back pay does not include any lost wages past the date of this trial.  You may not award damages for any allegedly lost wages in the future, or after the date of this trial.

**AUTHORITY:**     §§ 1:1210, 2:710, 2:780, 2:782, 3:480 McNamara and Southerland, Federal Employment Jury Instructions (1st Ed., Rev. 12, Dec. 2012) (modified); OUJI 2d Civil No. 21.13 (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 51

## <u>COMPENSATORY DAMAGES</u>

If you find that Snyder has proven by the greater weight of the evidence each of the essential elements of his discrimination or retaliation claims, then you must determine an amount that is fair compensation for Snyder's damages. This amount is called compensatory damages or non-economic damages.

In considering the issue of compensatory damages, you are instructed that you should assess the amount you find to be justified by the greater weight of the evidence as full, just and reasonable compensation for all of Snyder's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize a defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages.  Snyder must prove by the greater weight of the evidence that he actually suffered some compensable injury.

On the other hand, compensatory damages are not restricted to actual loss of money; they cover both the mental and physical aspects of injury–tangible and intangible. Thus, no evidence of the value of such intangible things as physical pain, emotional distress, fear, personal humiliation or indignation has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate Snyder for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

Further, you are instructed that compensatory damages must only be awarded for those injuries that you find by the greater weight of the evidence were proximately caused by

the conduct in violation of the ADA, Section 504, or Title VII. That is, you may not simply compensate Snyder for any injury suffered by him; you must compensate only for those injuries that are a direct result of the conduct that violated rights under those statutes.

**AUTHORITY:**    Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Glover v. Johnson*, Case No. CIV-14-936-F (modified); *Carey v. Piphus*, 435 U.S. 247, 264.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 52

## <u>PLAINTIFF MUST SHOW INTENTIONAL DISCRIMINATION TO RECOVER COMPENSATORY DAMAGES ON REHABILITATION ACT CLAIMS</u>

In order to prevail on his Section 504 Rehabilitation Act for compensatory damages, Snyder must prove intentional discrimination.  This means Snyder must show by the greater weight of the evidence that (1) a defendant's conduct toward him was "fueled by discriminatory animus" in violation of the Rehabilitation Act, or (2) that a defendant acted with "deliberate indifference to the strong likelihood that pursuit of its questioned policies would likely result in a violation of his federally protected rights." Deliberate indifference requires both actual knowledge that a harm to a federally protected right under the Rehabilitation Act is substantially likely, and a failure to act upon that likelihood.  If you find that a defendant's conduct toward Snyder did not amount to discrimination that was "intentional" in violation of the Rehabilitation Act, then you are not permitted to award Snyder any compensatory damages.    You may not award Snyder emotional distress damages under the Rehabilitation Act.

**AUTHORITY:**     *Powers v. MJB Acquisition Corp.*, 184 F.3d 1147, 1153–54 (10th Cir. 1999); *Miles v. Cushing Pub. Sch.*, No. CIV-06-1431-D, 2008 WL 4619857, at *2-3 (W.D. Okla. Oct. 16, 2008); *Cropp v. Larimer Cty., Colorado*, No. 18-1262, 2019 WL 5959598, at *5-7 (10th Cir. Nov. 13, 2019); *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228–29 (10th Cir. 2009); <u>Bell v. Bd. of Educ. of Albuquerque Pub. Sch.</u>, 652 F. Supp. 2d 1211, 1221 (D.N.M. 2008).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**DEFENDANTS' INSTRUCTION NO. 53**

**<u>MITIGATION OF DAMAGES</u>**

You are instructed that Snyder must make every reasonable effort to minimize or reduce his damages.  This is referred to as "mitigation of damages."  Defendants have the burden to prove by the greater weight of the evidence that Snyder failed to mitigate his damages.

