## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY SNYDER, D.O., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-384-F |
| | ) | |
| BOARD OF REGENTS FOR THE | ) | |
| OKLAHOMA AGRICULTURAL & | ) | |
| MECHANICAL COLLEGES, ex rel. | ) | |
| OKLAHOMA STATE UNIVERSITY | ) | |
| CENTER FOR HEALTH SCIENCES, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

### PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

---

Joshua Stockton, OBA # 21833
Laura Talbert, OBA # 32670
**STOCKTON TALBERT, PLLC**
1127 N.W. 14th Street
Oklahoma City, Oklahoma 73106
Telephone: (405) 225-1200
Email: jstockton@stocktontalbert.com
**ATTORNEYS FOR PLAINTIFF**
**JEFFREY SNYDER, D.O.**

# TABLE OF CONTENTS

DR. SNYDER'S PROPOSED INSTRUCTION NO. 1                              6
OPENING ........................................................................................ 6
DR. SNYDER'S PROPOSED INSTRUCTION NO. 2 ...................................... 7
STATEMENT OF THE CASE .................................................................... 7
DR. SNYDER'S PROPOSED INSTRUCTION NO. 3 ...................................... 8
ALL PERSONS EQUAL BEFORE THE LAW ........................................... 8
DR. SNYDER'S PROPOSED INSTRUCTION NO. 4 ...................................... 9
EVIDENCE ........................................................................................ 9
DR. SNYDER'S PROPOSED INSTRUCTION NO. 5 .................................... 11
DETERMINING CREDIBILITY OF WITNESS .................................... 11
DR. SNYDER'S PROPOSED INSTRUCTION NO. 6 .................................... 12
IMPEACHMENT ................................................................................ 12
DR. SNYDER'S PROPOSED INSTRUCTION NO. 7 .................................... 13
NO SPECULATION ............................................................................ 13
DR. SNYDER'S PROPOSED INSTRUCTION NO. 8 .................................... 14
BURDEN OF PROOF- GREATER WEIGHT OF THE EVIDENCE ....... 14
DR. SNYDER'S PROPOSED INSTRUCTION NO. 9 .................................... 15
INFERENCE FROM SPOLIATION OF EVIDENCE ............................ 15
DR. SNYDER'S PROPOSED INSTRUCTION NO. 10 ................................... 16
EXPERT WITNESS ............................................................................ 16
DR. SNYDER'S PROPOSED INSTRUCTION NO. 11 ................................... 17
DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................... 17
DR. SNYDER'S PROPOSED INSTRUCTION NO. 12 ................................... 18
AGENCY - DEFINED ........................................................................ 18
DR. SNYDER'S PROPOSED INSTRUCTION NO. 13 ................................... 19
EMPLOYER AND EMPLOYEE - DEFINED ......................................... 19
DR. SNYDER'S PROPOSED INSTRUCTION NO. 14 ................................... 20
LOANED EMPLOYEE ........................................................................ 20
DR. SNYDER'S PROPOSED INSTRUCTION NO. 15 ................................... 21
ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT ................... 21

DR. SNYDER'S PROPOSED INSTRUCTION NO. 16 .................................... 23

    FORMATION OF A CONTRACT .................................................... 23

DR. SNYDER'S PROPOSED INSTRUCTION NO. 17 .................................... 24

    FORM OF CONTRACTS.................................................................. 24

DR. SNYDER'S PROPOSED INSTRUCTION NO. 18 .................................... 25

    DEFINITION OF OFFER................................................................ 25

DR. SNYDER'S PROPOSED INSTRUCTION NO. 19 .................................... 26

    DEFINITION OF ACCEPTANCE.................................................. 26

DR. SNYDER'S PROPOSED INSTRUCTION NO. 20 .................................... 27

    ACCEPTANCE OF BENEFITS..................................................... 27

DR. SNYDER'S PROPOSED INSTRUCTION NO. 21 .................................... 28

    MODIFICATION OF CONTRACTS.............................................. 28

DR. SNYDER'S PROPOSED INSTRUCTION NO. 22 .................................... 29

    INTERPRETATION OF CONTRACTS --- IN GENERAL...................... 29

DR. SNYDER'S PROPOSED INSTRUCTION NO. 23 .................................... 30

    ENTIRE CONTRACT .................................................................... 30

DR. SNYDER'S PROPOSED INSTRUCTION NO. 24 .................................... 31

    MEANING OF WORDS ................................................................. 31

DR. SNYDER'S PROPOSED INSTRUCTION NO. 25 .................................... 32

    CONSTRUCTION IN FAVOR OF PROMISES....................................... 32

DR. SNYDER'S PROPOSED INSTRUCTION NO. 26 .................................... 33

    BREACH OF CONTRACT ............................................................ 33

DR. SNYDER'S PROPOSED INSTRUCTION NO. 27 .................................... 34

    GENERAL MEASURE OF DAMAGES ........................................ 34

DR. SNYDER'S PROPOSED INSTRUCTION NO. 28 .................................... 35

    UNCERTAINTY AS TO FACT OR AMOUNT OF DAMAGES .............. 35

DR. SNYDER'S PROPOSED INSTRUCTION NO. 29 .................................... 36

    REHABILITATION ACT .......................................................... 36

DR. SNYDER'S PROPOSED INSTRUCTION NO. 30 .................................... 37

    AMERICANS WITH DISABILITIES ACT - CLAIM AGAINST OSU-CHS
- TITLE II................................................................................ 37

