IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY SNYDER, D.O., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-16-384-F |
| | ) | |
| BOARD OF REGENTS FOR THE | ) | |
| OKLAHOMA AGRICULTURAL & | ) | |
| MECHANICAL COLLEGES, *ex rel.*, | ) | |
| OKLAHOMA STATE UNIVERSITY | ) | |
| CENTER FOR HEALTH SCIENCES, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
REQUESTED JURY INSTRUCTIONS**

Defendants, Oklahoma State University Medical Trust d/b/a Oklahoma State University Medical Center ("OSUMC"), and Board of Regents for the Oklahoma Agricultural & Mechanical Colleges *ex rel*. Oklahoma State University Center for Health Sciences ("OSU-CHS") (collectively "Defendants") object to Plaintiff's Requested Jury Instructions (Doc. No. 456).

Defendants have submitted a set of requested jury instructions, *see* Doc. No. 452, as may be amended or modified based on this Court's rulings and the evidence to be admitted at trial. Defendants submit that those instructions should be used instead of Plaintiff's requested instructions.

1

Subject to this general statement, Defendants submit the following individual objections to Plaintiff's requested jury instructions.

| Instruction Title | Objections |
|---|---|
| Instruction No. 1 (Opening) | None. |
| Instruction No. 2 (Statement of the Case) | Defendants object to Plaintiff's Instruction No. 2 as misleading, confusing, and unfairly prejudicial. The instruction omits Defendants' contentions and defenses. Defendants submit that this Court should instead use Defendants' Instruction No. 3 which is a properly formulated and balanced charge that provides the jury an accurate understanding of the factual issues in the case. |
| Instruction No. 3 (All Persons Equal Before the Law) | Defendants object to Plaintiff's Instruction No. 3 as incomplete. Defendants submit that this Court should instead use Defendants' Instruction No. 4. Defendants' instruction specifically states that a public entity is entitled to the same fair trial as an individual. |
| Instruction No. 4 (Evidence) | None. |
| Instruction No. 5 (Determining Credibility of Witnesses) | None. |
| Instruction No. 6 (Impeachment) | None. |
| Instruction No. 7 (No Speculation) | Defendants submit that this Court should instead use Defendants' Instruction No. 12 as Defendants' proposed instruction is more complete. |
| Instruction No. 8 (Burden of Proof – Greater Weight of the Evidence) | Defendants submit that this Court should instead use Defendants' Instruction No. 14 as Defendants' proposed instruction is more complete. |
| Instruction No. 9 (Inference from Spoliation of Evidence) | The Court denied Plaintiff's Motion of Spoliation Sanctions. [Doc. No. 483]. This instruction is therefore inappropriate. |
| Instruction No. 10 (Expert Witness) | None. |
| Instruction No. 11 (Direct and Circumstantial Evidence) | None. |
| Instruction No. 12 (Agency – Defined) | This instruction is no longer necessary. *See* Joint Additional Stipulations for Jury Instructions. [Doc. No. 482]. |

| Instruction Title | Objections |
|---|---|
| Instruction No. 13 (Employer and Employee Defined) | This instruction is no longer necessary. *See* Joint Additional Stipulations for Jury Instructions. [Doc. No. 482]. |
| Instruction No. 14 (Loaned Employee) | This instruction is no longer necessary. *See* Joint Additional Stipulations for Jury Instructions. [Doc. No. 482]. |
| Instruction No. 15 (Elements of a Claim for Breach of Contract) | Defendants object to Plaintiff's instruction that breach has been found as a matter of law as to the Resident Staff Agreement. The Court made no legal finding as to breach (the Court referenced a "technical" or "procedural" violation, but did not definitively rule as a matter of law that Plaintiff has established breach). The jury is entitled to review all evidence, including the language of the contract as a whole, and make a determination as to whether a breach occurred. Evidence contrary to the summary judgment findings unrelated to an ultimate holding disposing of a claim is admissible. Any findings reached by the Court in the context of summary judgment merely meant that there is a fact issue for a jury to decide. Indeed, where a court denies summary judgment on a claim, "that record is different from the record which [was developed before trial] and the Court's summary judgment order is immaterial." *Hampton v. Dillard Dep't Stores, Inc*., 247 F.3d 1091, 1112 (10th Cir. 2001).<br><br>Defendants object to Plaintiff's instruction that Plaintiff has a third triable claim for an alleged denial of a right to appeal his leave of absence. The Court only found a triable issue on breach of contract as to two bases: whether OSUMC breached a contract (1) "based on Dr. Jeffrey Snyder being placed on probation" and/or (2) "being denied [the] right to appeal the probation decision." [Doc. 30, p. 4 ¶ 4]. |
| Instruction No. 16 (Formation of a Contract) | Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |
| Instruction No. 17 (Form of Contracts) | Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |

