IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY SNYDER, D.O., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-384-F |
| | ) | |
| BOARD OF REGENTS FOR THE | ) | |
| OKLAHOMA AGRICULTURAL & | ) | |
| MECHANICAL COLLEGES, ex rel. | ) | |
| OKLAHOMA STATE UNIVERSITY | ) | |
| CENTER FOR HEALTH SCIENCES, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING NOMINAL DAMAGES FOR BREACH OF CONTRACT**
_____

Joshua Stockton, OBA # 21833
Laura Talbert, OBA # 32670
**STOCKTON TALBERT, PLLC**
1127 N.W. 14th Street
Oklahoma City, Oklahoma 73106
Telephone: (405) 225-1200
Email: jstockton@stocktontalbert.com
**ATTORNEYS FOR PLAINTIFF
JEFFREY SNYDER, D.O.**

Plaintiff Jeffrey Snyder, D.O. ("**Dr. Snyder**"), through his counsel of record, Stockton Talbert, provides notice of his supplemental authority regarding his ability to recover nominal damages for breach of contract as discussed during the first conference regarding jury instructions on March 10, 2020.

## I. OKLAHOMA LAW ALLOWS DR. SNYDER TO RECOVER DAMAGES FOR BREACH OF CONTRACT

The measure of damages for Dr. Snyder's breach of contract claims is governed by statute:

> For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin.

Okla. Stat. tit. 23, § 21. The Oklahoma Supreme Court has explained the application of this rule for claims involving breach of employment contacts:

> The general rule of damages for breach of employment contracts is that the aggrieved party is entitled to recover an amount which will compensate him for all the detriment proximately caused by such breach, or which will be likely to result therefrom. Specifically, an employee wrongfully discharged may recover damages commensurate with the consequential injury.

*Hall v. Farmers Ins. Exch.*, 1985 OK 40, 713 P.2d 1027, 1031. *See also* OUJI 21.12 (Breach of Employment Contract).

1

While Dr. Snyder may not ask the jury to award damages based on speculation, "the mere uncertainty as to the exact amount of damages will not preclude the right of recovery." *Florafax Int'l, Inc. v. GTE Mkt. Res., Inc.*, 1997 OK 7, 933 P.2d 282, 296. *See also John A. Henry & Co., Ltd. v. T.G. & Y. Stores Co.*, 941 F.2d 1068, 1071 (10th Cir. 1991). Thus, if Dr. Snyder proves he suffered monetary loss because of OSUMC's breach of his Resident Staff Agreement (such as out-of-pocket expenses for costs relating to his probation requirements), the jury may award him damages.

## II.    OKLAHOMA LAW ALLOWS DR. SNYDER TO RECOVER NOMINAL DAMAGES FOR BREACH OF CONTRACT

Even if Dr. Snyder cannot prove economic damages caused by OSUMC's breach of contract, the Court should find that he is entitled to nominal damages. "An unexcused failure to perform a contract is a legal wrong. An action will therefore lie for the breach although it causes no injury. Nominal damages may then be awarded." 24 *Williston on Contracts* § 64:9 (4th ed.). This view is in accord with the Restatement of Contracts, which provides:

> (2) If the breach caused no loss or if the amount of the loss is not proved under the rules stated in this Chapter, a small sum fixed without regard to the amount of loss will be awarded as nominal damages.

*Restatement (Second) of Contracts* § 346(2) (1981). In explaining the rationale for this rule, the Restatement noted:

2

> b. Nominal damages. Although a breach of contract by a party against whom it is enforceable always gives rise to a claim for damages, there are instances in which the breach causes no loss. See Illustration 1. There are also instances in which loss is caused but recovery for that loss is precluded because it cannot be proved with reasonable certainty or because of one of the other limitations stated in this Chapter. See §§ 350- 53. In all these instances the injured party will nevertheless get judgment for nominal damages, a small sum usually fixed by judicial practice in the jurisdiction in which the action is brought. Such a judgment may, in the discretion of the court, carry with it an award of court costs. Costs are generally awarded if a significant right was involved or the claimant made a good faith effort to prove damages, but not if the maintenance of the action was frivolous or in bad faith. Unless a significant right is involved, a court will not reverse and remand a case for a new trial if only nominal damages could result.

Comment to *Restatement (Second) of Contracts* § 346 (1981).

Oklahoma law allows Dr. Snyder to recover nominal damages for breach of contract. The Oklahoma Supreme Court has held so expressly:

> In an action for breach of contract, when the breach is admitted or proven, but there is no sufficient proof to establish actual damages, or where the proof is insufficient to enable the court or jury to ascertain with a reasonable degree of certainty the damages sustained, plaintiff is entitled to judgment only for nominal damages.