If you find that Defendants have proven by the greater weight of the evidence that Snyder failed to seek out or take advantage of a substantially equivalent job opportunity that was reasonably available to him, you must reduce Snyder's damages by the amount of wages and employee benefits Snyder reasonably would have earned if he had sought out or taken advantage of such an opportunity.

**AUTHORITY:**   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Bowen v. Empirica, LLC,* Case No. CIV-13-443-F (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 54

## <u>MULTIPLE CLAIMS -- NO DOUBLE RECOVERY</u>

Snyder alleges more than one claim in this action. These instructions sometimes refer to Snyder's claims as theories of liability.

Should you find, in reaching your verdict and in fixing damages, if any, that Snyder is entitled to damages on more than one claim, the question arises as to the proper fashioning of remedies.

Snyder is not entitled to double or multiple recovery for the same harm merely because he has brought more than one claim. Snyder is only entitled to recover compensatory damages for the actual loss he has suffered as a result of the offending conduct, if any, and no more. In other words, Snyder is entitled to be made whole with respect to any injuries suffered as a result of one or more claims that he may have proven, but he is not entitled to be put in a better position or condition than he would have been in had the offending conduct not occurred.

For instance, if you find that Snyder has proven by the greater weight of the evidence that he was discriminated against based on his claim that he was regarded as disabled in violation of the Americans with Disabilities Act and Section 504, he is not entitled to recover under both theories of liability. Such an award would be an impermissible double or multiple recovery.

To avoid the possibility of a double or multiple recovery by Snyder for the same harm caused under different theories of liability, the verdict form has been divided into parts. Your verdict on each of Snyder's claims will be stated in a separate part of the

verdict form which pertains solely to that claim. There, you will state your verdict on that claim.

The final part of the verdict form may or may not apply, depending on your findings as stated in the other parts of the verdict form. The final part of the verdict form only applies if you have awarded plaintiff damages under two or more of Snyder's theories of liability. If you have done so, then you will be required to state the total amount of damages awarded to Snyder in this action as a whole, after eliminating any double or multiple recovery by Snyder who might otherwise recover more than once for the same harm caused to him as a result of Snyder having brought more than one claim. You will also leave the final part of the verdict form blank if you have found for the defendants on all of plaintiff's claims.

The verdict form includes directions for expressing your verdict and an award of damages, if any.

**AUTHORITY:**   Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams v. City of Okla. City*, Case No. CIV-14-0081-F (modified).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 55

## <u>NO PUNITIVE DAMAGES PERMITTED ON REHABILITATION ACT, ADA AND TITLE VII CLAIMS</u>

Even if you find Snyder has proven by the greater weight of the evidence each of the essential elements of his Rehabilitation Act, ADA, or Title VII claims, you are hereby instructed that you are not permitted to award any punitive damages to Snyder on these claims.  This means that you are not permitted to award any damages to Snyder that are intended to "punish" Defendants.

**AUTHORITY:**  *Barnes v. Gorman,* 536 U.S. 181, 189, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002); *Luciano v. East Cent. Bd. of Co-op. Educational Services*, 885 F. Supp. 2d 1063, 1075 (10th Cir. 2012). *Gupta v. Oklahoma City Pub. Sch.*, No. CIV-18-317-G, 2019 WL 896295, at *4 (W.D. Okla. Feb. 22, 2019); 42 U.S.C. § 1981a(b)(1), (d)(1)(A); *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1307 (10th Cir. 2003).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 56

## <u>BREACH OF CONTRACT DAMAGES – RESIDENT AGREEMENT</u>

You must determine whether Snyder has proven by a preponderance of the evidence that he is entitled to recover damages, if any, suffered by him as a direct result of a breach of the Resident Agreement. You are specifically instructed that Snyder has already been paid all he was due under the Resident Agreement.