DR. SNYDER'S PROPOSED INSTRUCTION NO. 31 ................................... 38

    AMERICANS WITH DISABILITIES ACT – INTERFERENCE,
    COERCION OR INTIMIDATION IS UNLAWFUL ............................... 38

DR. SNYDER'S PROPOSED INSTRUCTION NO. 32 ................................... 39

    DEFINITION OF DISABILITY.................................................................... 39

DR. SNYDER'S PROPOSED INSTRUCTION NO. 33 ................................... 40

    "REGARDED AS" DISABLED..................................................................... 40

DR. SNYDER'S PROPOSED INSTRUCTION NO. 34 ................................... 41

    ADA CLAIM AGAINST OSU-CHS – "QUALIFIED" INDIVIDUAL WITH
    A DISABILITY.............................................................................................. 41

DR. SNYDER'S PROPOSED INSTRUCTION NO. 35 ................................... 42

    ADA CLAIM AGAINST OSU-CHS – PUBLIC ENTITY.......................... 42

DR. SNYDER'S PROPOSED INSTRUCTION NO. 36 ................................... 43

    REHABILITATION ACT – EMPLOYMENT CLAIM AGAINST OSUMC
    – MEDICAL EXAMINATION..................................................................... 43

DR. SNYDER'S PROPOSED INSTRUCTION NO. 37 ................................... 44

    REHABILITATION ACT – EMPLOYMENT CLAIM AGAINST OSUMC -
    CAUSATION................................................................................................. 44

DR. SNYDER'S PROPOSED INSTRUCTION NO. 38 ................................... 45

    PRACTICING OSTEOPATHIC MEDICINE WITHOUT A LICENSE... 45

DR. SNYDER'S PROPOSED INSTRUCTION NO. 39 ................................... 46

    RETALIATION ............................................................................................ 46

DR. SNYDER'S PROPOSED INSTRUCTION NO. 40 ................................... 48

    RETALIATION - ADVERSE ACTIONS — OSUMC ............................... 48

DR. SNYDER'S PROPOSED INSTRUCTION NO. 41 ................................... 49

    RETALIATION - ADVERSE ACTIONS — OSU-CHS ........................... 49

DR. SNYDER'S PROPOSED INSTRUCTION NO. 42 ................................... 50

    RETALIATION – CAUSATION ................................................................. 50

DR. SNYDER'S PROPOSED INSTRUCTION NO. 43 ................................... 51

    PRETEXT..................................................................................................... 51

DR. SNYDER'S PROPOSED INSTRUCTION NO. 44 ................................... 53

    BACKPAY .................................................................................................... 53

DR. SNYDER'S PROPOSED INSTRUCTION NO. 45 .................................... 54

    COMPENSATORY DAMAGES ................................................ 54

DR. SNYDER'S PROPOSED INSTRUCTION NO. 46 .................................... 56

    NOMINAL DAMAGES ........................................................ 56

DR. SNYDER'S PROPOSED INSTRUCTION NO. 47 .................................... 57

    FRONT PAY .................................................................... 57

DR. SNYDER'S PROPOSED INSTRUCTION NO. 48 .................................... 58

    CLOSING ........................................................................ 58

DR. SNYDER'S PROPOSED INSTRUCTION NO. 49 .................................... 62

**Dr. Snyder's Proposed Instruction No. 1**

**OPENING**

Members of the jury, you have heard the evidence will soon hear the final arguments presented for the plaintiff and for the defendants. I will now instruct you on the law you will apply in this case.

You, as jurors in this case, are the sole judges of the facts. You must decide the true facts from the evidence you have heard. In considering the evidence in this case, you will use the court's instructions and your own sound judgment. You are to determine the facts in this case, and you must then apply the law contained in these instructions to those facts to decide whether or not either one of, or both, the defendants are liable.

First, I will instruct you on some general rules for your consideration of the evidence in this case. Then I will instruct you on the law regarding the plaintiff's claims. After that I will instruct you regarding damages. Lastly, I will give you some instructions about how to proceed with your deliberations and I will go over the verdict form with you.

**Source**:    *Diaz v. OBNDDC*, 5:14-cv-00821-F (W.D. Okla. 2016), Jury Instruction No. 1 (modified)

Given:    _____

Refused:    _____

**Dr. Snyder's Proposed Instruction No. 2**

**STATEMENT OF THE CASE**

Plaintiff Dr. Jeffrey Snyder asserts that OSU-CHS and/or OSUMC discriminated against him because of a perceived disability, retaliated against him after he filed discrimination complaints, and breached his express or implied contract rights with OSUMC. Dr. Snyder asserts that he was qualified to be a resident in the OSU-CHS Family Medicine Residency Program but was excluded from the program because the defendants perceived him as disabled. Dr. Snyder asserts that the reasons given by the defendants for their actions are a pretext for discrimination and/or retaliation.

Dr. Snyder also asserts that OSUMC breached his contract by failing to follow its policies and procedures when placing him on probation. Additionally, Dr. Snyder asserts that OSUMC breached their contract by failing to follow its policies and procedures when denying him the right to appeal his probation and/or his leave of absence.

Defendants deny Dr. Snyder's allegations.

Those are the issues for you to decide.

**Source**:     None.

Given:          _____

Refused:        _____

**Dr. Snyder's Proposed Instruction No. 3**

**ALL PERSONS EQUAL BEFORE THE LAW**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice. The fact that plaintiff is an individual and that the defendants are governmental agencies should not influence your thinking, either for or against the plaintiff or the defendants.