| Instruction Title | Objections |
|---|---|
| Instruction No. 18 (Definition of Offer) | Defendants object to Plaintiff's instruction because it is incomplete and lacking information. Defendants submit that this Court should instead use Defendants' Instruction No. 44.<br><br>Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |
| Instruction No. 19 (Definition of Acceptance) | Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |
| Instruction No. 20 (Acceptance of Benefits) | Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |
| Instruction No. 21 (Modification of Contracts) | Defendants object to Plaintiff's instruction because it is incomplete and lacks an instruction regarding modification of a written contract. Defendants submit that this Court should instead use Defendants' Instruction No. 40.<br><br>Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |
| Instruction No. 22 (Interpretation of Contracts –In General) | Defendants object to Plaintiff's instruction because it improperly narrows the term(s)/provision(s) of the contract(s) to be determined by the jury.<br><br>Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |
| Instruction No. 23 (Entire Contract) | Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |
| Instruction No. 24 (Meaning of Words) | Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |
| Instruction No. 25 (Construction in Favor of Promises) | Defendants object to the title of this jury instruction because it contains a typographical error ("Promises" should be "Promisee").<br><br>Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |

| Instruction Title | Objections |
|---|---|
| Instruction No. 26 (Breach of Contract) | Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |
| Instruction No. 27 (General Measure of Damages) | Defendants object to Plaintiff's instruction as misleading and lacking information. Defendants submit that this Court should instead use Defendants' Instruction No. 57.<br><br>In addition, the instruction does not make it clear that Plaintiff is <u>not</u> entitled to any emotional damages or punitive damages on his contract claims. *See* Defendants' Jury Instructions, Doc. No. 452, Instruction Nos. 58 & 64. |
| Instruction No. 28 (Uncertainty as to Fact or Amount of Damages) | Defendants object to Plaintiff's instruction as lacking information. Defendants submit that this Court should instead use Defendants' Instruction No. 59.<br><br>Plaintiff's instruction is a stock recitation of the Oklahoma Uniform Jury Instructions without specification as to the parties and issues of this matter. |
| Instruction No. 29 (Rehabilitation Act) | None. |
| Instruction No. 30 (Americans with Disabilities Act – Claim Against OSU-CHS- Title II) | None. |
| Instruction No. 31 (Americans with Disabilities Act – Interference, Coercion or Intimidation is Unlawful) | Defendants object to Plaintiff's Instruction No. 31 as misleading, confusing, and unfairly prejudicial because the instruction is not based on facts alleged in this case. |
| Instruction No. 32 (Definition of Disability) | None. |
| Instruction No. 33 ("Regarded As" Disabled) | None. |
| Instruction No. 34 (ADA Claim Against OSU-CHS "Qualified" Individual with a Disability) | Defendants object to Plaintiff's Instruction No. 34 as misleading, confusing, and unfairly prejudicial because the instruction is not based on facts alleged in this case. Instruction No. 34 is overly broad and includes items that are not at issue in this lawsuit – the removal of architectural or transportation barriers, and provision of auxiliary aids. |

| Instruction Title | Objections |
| --- | --- |
| Instruction No. 35 (ADA Claim Against OSU-CHS – Public Entity) | None. |
| Instruction No. 36 (Rehabilitation Act – Employment Claim Against OSUMC – Medical Examination) | Defendants object to Plaintiff's Instruction No. 36 as lacking information. Defendants submit that this Court should instead use Defendants' Instruction No. 23. |
| Instruction No. 37 (Rehabilitation Act – Employment Claim Against OSUMC – Causation) | Defendants object to Plaintiff's Instruction No. 37 as incomplete and lacking information. It fails to define but-for causation. Plaintiff's Instruction No. 37 should be used in conjunction with Defendants' Instruction No. 25. |
| Instruction No. 38 (Practicing Osteopathic Medicine Without a License) | Defendants object to Plaintiff's Instruction No. 38 as misleading, confusing, and unfairly prejudicial. Defendants object to Plaintiff's instruction as it is not based on facts in evidence or any claim at issue. |
| Instruction No. 39 (Retaliation) | Defendants object to Plaintiff's Instruction No. 38 as misleading, confusing, and unfairly prejudicial. Defendants object to Plaintiff's instruction as it misstates the Court's summary judgment order. Further, even if the Court did hold that the Plaintiff established the first two elements of a retaliation claim, the Court did not make any rulings disposing of the retaliation claim. Evidence contrary to the summary judgment findings unrelated to an ultimate holding disposing of a claim is admissible. Any findings reached by the Court in the context of summary judgment merely meant that there is a fact issue for a jury to decide. Indeed, where a court denies summary judgment on a claim, "that record is different from the record which [was developed before trial] and the Court's summary judgment order is immaterial." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1112 (10th Cir. 2001). |
| Instruction No. 40 (Retaliation – Adverse Actions – OSUMC) | None. |
| Instruction No. 41 (Retaliation – Adverse Actions – OSU-CHS) | None. |