*Franklin v. Shure*, 1925 OK 509, 110 Okla. 240, 237 P. 461.

Thus, the Court should allow Dr. Snyder to recover nominal damages under his breach of contract claims. *See also Webster v. Rutgers-New Jersey Med. Sch.*, CV 15-08689, 2017 WL 3399997, at *11 (D.N.J. Aug. 4, 2017) (allowing medical student to recover nominal damages for breach of

university's policies regarding disciplinary action); *Miller v. Hosp. Care Consultants, Inc.*, CIV-10-471-RAW, 2011 WL 5025141, at *3 (E.D. Okla. Oct. 21, 2011) (permitting plaintiff to request nominal damages at trial); *Livingston v. Indian Territory Illuminating Oil Co.*, 91 F.2d 833, 835 (10th Cir. 1937) (affirming an award of nominal damages in the amount of $400 under Oklahoma law for breach of a surface lease); *Dunn v. Birmingham Stove & Range Co.*, 1935 OK 107, 170 Okla. 452, 44 P.2d 88, 89 (affirming award of nominal damages for breach of contract under commercial contract); *Pabst Brewing Co. v. Nelson*, 1925 OK 426, 108 Okla. 286, 236 P. 873 (recognizing the Court could render judgment for nominal damages for a breach of an agreement to convey real estate).

Thus, in the Court's draft jury instruction relating to Dr. Snyder's breach of contract claim regarding his probation, the Court should instruct the jury that it must return a verdict of nominal damages if Dr. Snyder does not prove loss. *See* Court's Draft Jury Instructions at p. 38 ("Breach of Contract Claim against OSUMC – Residency Agreement"). The Court interpreted the Residency Agreement as a matter of law and found that Dr. Snyder's probation was not an "immediate" probation and that OSUMC did not provide Dr. Snyder written notice of his deficiencies. *See* Amended Order (ECF # 429) at 104-105. *See also Haworth v. Jantzen*, 2006 OK 35, 172 P.3d 193, 197; Okla. Stat. tit. 15, §§ 154, 160; *Walker v. Telex Corp.*, 1978 OK 13, 583 P.2d 482, 485 ("The

construction of an unambiguous contract is a matter of law for the court. If an ambiguity arises by reason of the language used and not because of extrinsic facts, construction of the contract remains a question of law for the court.") (internal citations omitted).

### III. THE COURT SHOULD NOT INSTRUCT THE JURY ON CONDITIONS PRECEDENT

In its Requested Jury Instruction No. 39 (ECF # 452), OSUMC asked the Court to instruct the jury relating to the law regarding conditions precedent by claiming that Dr. Snyder's alleged poor performance justified their breach of the Residency Agreement's probation provision. OSUMC claims:

> It is OSUMC's position that the Resident Obligations contained in Section VI, paragraphs 6.1-6.15 are conditions precedent, meaning, unless and until Snyder performed these conditions, Snyder was not entitled to any performance of the Resident Agreement by OSUMC (including not being placed on probation). Specifically, paragraph 6.4 states that continuation and/or promotion in the resident program are "contingent upon" Snyder's satisfactory academic and professional performance.

Requested Jury Instruction No. 39 (ECF # 452) at 57.

OSUMC's claim that Dr. Snyder's alleged poor performance justified its breach of the probation requirements under the Residency Agreement, which are only invoked to address a resident's alleged poor performance, is nonsensical. Even so, OSUMC never raised this defense in this case, including in the Final Pretrial Report (ECF # 462). Thus, OSUMC waived any defense of conditions precedent and the Court should not allow them to advance their new

5

theory at trial. *See Murphy-Sims v. Owners Ins. Co.*, 947 F.3d 628, 631 (10th Cir. 2020) (bad faith theory waived by failure to include in Final Pretrial Report); *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (waiver of negligent infliction of emotional distress); *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) (waiver of statute of limitations for failure to include in Final Pretrial Order); Fed. R. Civ. P. 16(e).

Respectfully submitted,

**JEFFREY SNYDER, D.O.**,
Plaintiff, by and through:

_____
Joshua Stockton, OBA # 21833
Laura Talbert, OBA # 32670
**STOCKTON TALBERT, PLLC**
1127 NW 14th Street
Oklahoma City, OK 73106
Phone: (405) 225.1200
Email: jstockton@stocktontalbert.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on March 12, 2020, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

_____
Joshua Stockton