> **AUTHORITY:**   Defendants' Instruction No. 23.1, OUJI 3d (Rev. 2009); Amended Order, Case No. CIV-16-384-F, Doc. No. 429, p. 107.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 57

## <u>BREACH OF CONTRACT MEASURE OF DAMAGES –<br>RESIDENT AGREEMENT</u>

If you decide for Snyder on his claim for breach of contract, you must then fix the amount of his damages.  This is the amount of money that is needed to put him in as good a position as he would have been if the contract had not been breached.  In this case, the amount of damages would be the price stated in the contract that has not been paid. However, you are specifically instructed that Snyder has already been paid all he was due under the Resident Agreement.

**AUTHORITY:**   Defendants' Instruction No. 23.51, OUJI 3d (Rev. 2009); Amended Order, Case No. CIV-16-384-F, Doc. No. 429, p. 107.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 58

## <u>BREACH OF CONTRACT – NO EMOTIONAL DAMAGES –<br>RESIDENT AGREEMENT</u>

Emotional distress damages, including mental anguish, are not recoverable in a breach of contract claim.  A plaintiff who does not suffer a physical injury as a direct result from a breach of contract cannot recover for mental anguish, humiliation, embarrassment, and emotional distress.  Because Snyder did not suffer a physical injury as a direct result of a breach of the Resident Agreement, you are specifically instructed that you are not permitted to award Snyder any emotional distress damages on this claim.

**AUTHORITY:**   Restatement (Second) of Contracts § 353; *Seidenbach's, Inc. v. Williams*, 1961 OK 77, 361 P.2d 185, 188; *Coble v. Bowers*, 1990 OK CIV APP 109, 809 P.2d 69, 73; *Taylor v. Geoffrey, LLC*, No. CIV-11-381-FHS, 2012 WL 642508, at *2 (E.D. Okla. Feb. 28, 2012).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 59

## <u>UNCERTAINTY AS TO FACT OR AMOUNT OF DAMAGES – RESIDENT AGREEMENT</u>

The general rule of damages is that damages for the breach of a contract cannot be recovered unless they are clearly ascertainable, both in their nature and origin, and unless it is established they are the natural and proximate consequences of the breach and are not contingent or speculative.

In order to award damages to Snyder, you must first be satisfied by the greater weight of the evidence that he did in fact suffer a loss which was caused by the breach. Once you are satisfied that Snyder did suffer such a loss, you can award damages even if you are uncertain as to the exact amount; however, the amount of damages resulting from such a breach must be ascertainable with some degree of certainty and may not be based on mere speculation and conjecture alone.

**AUTHORITY:**     Defendants' Instruction No. 23.52, OUJI 3d (Rev. 2009); *General Fin. Corp. v. Dillon*, 172 F.2d 924, 930 (10th Cir. 1949).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 60

## UNNECESSARY LOSSES (MITIGATION) – RESIDENT AGREEMENT

Snyder has a duty to use reasonable efforts to mitigate his damages related to the alleged breach of the Resident Agreement.  This includes making substitute arrangements or undertaking other affirmative steps as appropriate under the circumstances to avoid loss.  Snyder is not allowed to recover damages for any losses that Snyder reasonably could have avoided.

**AUTHORITY:**     Defendants' Instruction No. 23.54, OUJI 3d (Rev. 2009); *Hidalgo Properties, Inc. v. Wachovia Mortgage Co*., 617 F.2d 196, 200 (10th Cir. 1980); *Sabine Corp. v. ONG Western, Inc*., 725 F. Supp. 1157, 1186 (W.D. Okla. 1989); Restatement (Second) of Contracts § 350 comment (1979).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 61

## **BREACH OF CONTRACT DAMAGES – POLICIES AND STANDARDS**

You must determine whether Snyder has proven by a preponderance of the evidence that he is entitled to recover damages, if any, suffered by him as a direct result of a breach of the Policies and Standards, specifically, by not allowing Snyder to request an appeal of his probation.