**Source**:     *Diaz v. OBNDDC*, 5:14-cv-00821-F (W.D. Okla. 2016), Jury Instruction No. 3 (modified)

Given:        _____

Refused:     _____

**Dr. Snyder's Proposed Instruction No. 4**

**EVIDENCE**

The evidence in the case consists of the sworn testimony of the witnesses, all exhibits which have been received in evidence, and all facts which have been admitted or stipulated.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In considering the evidence and in determining the issues in this case, you should bring to your aid the knowledge which you possess in common with the generality of mankind concerning the matters disclosed by the evidence.

Statements and arguments of counsel are not evidence in the case. When the attorneys for all parties stipulate or agree as to the existence of a fact, the jury must accept the stipulations as evidence and regard that fact as conclusively proved.

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you

are the sole judges of the facts and that includes the credibility of all witnesses and the weight and effect of all evidence.

When the court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if permitted to answer any question.

**Source**:     *Williams v. SKF USA, Inc.*, Case No. 5:16-cv-00112-F (W.D. Okla. 2017), Jury Instruction No. 4.

Given:        _____

Refused:      _____

## Dr. Snyder's Proposed Instruction No. 5

### DETERMINING CREDIBILITY OF WITNESS

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

**Source**:    OUJI-CIV (2d), Instruction No. 3.13


Given:       _____

Refused:       _____

**Dr. Snyder's Proposed Instruction No. 6**

**IMPEACHMENT**

You are instructed that a witness may be discredited or impeached by contradictory evidence or by evidence that at other times the witness has made statements that are inconsistent with the witness's present testimony.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness only such credibility, if any, as you may think it deserves.

**Source**:     *Williams v. SKF USA, Inc.*, Case No. 5:16-cv-00112-F (W.D. Okla. 2017), Jury Instruction No. 7.

Given:          _____

Refused:        _____

## Dr. Snyder's Proposed Instruction No. 7

## NO SPECULATION

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

**Source**:    OUJI-CIV (2d), Instruction No. 3.3

Given:    _____

Refused:    _____

**Dr. Snyder's Proposed Instruction No. 8**

**BURDEN OF PROOF- GREATER WEIGHT OF THE EVIDENCE**

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

**Source**:     OUJI-CIV (2d), Instruction No. 3.1

Given:     _____

Refused:     _____

**Dr. Snyder's Proposed Instruction No. 9**

**INFERENCE FROM SPOLIATION OF EVIDENCE**

Defendants had a duty to preserve Sandy Cooper's handwritten notes of her interviews with Dr. Lora Cotton and Dr. Jenny Alexopulos during her investigation of Dr. Snyder's discrimination complaints. Defendants failed to preserve the evidence. You may therefore conclude that the evidence would have been unfavorable to Defendants.

**Source**: OUJI-CIV (2d), Instruction No. 3.11A (modified)

Given:        _____

Refused:      _____

**Dr. Snyder's Proposed Instruction No. 10**

**EXPERT WITNESS**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

**Source**:     OUJI-CIV (2d), Instruction No. 3.21

Given:          _____

Refused:        _____

**Dr. Snyder's Proposed Instruction No. 11**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eye witness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

**Source**:     *Williams v. SKF USA, Inc.*, Case No. 5:16-cv-00112-F (W.D. Okla. 2017), Jury Instruction No. 5.

Given:        _____

Refused:      _____

## Dr. Snyder's Proposed Instruction No. 12

## AGENCY - DEFINED

The relationship of agency is created from the conduct and/or agreement of the parties showing that one is willing for the other to act for him or her subject to his or her control and that the other consents to so act. An agency relationship may arise under such circumstances even when the parties may not have intended to create one. The person who acts for another is called the agent and the other is called the principal.

**Source**:      OUJI-CIV (2d), Instruction No. 6.2

Given:      _____

Refused:      _____

## Dr. Snyder's Proposed Instruction No. 13

## EMPLOYER AND EMPLOYEE - DEFINED

An employee is a person who, by agreement with another called the employer, acts for the employer and is subject to its control. The agreement may be oral or written or implied from the conduct of the parties.

**Source**:     OUJI-CIV (2d), Instruction No. 6.4

Given:      _____

Refused:     _____

**Dr. Snyder's Proposed Instruction No. 14**

**LOANED EMPLOYEE**

When an employee is loaned, or hired out to another for some purpose, she becomes the employee of such other person, if the other person has the exclusive right to control the employee with respect to that purpose.

**Source**: OUJI-CIV (2d), Instruction No. 6.5

Given:        _____

Refused:      _____

## Dr. Snyder's Proposed Instruction No. 15

## ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT

Dr. Snyder claims his contract was breached by OSUMC in 3 ways: first, when Dr. Cotton placed him on probation; second, when Dr. Cotton denied him the right to appeal his probation; and third, when Dr. Cotton denied him the right to appeal his leave of absence.

Dr. Snyder is required to prove by the greater weight of the evidence the following in order to recover on the claims for breach of contract against OSUMC:

1.      Formation of a contract between Dr. Snyder and OSUMC;

2.      OSUMC breached the contract; and

3.      Dr. Snyder suffered damages as a direct result of the breach.

Regarding Dr. Snyder's claim that being placed on probation was a breach of contract, you are instructed the Court has interpreted the language of the Resident Staff Agreement as a matter of law and found that Dr. Snyder has proven that Dr. Cotton violated the residency agreement by placing Dr. Snyder on probation without giving him notice of the academic deficiencies and a specified time to resolve those deficiencies with specified actions. Thus, for that claim, Dr. Snyder has proven elements 1 and 2 as a matter of law, but you must decide what, if any, damages he suffered as a result of the breach of being placed on probation in violation of the Resident Staff Agreement.