| Instruction Title | Objections |
| --- | --- |
| Instruction No. 42 (Retaliation – Causation) | Defendants object to Plaintiff's Instruction No. 37 as incomplete and lacking information. |
| Instruction No. 43 (Pretext) | Defendants object to Plaintiff's Instruction No. 44 as misleading and confusing. Defendants object to Plaintiff's inclusion of alleged examples of pretext as such is prejudicial to Defendants. The instruction only needs to define pretext for the jury to determine whether Plaintiff has presented sufficient evidence of the same. |
| Instruction No. 44 (Backpay) | Defendants object to Plaintiff's Instruction No. 44 as misleading, confusing, and lacking information. Plaintiff's instruction does not address mitigation. Additionally, the term "exclusion from residency program" is confusing.  As Plaintiff was paid through the end of January 2015, backpay (if at all) is only appropriate after Plaintiff's pay was stopped. Moreover, as more fully set out in Defendants' Motion in *Limine* (Doc. No. 446), Plaintiff is not entitled to recover economic damages, and therefore an instruction on backpay is improper. |
| Instruction No. 45 (Compensatory Damages) | Defendants object to Plaintiff's Instruction No. 45 as misleading and lacking information.  Plaintiff is not entitled to any compensatory damages on his Rehabilitation Act claim unless he is able to prove discriminatory animus or deliberate indifference, as set forth in Doc. No. 452, Defendants' Instruction No. 52. |
| Instruction No. 46 (Nominal Damages) | None. |
| Instruction No. 47 (Front Pay) | Front pay is a matter of equitable relief for the Court's determination.  The jury should not be instructed as to front pay. Moreover, as more fully set out in Defendants' Motion in *Limine* (Doc. No. 446), Plaintiff is not entitled to recover economic damages and therefore an instruction on front pay is improper. |
| Instruction No. 48 (Closing) | None. |
| Verdict Form | Defendants request the Court utilize their jury form as it is more complete and less confusing. |

Respectfully submitted,

*s/ Nathan L. Whatley*
Nathan L. Whatley, OBA #14601
Michael F. Lauderdale, OBA #14265
Kristin M. Simpsen, OBA #22302
Philip R. Bruce, OBA #30504
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone:   (405) 235-9621
Facsimile:    (405) 235-0439
nathan.whatley@mcafeetaft.com
mike.lauderdale@mcafeetaft.com
kristin.simpsen@mcafeetaft.com
philip.bruce@mcafeetaft.com

**ATTORNEYS FOR DEFENDANT OKLAHOMA STATE UNIVERSITY MEDICAL TRUST D/B/A OKLAHOMA STATE UNIVERSITY MEDICAL CENTER**

*s/ Stephen R. Stephens(with permission)*
Stephen R. Stephens, OBA #10479
Michael Scott Fern, OBA #2880
Clinton W. Pratt, OBA #21329
Board of Regents for OSU
Student Union, 5th Floor
Stillwater, OK 74078
Telephone:   (405) 744-6494
Facsimile:    (405) 744-7998

**ATTORNEYS FOR DEFENDANT BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES**

# CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020 I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Filing to the following ECF registrants:

Stephen R. Stephens, OBA #10479
Michael Scott Fern, OBA #2880
Clinton W. Pratt, OBA #21329
Board of Regents for OSU
5th Floor, Student Union Bldg.
Stillwater, OK 74078
Telephone: (405) 744-6494
Facsimile: (405) 744-7998
steve.stephens@okstate.edu
msfern@okstate.edu
clint.pratt@okstate.edu


**ATTORNEYS FOR BOARDOF REGENTS
FOR THE OKLAHOMA AGRICULTURAL
AND MECHANICAL COLLEGES**

Joshua Stockton, OBA #21833
Laura Talbert, OBA #32670
STOCKTON TALBERT, PLLC
1127 NW 14th Street
Oklahoma City, OK 73106

**ATTORNEYS FOR PLAINTIFF
JEFFREY SNYDER, D.O.**


*s/ Nathan L. Whatley*
Nathan L. Whatley