**AUTHORITY:**  Defendants' Instruction No. 23.1, OUJI 3d (Rev. 2009).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**DEFENDANTS' INSTRUCTION NO. 62**

## BREACH OF CONTRACT MEASURE OF DAMAGES – POLICIES AND STANDARDS

If you decide for Snyder on his claim for breach of the Policies and Standards, you must then fix the amount of his damages.  This is the amount of money that is needed to put him in as good a position as he would have been if the contract had not been breached.

**AUTHORITY:**   Defendants' Instruction No. 23.51, OUJI 3d (Rev. 2009); Amended Order, Case No. CIV-16-384-F, Doc. No. 429, p. 107.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 63

## <u>BREACH OF CONTRACT – NO EMOTIONAL DAMAGES –<br>POLICIES AND STANDARDS</u>

Emotional distress damages, including mental anguish, are not recoverable in a breach of contract claim.  A plaintiff who does not suffer a physical injury as a direct result from a breach of contract cannot recover for mental anguish, humiliation, embarrassment, and emotional distress.  Because Snyder did not suffer a physical injury as a direct result of a breach of the Policies and Standards, you are specifically instructed that you are not permitted to award Snyder any emotional distress damages on this claim.

AUTHORITY:    Restatement (Second) of Contracts § 353; 23 O.S. § 21; *Seidenbach's, Inc. v. Williams*, 1961 OK 77, 361 P.2d 185, 188; *Coble v. Bowers*, 1990 OK CIV APP 109, 809 P.2d 69, 73; *Taylor v. Geoffrey, LLC*, No. CIV-11-381-FHS, 2012 WL 642508, at *2 (E.D. Okla. Feb. 28, 2012).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

**DEFENDANTS' INSTRUCTION NO. 64**

**<u>BREACH OF CONTRACT – NO PUNITIVE DAMAGES –</u>**
**<u>POLICIES AND STANDARDS</u>**

You are hereby instructed that you are not permitted to award any punitive damages to Snyder on his breach of contract claim.   This means that you are not permitted to award any damages to Snyder that are intended to "punish" OSUMC.

**AUTHORITY:**  23 O.S. § 9.1.


GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 65

## <u>SPECULATIVE DAMAGES</u>

The burden of proof is on Snyder to establish all elements of his alleged damages. The amount of your verdict must be based upon the evidence presented as to Snyder's actual injuries and losses, if any exist.  Snyder cannot recover speculative damages.

Speculative damages are compensation for injuries which are not proven to exist with certainty.  Damages which are too remote to be likely to occur, which are the product of guesswork, or which are not adequately supported by trial evidence, are not to be awarded.

**AUTHORITY:**   §§ 2:701, McNamara and Southerland, Federal Employment Jury Instructions (1st Ed., Rev. 12 Dec., 2012) (modified).  *See also*, *Larrance Tank Corp. v. Burrough*, 476 P.2d 346, 350 (Okla. 1970).

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 66

## <u>ATTORNEYS' FEES AND COURT COSTS</u>

If you find for Snyder, you must not take into account any consideration of attorney fees or court costs in deciding the amount of Snyder's damages. I will decide the matter of attorney fees and court costs, if any, later.

**AUTHORITY:**    O'Malley, Grenig & Lee, Federal Jury Practice & Instructions (5th ed. 2012), §128.100.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 67

## <u>EFFECT OF INSTRUCTIONS AS TO DAMAGES</u>

The fact that I have instructed you as to the proper measure of damages and about how to express your verdict, including the possibility of an award of damages, should not be considered as an indication of any view of mine as to what the verdict should be in this case. Instructions as to the measure of damages are given only for your guidance in accordance with all of these instructions.

**AUTHORITY:**  Instruction given by the Honorable Stephen P. Friot, United States District Court for the Western District of Oklahoma in the case styled *Williams v. City of Okla. City*, Case No. CIV-14-0081-F.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

## DEFENDANTS' INSTRUCTION NO. 68

## <u>CLOSING</u>

I have made certain rulings in the conduct of the trial, and particularly with reference to the admission of evidence. In so doing, I have neither expressed nor intimated in any way the weight or credit to be given any evidence or testimony admitted during the trial, nor indicated in any way the conclusions to be reached by you.