Regarding Dr. Snyder's claim that OSUMC breached his contract by denying him a right to appeal his probation or leave of absence, you must decide whether Dr. Snyder has proven each of his elements for those claims.

**Source:**     OUJI-CIV (2d), Instruction No. 23.1 (modified); Court's Amended Order (ECF # 429) at 104.

Given:          _____

Refused:        _____

## Dr. Snyder's Proposed Instruction No. 16

## FORMATION OF A CONTRACT

A contract is an agreement to do or not to do a certain thing. In order to have a valid contract there must be:

1. An offer by one party,

2. An acceptance by the other, and

3. Each party must give something of value or promise to give something of value in exchange for what the other gives or promises.

**Source:**   OUJI-CIV (2d), Introduction No. 23.2

Given:   _____

Refused:   _____

## Dr. Snyder's Proposed Instruction No. 17

## FORM OF CONTRACTS

A contract may be written or oral. A contract may be express or implied. An express contract is set out in words, either spoken or written. An implied contract is created by the acts or conduct of the parties. No particular form is required for words or conduct to create either an express or implied contract.

**Source:**    OUJI-CIV (2d), Instruction No. 23.3

Given:    _____

Refused:    _____

**Dr. Snyder's Proposed Instruction No. 18**

**DEFINITION OF OFFER**

An offer is an expression that a person is willing to enter into a contract.

An offer remains open for the time stated in the offer or, if no time is stated,

for a reasonable time.

**Source:**     OUJI-CIV (2d), Instruction No. 23.4 (modified)

Given:          _____

Refused:        _____

## Dr. Snyder's Proposed Instruction No. 19

## DEFINITION OF ACCEPTANCE

An acceptance of an offer is a statement or conduct that shows that a person agrees to all the terms of the offer and intends to be bound by them. In order to make a binding contract, an acceptance must be unconditional and agree to all material terms in the offer. If new terms are proposed or some terms of the offer are rejected, the response to an offer is considered a rejection of the offer and a counteroffer, which must be accepted by the other party before a contract is formed. An acceptance must be communicated to the person making the offer before the offer expires. An acceptance must be communicated according to the terms specified in the offer, or if no terms are specified, in a reasonable manner.

**Source:**    OUJI-CIV (2d), Instruction No. 23.5

Given:    _____

Refused:    _____

## Dr. Snyder's Proposed Instruction No. 20

### ACCEPTANCE OF BENEFITS

A contract is formed when a person voluntarily accepts the benefit of an offer if he or she knew or should have known that the person making the offer intended to receive a specific benefit in return.

**Source:**     OUJI-CIV (2d), Instruction No. 23.7

Given:         _____

Refused:       _____

## Dr. Snyder's Proposed Instruction No. 21

## MODIFICATION OF CONTRACTS

The parties to a contract can agree to modify a contract by changing one or more of its terms while continuing to be bound by the rest of the contract. Whether the contract was modified by the parties depends on their intent as shown by their words, whether written or oral, or their conduct. No particular form is required to modify a contract.

**Source:**    OUJI-CIV (2d), Instruction No. 23.9 (modified)

Given:    _____

Refused:    _____

**Dr. Snyder's Proposed Instruction No. 22**

**INTERPRETATION OF CONTRACTS --- IN GENERAL**

In this case, you will need to decide the meaning of the following term of the contract:

> The trainee will be provided an opportunity to meet with evaluators to appeal a decision regarding probation.

House Staff Policies, page, "Probation/Dismissal Procedure."

To do this you must decide what the intent of the parties was when they made their contract. To decide what their intent was you should first examine the language of the contract. You may also consider the circumstances under which the parties made the contract, and what the parties themselves believed the term meant as shown by the evidence. A contract should be interpreted so that it is reasonable and capable of being carried out, if this can be done without changing the intention of the parties.

**Source:**    OUJI-CIV (2d), Instruction No. 23.11 (modified)

Given:        _____

Refused:      _____

**Dr. Snyder's Proposed Instruction No. 23**

**ENTIRE CONTRACT**

A contract is to be interpreted as a whole, and the overall intention of the parties is controlling over the separate parts of a contract. If possible, each part of a contract must be used to help interpret the other parts, but if one part is wholly inconsistent with the general intention of the parties, it should be rejected. Where several contracts make up a single transaction, then they should be interpreted together.

**Source:**    OUJI-CIV (2d), Instruction No. 23.12 (modified).

Given:    _____

Refused:    _____

**Dr. Snyder's Proposed Instruction No. 24**

**MEANING OF WORDS**

You should interpret the words of the contract in their ordinary and popular sense, unless you decide that the parties used them in some other sense.  If the parties used technical words, they should be interpreted in the way that they are usually understood by persons in the business in which they are used, unless clearly used in a different sense. If the parties to the contract have dealt with each other before and their previous dealings showed that they had a common understanding as to the meaning of certain terms, then you should interpret those terms according to their commonly understood meaning.