In this court it is entirely proper for the judge, if he desires, to comment on the evidence and express an opinion on it to the jury. I have not done that in this case. I feel that this jury is fully capable of deciding the true facts in this case and applying to those true facts these applicable rules of law. If there is anything that I have said or done that might seem to indicate to you how I would decide this case, I instruct you to disregard it and to use your own judgment in arriving at your verdict.

During the trial, you undoubtedly noted some instances in which I quickly reviewed the preliminary transcript as it appeared on the computer screen. That was only a preliminary transcript. Any transcript which could be made available to other persons for any other purpose would have to be a certified transcript. The preparation of a certified transcript involves a number of steps, and it is highly unlikely that a certified transcript of the testimony of any witness could be completed without substantial delay. Moreover, if a transcript of the testimony of any particular witness were provided, it might be necessary to provide additional transcripts of the testimony of other witnesses. That would take additional time, resulting in further delay. For that reason, it is simply not practicable to prepare a transcript of testimony for use in your deliberations. It will be

necessary for you to make your decision based on what you remember about the evidence. You must do your very best to recall the testimony as it was presented at trial. You should also listen very carefully to your fellow jurors' recollections as to the testimony which was given during the trial.

From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge which you each possess in common with other persons, you will reach your conclusions. You should not let sympathy, sentiment or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial, conscientious and faithful manner under your oaths and render your verdict as the evidence warrants when measured by these instructions. These instructions contain all the law, whether statutory or otherwise, which may be applied by you in this case and the rules by which you should weigh the evidence and determine the facts in issue. You must consider the instructions as a whole, and not a part to the exclusion of the rest. You will not use any method of chance in arriving at the verdict, but base it on the judgment of each juror concurring in it.

After the closing arguments have been completed, the bailiff will lead you to the jury deliberation room to begin your deliberations. If any of you have cell phones or similar devices with you, you are instructed to turn them off and give them to the bailiff as you enter the jury deliberation room. They will be held by the bailiff for you and returned to you after your deliberations are completed and during any break or similar period when you are not deliberating. The purpose of this requirement is to avoid any interruption or

distraction during your deliberations and to eliminate even the possibility of any question of outside contact with the jury during your deliberations.

After you have retired to consider your verdict, select one of your number as the foreperson and enter upon your deliberations. If you need to contact the court for any purpose, it is requested that you do so by a written message signed by the foreperson and transmitted to the court through the bailiff. The exhibits will be available for your examination.

When you have agreed on a verdict, the foreperson will sign it, and you will, as a body, return it into open court. A verdict form will be furnished for your use.

If you fail to reach a verdict, the parties may be put to the expense of another trial, and may once again have to endure the mental and emotional strain of a trial. If the case is retried, a future jury must be selected in the same manner and from the same source as you have been chosen, and there is no reason to believe that the case would ever be submitted to a jury more competent to decide this case than those of you who compose the present jury. There is no reason to believe that there will be more or clearer evidence produced at a future trial.

The verdict of the jury in this case must be unanimous, which means that each juror must agree and concur in it. In this connection, you are advised that jurors have a duty to consult with one another, and to deliberate, with a view to reaching an agreement - if it can be done without violence to individual judgment. Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with fellow jurors; in the course of deliberations, a juror should not hesitate to re-examine his

or her own views and change an opinion if convinced it is erroneous, but no juror should

surrender an honest conviction as to the weight or effect of the evidence solely because

of the opinion of fellow jurors or for the mere purpose of returning a verdict.

**AUTHORITY:**   Instruction given by the Honorable Stephen P. Friot, United States
District Court for the Western District of Oklahoma in the case styled
*Williams  v. City of Okla. City*, Case No. CIV-14-0081-F.

GIVEN:_____

REFUSED:_____

MODIFIED:_____