**Source:**     OUJI-CIV (2d), Instruction No. 23.13

Given:        _____

Refused:      _____

## Dr. Snyder's Proposed Instruction No. 25

## CONSTRUCTION IN FAVOR OF PROMISES

If the terms of a promise are uncertain, then you should interpret those terms the way that the person making the promise believed the other person understood them when the promise was made.

**Source:**    OUJI-CIV (2d), Instruction No. 23.14

Given:        _____

Refused:      _____

**Dr. Snyder's Proposed Instruction No. 26**

**BREACH OF CONTRACT**

A contract is breached or broken when a party does not do what he, she, or it promised to do in the contract.

**Source:**   OUJI-CIV (2d), Instruction No. 23.21

Given:   _____

Refused:   _____

**Dr. Snyder's Proposed Instruction No. 27**

**GENERAL MEASURE OF DAMAGES**

If you decide for Dr. Snyder on his claim for breach of contract, you must then fix the amount of his damages. This is the amount of money that is needed to put him in as good a position as he would have been if the contract had not been breached. In this case, the amount of damages should be determined as follows: the amount of monetary damages Dr. Snyder can prove were directly caused by the breach.

**Source:**     OUJI-CIV (2d), Instruction No. 23.51

Given:      _____

Refused:     _____

**Dr. Snyder's Proposed Instruction No. 28**

**UNCERTAINTY AS TO FACT OR AMOUNT OF DAMAGES**

In order to award damages to Dr. Snyder you must be satisfied by the greater weight of the evidence that he did in fact suffer a loss which was caused by the breach. Once you are satisfied that Dr. Snyder did suffer such a loss, you should award damages even if you are uncertain as to the exact amount. The amount of damages does not have to be proved with mathematical certainty, but there must be a reasonable basis for the award.

**Source:**    OUJI-CIV (2d), Instruction No. 23.52

Given:    _____

Refused:    _____

## Dr. Snyder's Proposed Instruction No. 29

### REHABILITATION ACT

Dr. Snyder alleges discrimination claims against OSU-CHS and OSUMC

under Section 504 of the Rehabilitation Act, which states, in part:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

To prevail on this claim, Dr. Snyder must prove that:

1.  he was disabled;

2.  he was otherwise qualified for the program;

3.  he was discriminated against solely by reason of his disability;

4.  the program or activity in question receives federal financial assistance.

The parties stipulate that OSU-CHS and OSUMC receive federal

financial assistance.

**Source**:      29 U.S.C. § 794(a); *Cohon ex rel. Bass v. New Mexico Dept. of Health*, 646 F.3d 717, 725 (10th Cir. 2011).

Given:      _____

Refused:      _____

**Dr. Snyder's Proposed Instruction No. 30**

**AMERICANS WITH DISABILITIES ACT - CLAIM AGAINST OSU-CHS - TITLE II**

Dr. Snyder also alleges a discrimination claim against OSU-CHS under

Title II of the Americans with Disabilities Act, which states, in part:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

To prevail on this claim, Dr. Snyder must prove:

1. he was a qualified individual with a disability;

2. he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities; and

3. the exclusion, denial of benefits, or discrimination was by reason of a disability.

**Source**:     42 U.S.C. § 12132; *Cohon ex rel. Bass v. New Mexico Dept. of Health*, 646 F.3d 717, 725 (10th Cir. 2011); *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007)

Given:     _____

Refused:     _____

**Dr. Snyder's Proposed Instruction No. 31**

**AMERICANS WITH DISABILITIES ACT – INTERFERENCE,
COERCION OR INTIMIDATION IS UNLAWFUL**

Under the Americans with Disabilities Act, it is unlawful to coerce, intimidate, threated, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA.

**Source**:    42 U.S.C. § 12203(b)

Given:    _____

Refused:    _____

**Dr. Snyder's Proposed Instruction No. 32**

**DEFINITION OF DISABILITY**

Under both the ADA and the Rehabilitation Act, Dr. Snyder was "disabled" if he proves he:

1. had a physical or mental impairment that substantially limits one or more major life activities;

2. had a record of such an impairment; or

3. was regarded as having such an impairment.

Dr. Snyder alleges claims against OSU-CHS and OSUMC under the third prong – that he was "regarded as" having a physical or mental impairment.

**Source**:   42 U.S.C. § 12102(1).

Given:   _____

Refused:   _____

## Dr. Snyder's Proposed Instruction No. 33

### "REGARDED AS" DISABLED

Under both the ADA and the Rehabilitation Act, Dr. Snyder was "regarded as" disabled if he proves:

1. he had an actual or perceived impairment;

2. that impairment was neither transitory nor minor; and

3. OSU-CHS and/or OSUMC was aware of and perceived the impairment at the time of the alleged discriminatory action.

**Source**:     42 U.S.C. § 12102(3); *Adair v. City of Muskogee*, 823 F.3d 1297, 1305-1306 (10th Cir. 2016).

Given:     _____

Refused:     _____

## Dr. Snyder's Proposed Instruction No. 34

## ADA CLAIM AGAINST OSU-CHS – "QUALIFIED" INDIVIDUAL WITH A DISABILITY

Under Title II of the ADA, a "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

**Source**:    42 U.S.C. § 12131(2)

Given:    _____

Refused:    _____

**Dr. Snyder's Proposed Instruction No. 35**

**ADA CLAIM AGAINST OSU-CHS – PUBLIC ENTITY**

You are instructed that OSU-CHS was a "public entity" under Title II of the ADA.

**Source:**   42 U.S.C. § 12131(1)

Given:   _____

Refused:   _____

**Dr. Snyder's Proposed Instruction No. 36**

**REHABILITATION ACT – EMPLOYMENT CLAIM AGAINST OSUMC – MEDICAL EXAMINATION**

For Dr. Snyder's claim against OSUMC, the Rehabilitation Act permits medical exams and inquiries during employment only when they are job-related and consistent with business necessity.

**Source**:      42 U.S.C. § 12112(d)(4)(A).

Given:          _____

Refused:        _____

**Dr. Snyder's Proposed Instruction No. 37**

**REHABILITATION ACT – EMPLOYMENT CLAIM AGAINST OSUMC - CAUSATION**

Under his Rehabilitation Act claim against OSUMC, Dr. Snyder must prove that his perceived disability was the but-for cause for one or more of the following actions:

1. the probation in April 2014;

2. the leave of absence in July 2014;

3. his return to training or employment with conditions in November 2014; and/or

4. the decision to withhold his postgraduate training verification form.

**Source:**     Court's Amended Order (ECF # 429) at 89-90.

Given:         _____

Refused:       _____

**Dr. Snyder's Proposed Instruction No. 38**

**PRACTICING OSTEOPATHIC MEDICINE WITHOUT A LICENSE**

A resident engaged in postgraduate training beyond the internship year, also known as PGY-1, shall be licensed. After the internship year, it is unlawful for any person to practice as an osteopathic physician and surgeon in Oklahoma without a license issued by the State Board of Osteopathic Examiners. Practicing Osteopathic Medicine without a license issued by the State Board of Osteopathic Examiners is a felony punishable by up to 4 years in prison and/or a $10,000 fine.

**Source:**      Okla. Stat. tit. 59, §§ 662(A)(1)-(2), 638(A)(1).

Given:      _____

Refused:      _____

## Dr. Snyder's Proposed Instruction No. 39

## RETALIATION

It is unlawful to retaliate against an individual because he in good faith opposed what he believed were discriminatory practices in education or employment. Dr. Snyder claims that OSU-CHS and/or OSUMC retaliated against him because he opposed discrimination. To prevail on his retaliation claims, Dr. Snyder must prove:

1.  he engaged in protected activity by opposing discriminatory practices;

2.  OSU-CHS and/or OSUMC took an action that a reasonable person in Dr. Snyder's position would have found materially adverse; and

3.  OSU-CHS and/or OSUMC would not have taken the challenged decision but for Dr. Snyder's protected activity.

You are instructed that the Court has found that Dr. Snyder has established elements 1 and 2 as a matter of law – that he engaged in protected activity and that OSU-CHS and OSUMC took an action that a reasonable person in Dr. Snyder's position would have found materially adverse. You must decide whether Dr. Snyder has proven element 3.

**Source**:   29 U.S.C. § 794(d) (Rehabilitation Act); 42 U.S.C. § 12203(a) (ADA); 42 U.S.C. § 2000e-3(a) (Title VII); 20 U.S.C. § 1681 (Title IX); *Jarvis v. Potter*, 500 F.3d 1113, 1125 (10th Cir. 2007); *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005); *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 562–64 (3d Cir. 2017); *Kelley v. City of Albuquerque*, 542 F.3d 802, 821 (10th Cir. 2008) (protected activity is legal question); *Morales-Vallellanes v. Potter, et al.*, 605 F.3d 27, 33 (1st Cir. 2010) (adverse action is legal question);

*Gerhart v. Boyerton Area School Dist.*, 2002 WL 31999365 (E.D. Pa. March 4, 2002) (adverse action is legal question); *Broderick v. Donaldson*, 338 F. Supp. 2d 30, 41 (D.D.C. 2004) (protected activity is legal question); *Tepperwien v. Entergy Nuclear Operations, Inc.*, 606 F. Supp. 2d 427, 443 (S.D.N.Y. 2009) (protected activity and adverse action are legal questions); *Reinhardt v. Albuquerque Public Schools Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010); *Doebele v. Sprint / United Management Co.*, 342 F.3d 1117, 1135 (10th Cir. 2003).

Given: _____

Refused: _____

**Dr. Snyder's Proposed Instruction No. 40**

**RETALIATION - ADVERSE ACTIONS — OSUMC**

For Dr. Snyder's retaliation claims against OSUMC, you must decide whether Dr. Snyder has proven that his protected activity was the but-for cause of the following actions:

1. Denial of the right to appeal the probation and leave of absence in August 2014; and

2. Conditioning Dr. Snyder's return to the residency program and employment based on waiver of complaints and appeal in November 2014.

**Source:**   Court's Amended Order (ECF # 429) at 94-99; *Lincoln v. BNSF Railway Company*, 900 F.3d 1166, 1209 (10th Cir. 2018); *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014); *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1191 (10th Cir. 2016); *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

Given:   _____

Refused:   _____

## Dr. Snyder's Proposed Instruction No. 41

## RETALIATION - ADVERSE ACTIONS — OSU-CHS

For Dr. Snyder's retaliation claims against OSU-CHS, you must decide whether Dr. Snyder has proven that his protected activity was the but-for cause of the following actions:

1. Denial of the right to appeal the probation and leave of absence in August 2014;

2. Conditioning Dr. Snyder's return to the residency program and employment based on waiver of complaints and appeal in November 2014;

3. Placing Dr. Snyder on inactive status in February 2015;

4. Dismissing Dr. Snyder from the program in August 2015; and

5. Withholding the post-graduate training verification order.

**Source:**    *Lincoln v. BNSF Railway Company*, 900 F.3d 1166, 1209 (10th Cir. 2018); *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014); *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1191 (10th Cir. 2016); *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

Given:    _____

Refused:    _____

## Dr. Snyder's Proposed Instruction No. 42

## RETALIATION – CAUSATION

To prove that OSU-CHS or OSUMC would not have taken the challenged decisions but-for Dr. Snyder's protected activity, Dr. Snyder does not need to show that his protected activity was the sole motivating factor in the employment decision. Instead, OSU-CHS and/or OSUMC may be held liable for retaliation even if other factors contributed to their making the challenged decision, so long as retaliation was the factor that made a difference.

**Source**:     *Lincoln v. BNSF Railway Company*, 900 F.3d 1166, 1209 (10th Cir. 2018); *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014); *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1191 (10th Cir. 2016); *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

Given:      _____

Refused:      _____

## Dr. Snyder's Proposed Instruction No. 43

### PRETEXT

Dr. Snyder claims that OSU-CHS's and/or OSUMC's stated reasons for its adverse actions are not the true reason, but instead are a pretext (an excuse) to cover up for disability discrimination or retaliation. If you do not believe one or more of the reasons offered by OSU-CHS and/or OSUMC for the adverse actions, then you may, but are not required to, infer that Dr. Snyder's perceived disability was a factor that made a difference in the decision. Dr. Snyder need not disprove every reason stated by OSU-CHS and/or OSUMC to prove pretext.

Dr. Snyder may show that the stated reasons for OSU-CHS and/or OSUMC's decisions are pretextual (or not the true reason) in any of several ways, which may include:

1. Evidence that any one of the stated reasons for the decisions are false, contradictory, or implausible;

2. Evidence that OSU-CHS and/or OSUMC acted contrary to a written or unwritten policy or an established practice when taking action against Dr. Snyder;

3. Evidence that OSU-CHS and/or OSUMC did not uniformly enforce its own rules;

4. Evidence that OSU-CHS and/or OSUMC otherwise exhibited disturbing procedural irregularities in dealing with Dr. Snyder;

5. The criteria used to evaluate the employee was entirely subjective; and/or

6. Any other reason that causes you to decide the stated reasons for the adverse actions are unworthy of belief.

**Source:**     *Jarvis v. Potter*, 500 F.3d 1113, 1125 (10th Cir. 2007); *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004); *Reinhardt v. Albuquerque Public Schools Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010); *Doebele v. Sprint/United Management Co.*, 342 F.3d 1117, 1135 (10th Cir. 2003); *Townsend v. Lumberman's Mut. Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002).

Given: _____

Refused: _____

## Dr. Snyder's Proposed Instruction No. 44

## BACKPAY

If you find that OSU-CHS and/or OSUMC unlawfully discriminated or retaliated against Dr. Snyder because of his perceived disability and/or discrimination complaints, then you must determine the amount of back pay that Dr. Snyder proved was caused by OSU-CHS's and/or OSUMC's wrongful conduct. In determining back pay, you must make several calculations:

First, calculate the amount of pay and bonuses that Dr. Snyder would have earned had he not been discriminated against and/or retaliated against from the date of that he was excluded from the Family Medicine Residency until today's date. Second, calculate and add the value of the employee benefits (health, life and dental insurance, vacation leave, etc.) that Dr. Snyder would have received had he not been discriminated against and/or retaliated against from the date that he was excluded from the Family Medicine Residency of that until the date of trial. Third, subtract from this sum the amount of pay and benefits that Dr. Snyder earned during this time, if any.

**Source:**   *Dodoo v. Seagate Tech., Inc.*, 235 F.3d 522, 527 (10th Cir. 2000) (back pay determined by the jury); *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1236 (10th Cir. 2000) (back pay determined by the Court).

Given:   _____

Refused:   _____

**Dr. Snyder's Proposed Instruction No. 45**

**COMPENSATORY DAMAGES**

If you find that OSU-CHS and/or OSUMC unlawfully discriminated or retaliated against Dr. Snyder based on his perceived disability and/or discrimination complaints, then you must determine an amount that is fair compensation for Dr. Snyder's damages. You may award compensatory damages for injuries that Dr. Snyder proved were caused by OSU-CHS's and/or OSUMC's wrongful conduct. The damages that you award must be fair compensation, no more and no less.

You may award damages for any emotional distress, pain, suffering, inconvenience, mental anguish, embarrassment, humiliation, damage to reputation, or other harm that Dr. Snyder experienced because of Defendants' wrongful conduct. No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for setting the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in making an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on speculation

or guesswork. On the other hand, the law does not require that Dr. Snyder prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Source:**     3C Fed. Jury Prac. & Instr. § 172:70 (6th ed.) (modified)

Given:          _____

Refused:        _____

## Dr. Snyder's Proposed Instruction No. 46

## NOMINAL DAMAGES

If you return a verdict for Dr. Snyder but find that he has failed to prove

that he suffered any damages, then you must award him the nominal amount

of $1.00.

**Source:**   *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1228 (10th Cir.
2001); 3C Fed. Jury Prac. & Instr. § 172:73 (6th ed.).


Given:   _____

Refused:   _____

## Dr. Snyder's Proposed Instruction No. 47

### FRONT PAY

You must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits Dr. Snyder would have earned had he not been discriminated against or retaliated against. You must also reduce any award to its present value by considering the interest that Dr. Snyder could earn on the amount of the award if he had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Dr. Snyder if he receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because Dr. Snyder can earn interest on it for the period between the date of the award and the date Dr. Snyder would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings by the amount of interest that Dr. Snyder can earn on that amount in the future.

**Source**:   3C Fed. Jury Prac. & Instr. § 172:72 (6th ed.).

Given:   _____

Refused:   _____

**Dr. Snyder's Proposed Instruction No. 48**

**CLOSING**

I have made certain rulings in the conduct of the trial, and particularly with reference to the admission of evidence. In so doing, I have neither expressed nor intimated in any way the weight or credit to be given any evidence or testimony admitted during the trial, nor indicated in any way the conclusions to be reached by you.

In this court it is entirely proper for the judge, if he desires, to comment on the evidence and express an opinion on it to the jury. I have not done that in this case. I feel that this jury is fully capable of deciding the true facts in this case and applying to those true facts these applicable rules of law. If there is anything that I have said or done that might seem to indicate to you how I would decide this case, I instruct you to disregard it and to use your own judgment in arriving at your verdict.

During the trial, you undoubtedly noted some instances in which I quickly reviewed the preliminary transcript as it appeared on the computer screen. That was only a preliminary transcript. Any transcript which could be made available to other persons for any other purpose would have to be a certified transcript. The preparation of a certified transcript involves a number of steps, and it is highly unlikely that a certified transcript of the testimony of any witness could be completed without substantial delay. Moreover, if a

transcript of the testimony of any particular witness were provided, it might be necessary, in fairness, to provide additional transcripts of the testimony of other witnesses. That would take additional time, resulting in further delay. For that reason, it is simply not practicable to prepare a transcript of testimony for use in your deliberations. It will be necessary for you to make your decision based on what you remember about the evidence. You must do your very best to recall the testimony as it was presented at trial. You should also listen very carefully to your fellow jurors' recollections as to the testimony which given during the trial.

From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge which you each possess in common with other persons, you will reach your conclusions. You should not let sympathy, sentiment or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial, conscientious and faithful  manner under your oaths and render your verdict as the evidence warrants when measured by these instructions. These instructions contain all the law, whether statutory or otherwise, which may be applied by you in this case and the rules by which you should weigh the evidence and determine the facts in issue. You must consider the instructions as a whole, and not a part to the exclusion of the rest. You will not use any

method of chance in arriving at the verdict, but base it on the judgment of each juror concurring in it.

After the closing arguments have been completed, the bailiff will lead you to the jury deliberation room to begin your deliberations. If any of you have cell phones or similar devices with you, you are instructed to turn them off and give them to the bailiff as you enter the jury deliberation room. They will be held by the bailiff for you and returned to you after your deliberations are completed and during any break of similar period when you are not deliberating. The purpose of this requirement is to avoid any interruption or distraction during your deliberations and to eliminate even the possibility of any question of outside contact with the jury during your deliberations.

After you have retired to consider your verdict, select one of your number as the foreperson and enter upon your deliberations. If you need to contact the court for any purpose, it is requested that you do so by a written message signed by the foreperson and transmitted to the court through the bailiff. The exhibits will be available for your examination.

When you have agreed on a verdict, the foreperson will sign it, and you will, as a body, return it into open court. A verdict form will be furnished for your use.

If you fail to reach a verdict, the parties may be put to the expense of another trial, and may once again have to endure the mental and emotional

strain of a trial. If the case is retried, a future jury must be selected in the same manner and from the same source as you have been chosen, and there is no reason to believe that the case would ever be submitted to a jury more competent to decide this case than those of you who compose the present jury. There is no reason to believe that there will be more or clearer evidence produced at a future trial.

The verdict of the jury in this case must be unanimous, which means that each juror must agree and concur in it. In this connection, you are advised that jurors have a duty to consult with one another, and to deliberate, with a view to reaching an agreement – if it can be done without violence to individual judgment. Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with fellow jurors; in the course of deliberations, a juror should not hesitate to re-examine his or her own views and change an opinion if convinced it is erroneous, but no juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of fellow jurors or for the mere purpose of returning a verdict.

**Source**:     *Diaz v. OBNDDC*, 5:14-cv-00821-F (W.D. Okla. 2016), Jury Instruction No. 19

Given:          _____

Refused:        _____

**Dr. Snyder's Proposed Instruction No. 49**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JEFFREY SNYDER, D.O., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-384-F |
| | ) | |
| BOARD OF REGENTS FOR THE | ) | |
| OKLAHOMA AGRICULTURAL & | ) | |
| MECHANICAL COLLEGES, ex rel. | ) | |
| OKLAHOMA STATE UNIVERSITY | ) | |
| CENTER FOR HEALTH SCIENCES, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>VERDICT FOR PLAINTIFF</u>**

We the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find in favor of Plaintiff, Dr. Jeffrey Snyder, and against (check one or both):

_____        Defendant OSU-CHS, and/or

_____        Defendant OSUMC,

and award damages in the amount of $ _____.

_____
**FOREPERSON**

**Dated: _____**

Respectfully submitted,

**JEFFREY SNYDER, D.O**.,
Plaintiff, by and through:

_____
Joshua Stockton, OBA # 21833
Laura Talbert, OBA # 32670
**STOCKTON TALBERT, PLLC**
1127 NW 14th Street
Oklahoma City, OK 73106
Phone: (405) 225.1200
Email: jstockton@stocktontalbert.com
**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 26, 2020, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

Joshua Stockton